UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KELLY BOLDING, and MICHAEL MANFREDI, individually and on behalf of a class of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BANNER BANK, a Washington Corporation, <br><br> Defendant. | No. C17- 0601RSL <br><br> DECLARATION OF JUDI BAGGARLEY IN OPPOSITION TO PLAINTIFFS' PRE-DISCOVERY MOTION FOR COLLECTIVE ACTION CERTIFICATION UNDER 29 U.S.C § 216(b) AND TO SEND NOTICE TO THE CLASS <br><br> ***Note on Motion Calendar***: September 1, 2017 |

DECLARATION OF JUDI BAGGARLEY
(C17-0601RSL)

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# DECLARATION OF JUDI BAGGARLEY

I, Judi Baggarley, declare as follows:

1. ***Identity of Declarant.*** I am employed by Banner Bank in Spokane, Washington. I have been employed by Banner Bank since October 2016. My current position at Banner Bank is Senior Vice President of Talent Management. I am over the age of 18 years and have personal knowledge of the matters stated in this Declaration. If called and sworn as a witness, I would testify competently to them.

2. ***Declarant's Responsibilities.*** In my position as Senior Vice President of Talent Management, I oversee Banner Bank's Human Resources Information Systems function, Payroll function, and Human Resources Business Partner function. I also am familiar with Banner Bank's policies regarding overtime and time recording because of my job duties and my review of the bank's historical policies and procedures.

3. ***Familiarity with Business Records.*** In my capacity as Banner Bank's Senior Vice President of Talent Management, I am familiar with Banner Bank's business records regarding employee information, payroll practices, compensation policies and procedures, and overtime calculations. It is and has been Banner Bank's regular practice to maintain these records, and Banner Bank relies on these records in its day-to-day conduct of Banner Bank's business. Together with Banner Bank employees acting under my direction, I have reviewed Banner Bank's business records regarding employee information, company policies and procedures, and overtime calculations.

## Banner Bank's Time and Pay Recording Policies

4. Banner Bank is a Washington-chartered commercial bank serving clients in Washington, Oregon, California, Idaho, and Utah. Banner Bank provides, among other things, mortgage lending and origination services.

5. Banner Bank requires MLOs to sign a compensation plan at the start or his or her employment, and from time to time as changes occur to the compensation plan. Attached to this Declaration as Exhibit A is a true and correct copy of Kelly Bolding's Residential Lender

DECLARATION OF JUDI BAGGARLEY - 1

Incentive Compensation Plan Document for Banner Bank, signed by Ms. Bolding on December 31, 2015. That plan, like the other MLO plans Banner Bank has used since at least 2014, states that the MLO must accurately record all hours worked.

6. Banner Bank's employee handbook also contain information regarding Banner Bank's requirement that MLOs accurately record their hours worked. Attached to this Declaration as Exhibit B is a true and correct excerpted copy of Banner Bank's Employee Handbook, dated January 28, 2014. In addition, attached as Exhibit C is a true and correct excerpted copy of Banner Bank's Employee Handbook, dated June 23, 2015, which replaced the 2014 handbook. The June 23, 2015, Employee Handbook is the current version.

7. When new employees start at Banner Bank, it requires them to acknowledge the employee handbook, which is available to employees online. Attached to this Declaration as Exhibit D is a true and correct copy of Kelly Bolding's acknowledgment that she read and understood Banner Bank's Employee Handbook, executed January 19, 2016.

8. While Banner Bank asks that MLOs obtain pre-approval before working overtime hours, Banner Bank still pays MLOs for overtime even if it was not pre-approved. It is against Banner Bank policy for a manager to falsify an MLO's timecard, and a manager may only modify a time card if the employee provides his or her written permission.

9. Banner Bank has reinforced its time recording policies and procedures to MLOs in various ways. For example, it is Banner Bank's practice for managers to remind MLOs from time to time regarding Banner Bank's requirement to accurately record all of their hours. Those reminders occur during meeting that managers hold with MLOs. In addition, Banner Bank sends MLOs (and others) a reminder before the deadline to enter their time for a pay period, and the reminder emphasizes that the MLO must accurately record his or her hours worked. Attached to this Declaration as Exhibit E is a true and correct example of the reminder that Banner Bank sends to MLOs (and other) regarding entering their time.

///

///

DECLARATION OF JUDI BAGGARLEY - 2

## Commissions Calculations

10. Banner Bank has consistently paid MLOs for overtime hours since at least April 2014. Those overtime payments have included commissions in the overtime rate (to the extent the MLO earned commissions and also worked overtime).

11. Banner Bank immediately pays overtime for the pay period when it is reported at 1.5 times the employee's regular rate because the amount of commissions to be included in the regular rate is not calculated until the month after the sales occurred. Attached as Exhibit G to this Declaration is a true a correct copy of Kelly Bolding's November 25, 2015, Banner Bank wage statement that shows an example of that initial overtime payment.

12. Once the commission amounts (if any) are known, Banner Bank re-calculates the overtime rate to include commissions. Any difference in the overtime calculation is then paid once the commissions are calculated on a line called "FLSA Calc." Attached as Exhibit H to this Declaration is a true and correct copy of Kelly Bolding's December 10, 2015, Banner Bank wage statement that shows the additional overtime premium payment for the overtime hours originally shown on Ms. Bolding's November 25, 2015, paystub.

13. Before approximately July 2016, Banner Bank manually performed the overtime calculations discussed above that incorporated commissions into the regular rate. Around July 2016, Banner Bank switched to an automated system. Attached to this Declaration as Exhibit F is a true and correct copy of the instructions that Banner Bank provided to its payroll provider, UltiPro, for automating the overtime calculations. Exhibit F also illustrates how Banner performed the manual overtime calculations before around July 2016. Employees' names have been redacted from Exhibit F to protect their privacy.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Spokane, Washington, August 21, 2017.

By _____
Judi Baggarley

DECLARATION OF JUDI BAGGARLEY - 3

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure

Dated this 21st day of August, 2017.

By *s/ Kenneth E. Payson*
Kenneth E. Payson, WSBA # 26369

CERTIFICATE OF SERVICE - 1
(C17-0601RSL)

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax