The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLY BOLDING, and MICHAEL MANFREDI, individually and on behalf of a class of all others similarly situated,

Plaintiffs,

v.

BANNER BANK, a Washington Corporation,

Defendant.

No. C17- 0601RSL

DECLARATION OF MINDY MULLER IN OPPOSITION TO PLAINTIFFS' PRE-DISCOVERY MOTION FOR COLLECTIVE ACTION CERTIFICATION UNDER 29 U.S.C § 216(b) AND TO SEND NOTICE TO THE CLASS

*Note on Motion Calendar*: September 1, 2017

DECLARATION OF MINDY MULLER
(C17-0601RSL)

# DECLARATION OF MINDY MULLER

I, Mindy Muller, declare as follows:

1. **_Identity of Declarant._** I am employed by Banner Bank in Spokane, Washington. I have been employed by Banner Bank since October 2015, when Banner Bank acquired AmericanWest Bank ("AWB"). Prior to that, I worked at AWB from March 2005 until the acquisition. My current position at Banner Bank is Compensation Specialist. I have held this position since June 2010 (both at Banner Bank and AWB). Prior to that, I held the position of Payroll Accountant at AWB. I am over the age of 18 years and I have personal knowledge of the facts set forth in this Declaration. If called and sworn as a witness, I would testify competently to them.

2. **_Declarant's Responsibilities._** My job as a Compensation Specialist at AWB was to provide Human Resources support, including supporting performance appraisals and formulating employee job descriptions. I also assisted AWB in rolling out a new compensation plan for Mortgage Loan Officers ("MLOs") when they were reclassified as non-exempt employees in 2011. I also am familiar with AWB's policies regarding overtime and time recording because of my job duties.

3. **_Familiarity with Business Records._** In my former capacity as a Compensation Specialist at AWB, I was familiar with AWB's business records regarding employee information, company policies and procedures, and overtime calculations. It was AWB's regular practice to maintain these records, and AWB relied on those records in the day-to-day conduct of AWB's business. I have reviewed AWB's business records regarding employee information, policies and procedures, and overtime calculations.

## AmericanWest Bank Policies and Procedures

4. Attached as Exhibit A is a true and correct excerpted copy of the AWB Employee Handbook, dated January 1, 2014. AWB provided this Employee Handbook to employees when they were hired and notified them that it was available online.

DECLARATION OF MINDY MULLER - 1

5.  AWB employees were required to acknowledge on AWB's online learning management system that they received and had access to the Employee Handbook. This acknowledgement was required when the employee was first hired and at certain points throughout their employment.

6.  Attached as Exhibit C is a true and correct copy of Michael Manfredi's AWB Residential Lender Incentive Compensation Plan, signed by Manfredi on December 24, 2014. MLOs were required to sign a new Incentive Compensation Plan about once per year, or earlier if there were any Plan revisions. When reviewing these compensation plans with MLOs, Human Resources would remind MLOs to accurately track and record all hours worked.

7.  AWB consistently paid MLOs for overtime. While it was AWB's policy that MLO's receive pre-approval prior to working overtime hours, AWB still paid MLOs for overtime even if they did not obtain pre-approval. In fact, to the best of my recollection, most MLOs did not obtain pre-approval prior to clocking overtime.

8.  In April 2011, AWB reclassified its MLOs as non-exempt. And then in 2012, AWB rolled out a new compensation plan for MLOs and I was involved in that rollout. During this process, AWB relayed several times to MLOs that they must record all hours worked, including any hours over 40 in one week. Specifically, this policy was communicated to MLOs in phone meetings during the roll-out period. After the roll-out period, AWB Human Resources continued to hold mortgage meetings where they reminded MLOs to accurately record all hours worked.

9.  AWB sent MLOs (and others) a reminder before the deadline to enter their time for a pay period. Attached to this Declaration as Exhibit D is a true and correct example of a payroll reminder that AWB would post on its online portal. AWB also sent out email reminders to employees with substantially similar information.

10. It was against AWB policy for a manager to falsify an MLO's timecard.

DECLARATION OF MINDY MULLER - 2

## AmericanWest Bank's Overtime Calculations

11. Attached as Exhibit B is a true and correct copy of AWB's "Regular Rate Calculations for Overtime-Commissions" Workbook, dated May 5, 2014. Exhibit B contains the formula AWB used to calculate the regular rate for overtime hours.

12. AWB immediately paid overtime for the pay period when it was reported at 1.5 times the employee's regular hourly rate because the amount of commissions to be included in the regular rate were not calculated until the month after the sales occurred. Once the commission amounts (if any) were known, AWB would re-calculate the overtime rate to include commissions, as seen in Exhibit B. AWB then paid any difference in the overtime calculation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Spokane, Washington, August 21, 2017.

By _____
Mindy Muller

DECLARATION OF MINDY MULLER - 3

# CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure

Dated this 21st day of August, 2017.

By *s/ Kenneth E. Payson*
Kenneth E. Payson, WSBA # 26369

CERTIFICATE OF SERVICE - 1
(C17-0601RSL)

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax