UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLY BOLDING, *et al.*,

          Plaintiff,

v.

BANNER BANK,

          Defendants.

Case No. C17-0601RSL

ORDER GRANTING PLAINTIFFS' MOTION TO AMEND

This matter comes before the Court on "Plaintiffs' Motion to Amend the Complaint to Add Oregon Class Representative for Oregon Subclass." Dkt. # 73. On December 15, 2017, the Court granted plaintiffs' motion for conditional certification of a collective action regarding their "off the clock" claim. Notice of the collective action was mailed to all mortgage or residential loan officers who worked for Banner Bank or its predecessor in interest, and collective members were given an opportunity to opt in if they, too, felt that they had been injured by Banner's alleged failure to pay overtime wages. Dkt. # 33. During that process, a collective member from Oregon opted in and indicated her willingness to act as the representative of the Oregon subclass. Plaintiffs moved to amend the complaint to add Sarah Ward as a named plaintiff on the same day they moved for certification of four subclasses.

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a "strong policy in favor of allowing amendment" (Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994)), and "[c]ourts may decline to grant leave to amend only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated

failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc." Sonoma County Ass'n of Retired Employees v. Sonoma County, 708 F.3d 1109, 1117 (9th Cir. 2013) (internal quotation marks and alterations omitted). The underlying purpose of Rule 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Defendant argues that it will be unduly prejudiced if Ms. Ward is added as a plaintiff before it has a chance to depose her. Plaintiffs are generally self-selected without any screening by the opposing party, however, and defendant will have ample opportunity to depose Ms. Ward once she is a party. Defendant's objection goes more to the fact that there is a motion for class certification pending and it will not have a chance to test Ms. Ward's adequacy as a representative before its opposition is due. Defendant has not, however, shown that plaintiffs unduly delayed filing their motion to amend given the opt-in schedule and the June 9, 2018, deadline for filing motions to amend. Nor has it shown any of the other factors that would justify rejection of the proposed amendment.[1]

The motion to amend the complaint (Dkt. # 73) is therefore GRANTED. Plaintiff shall, within seven days of the date of this Order, file and serve the amended complaint.

Dated this 13th day of July, 2018.

*Robert S. Lasnik* (signature)

Robert S. Lasnik
United States District Judge

---

[1] To the extent defendant desired an extension of the date by which it had to respond to the motion for class certification, it filed – and then withdrew – a motion to that effect. Dkt. # 76 and # 86. The certification motion is now fully briefed.

ORDER GRANTING PLAINTIFFS'
MOTION TO AMEND -2-