THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLY BOLDING, MICHAEL MANFREDI and
SARAH WARD, individually and on behalf of a
class of all others similarly situated,

                        Plaintiffs,

      v.

BANNER BANK, a Washington Corporation,

                     Defendant.

No. 2:17-cv-00601 RSL

AMENDED COMPLAINT –
COLLECTIVE ACTION AND CLASS
ACTION

**JURY TRIAL REQUESTED**

**THE BLANKENSHIP LAW FIRM, P.S.**
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

Kelly Bolding, Michael Manfredi, and Sarah Ward individually and on behalf of all others similarly situated (Plaintiffs), by and through their counsel, for their complaint against Defendant Banner Bank, hereby state and allege as follows:

## I.   INTRODUCTION

1.   Defendant Banner Bank is a Washington state chartered commercial bank and a subsidiary of Banner Corporation, a $9.7 billion bank holding company. According to its website, Defendant Banner Bank operates 190 full-service branches and 12 loan offices in 58 counties in Washington, Oregon, Idaho, California, and Utah.

2.   Kelly Bolding, Michael Manfredi, and Sarah Ward bring this action individually and on behalf of a class of all others similarly situated (Plaintiffs), for declaratory judgment, equitable relief, and money damages for Defendant's failure to pay non-exempt Residential Lenders (Loan Officers) overtime wages in accordance with the law, where commissions earned were not included in the calculation of the regular rate of pay for determination of proper overtime wages; and for Defendant's failure to properly record and pay wages to employees for all hours worked, instituted to secure the protection of and to redress the deprivation and interference with rights secured through:

a.   The Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq.*;

b.   Washington wage statutes, including RCW 49.46 *et seq.*, RCW 49.48 *et seq.*, and RCW 49.52 *et seq.*;

c.   California Labor Code § 510 *et seq.*, §204 *et seq.*, §226 *et seq.*, § 1174 *et seq.*, and §1194 *et seq.,* Cal. Code Regs., Title 8 §11040, Cal. Bus. & Prof. Code §17200, and Industrial Welfare Commission (IWC) Wage Order No. 4*;*

d.   Oregon Revised Statutes §652 *et seq.*, and §653 *et seq.*, and Oregon Administrative Rules, 839-020 *et seq.;*

AMENDED COLLECTIVE/CLASS ACTION COMPLAINT FOR DAMAGES (2:17-cv-00601 RSL)
Page 1

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

e.      Utah Code Annotated, §34-28 *et seq.*, U.C.A. §34-40 *et seq.*, and Utah Administrative Code, Title R610 *et seq.;* and,

f.      Idaho Code §44-1501 *et seq.*, I.C. §45-601 *et seq.,*

3.      Plaintiffs are current and former Loan Officers, Residential Lenders, and other mortgage loan officer employees, employed by Defendant in facilities in states across the country that have been subject to the company's unlawful compensation practices. This includes employees of institutions acquired by Defendant Banner Bank within the statutory periods, such as AmericanWest Bank, which was acquired in 2015. This lawsuit is brought as a collective action under the FLSA and as a class action under state law to recover unpaid wages owed to individual Plaintiffs and all other similarly situated employees.

## II.    JURISDICTION, VENUE, AND PARTIES

4.      The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, and 1337.

5.      This Court has supplemental jurisdiction over Plaintiffs' claims for violations of the Washington wage statutes RCW 49.46 *et seq.*, RCW 49.48 *et seq.*, and RCW 49.52 *et seq.*, and the California Labor Code § 510 *et seq.*, §204 *et seq.*, §§226 and 1174, Cal. Code Regs., Title 8 §11040, Cal. Bus. & Prof. Code §17200, and §1194 *et seq.;* Oregon Revised Statutes §652 *et seq.*, and §653 *et seq.*, and Oregon Administrative Rules, 839-020 *et seq.;* Utah Code Annotated, §34-28 *et seq.*, U.C.A. §34-40 *et seq.*, and Utah Administrative Code, Title R610 *et seq.;* and, Idaho Code §44-1501 *et seq.*, I.C. §45-601 *et seq.,* pursuant to 28 U.S.C. §1367, in that the state claims are so related to the FLSA claims that they form part of the same case or controversy.

6.      At all relevant times, Defendant was an employer in an industry affecting commerce within the meaning of 29 U.S.C. §201 *et seq.*

AMENDED COLLECTIVE/CLASS ACTION COMPLAINT FOR DAMAGES (2:17-cv-00601 RSL)
Page 2

**THE BLANKENSHIP LAW FIRM, P.S.**
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

7.      Venue in this district is proper pursuant to 28 U.S.C. §1391(b) and (c), because Defendant does business in this district and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

### III.      THE PARTIES

8.      Plaintiff and class representative Kelly Bolding is a resident of Washington. Ms. Bolding worked in Washington and Idaho as a mortgage loan officer with the title of Residential Lender for Defendant, and for Defendant Banner Bank's predecessor in interest AmericanWest Bank.

9.      Plaintiff and class representative Michael Manfredi is a resident of California. Mr. Manfredi worked as a mortgage loan officer with the title of Residential Lender for Defendant and Defendant Banner Bank's predecessor in interest AmericanWest Bank.

10.      Plaintiff and class representative Sarah Ward is a resident of Oregon. Ms. Ward worked as a mortgage loan officer with the title of Loan Officer for Defendant Banner Bank.

11.      Defendant Banner Bank is a Washington state chartered commercial bank and a subsidiary of Banner Corporation, headquartered in Washington. Banner Bank operates full-service branches and loan offices throughout Washington, Oregon, Idaho, California, and Utah.

12.      The putative class includes all current and former Banner Bank loan officers, as well as loan officer employees of other banks merged with or acquired by Banner Bank during the relevant statutory period, such as AmericanWest Bank which was acquired in 2015.

### IV.      GENERAL COLLECTIVE AND CLASS FACTUAL ALLEGATIONS

13.      Plaintiffs are Mortgage Loan Officers, Residential Lenders, and other similarly situated employees who work for Defendant and perform the typical job duties of mortgage loan officers.

14.      Plaintiffs receive internal leads and contact potential customers, or receive contacts from customers generated by direct mail or other marketing activities, about loans and mortgages.

AMENDED COLLECTIVE/CLASS ACTION COMPLAINT FOR
DAMAGES (2:17-cv-00601 RSL)
Page 3

**THE BLANKENSHIP LAW FIRM, P.S.**
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

15. They collect required financial information from customers they contact or who contact them, including information about income, employment history, judgments, and liens. They also run credit reports.

16. Plaintiffs use the collected financial information to identify which loan products may be offered to customers based on the financial information provided. They then assess the loan products identified and discuss with the customers the terms and conditions of particular loans, trying to match the customers' needs with one of Defendant's loan products.

17. Plaintiffs also compile customer documents for forwarding to an underwriter or loan processor, and may finalize documents for closings.

18. Defendant requires Plaintiffs to work "off-the-clock" for the benefit of Defendant without compensation, and fails to include earned commission wages in Plaintiffs' regular rate of pay for calculation of time-and-a-half overtime compensation.

19. Defendant Banner Bank has implemented a policy and practice of requiring employees, including Plaintiffs, to work "off-the-clock."

20. Employees are required to answer emails, phone calls, and otherwise communicate or meet with Defendant's customers in the mornings prior to arriving at work, in the evenings after leaving work, and on weekends.

21. Employees are also required to conduct meetings with customers or potential customers over lunch, dinner or otherwise out of the office.

22. Defendant's actions were willful. Defendant knew the job required more than 40 hours per week but then discouraged accurately recording overtime.

23. In addition, Defendant failed to properly pay overtime compensation to Plaintiffs.

24. Plaintiffs are compensated with a base salary and earn commissions on the loans purchased by customers.

AMENDED COLLECTIVE/CLASS ACTION COMPLAINT FOR DAMAGES (2:17-cv-00601 RSL)
Page 4

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

25.    Plaintiffs regularly work more than 40 hours per week, and when they do, Defendant pays them time-and-a-half compensation for overtime hours.

26.    However, Defendant calculates time-and-a-half overtime compensation using only Plaintiffs' base salary to determine their regular rate of pay.

27.    Defendant does not include commission payments in the calculation of Plaintiffs regular rate in violation of 29 C.F.R. §778.117 and 29 C.F.R. §778.118 and state wage statutes, including Washington and California.

28.    The net effect of this policy and practice is that Defendant intentionally and willfully fails to keep accurate time records, and intentionally and willfully fails to properly calculate and pay overtime compensation.

## V.    COLLECTIVE AND CLASS ACTION ALLEGATIONS

29.    Kelly Bolding, Michael Manfredi, and Sarah Ward bring their FLSA claim as an "opt-in" collective action pursuant to 29 U.S.C. §216(b), on behalf of themselves and as representatives of the following persons:

    a.    All current and former Mortgage Loan Officers, Residential Lenders, and all other similarly situated persons performing the typical duties of mortgage loan officers who performed work off-the-clock and were not compensated;

    b.    All current and former Mortgage Loan Officers, Residential Lenders, and all other similarly situated persons performing the typical duties of mortgage loan officers who were paid overtime wages where the regular rate of pay used to calculate overtime wages did not include wages earned in the form of commissions.

30.    Kelly Bolding, Michael Manfredi, and Sarah Ward additionally bring state law wage and hour claims under FRCP 23 as a class action, for alleged violations of:

    a.    The Washington State wage statutes, RCW 49.46 *et seq.* (the Washington Minimum Wage Act (MWA)), RCW 49.48 *et seq.*, and RCW 49.52 *et seq.*, on behalf of themselves and as representatives of the following subclasses of persons:

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

(1)     All current and former Mortgage Loan Officers, Residential Lenders, and other similarly situated persons performing the typical duties of mortgage loan officers in Washington State, from three years from the filing of this lawsuit to the present, who performed work off-the-clock and were not compensated;

(2)     All current and former Mortgage Loan Officers, Residential Lenders, and other similarly situated persons performing the typical duties of mortgage loan officers in Washington State, from three years from the filing of this lawsuit to the present, who were paid overtime wages where the regular rate of pay used to calculate overtime wages did not include wages earned in the form of commissions.

b.     The California Labor Code § 510 *et seq.*, §204 *et seq.*, §§226, 1174, and 1194, Cal. Code Regs., Title 8 §11040, Cal. Bus. & Prof. Code §17200, and IWC Wage Order No. 4; on behalf of themselves and as representatives of the following subclasses of persons:

(1)     All current and former Mortgage Loan Officers, Residential Lenders, and other similarly situated persons performing the typical duties of mortgage loan officers in California, from four years from the filing of this lawsuit to the present, who performed work off-the-clock and were not compensated;

(2)     All current and former Mortgage Loan Officers, Residential Lenders, and other similarly situated persons performing the typical duties of mortgage loan officers in California, from four years from the filing of this lawsuit to the present, who were paid overtime wages where the regular rate of pay used to calculate overtime wages did not include wages earned in the form of commissions.

c.     The Oregon Revised Statutes §652 *et seq.*, and §653 *et seq.*, and Oregon Administrative Rules, 839-020 *et seq.*, on behalf of themselves and as representatives of the following subclasses of persons:

(1)     All current and former Mortgage Loan Officers, Residential Lenders, and other similarly situated persons performing the typical duties of mortgage loan officers in Oregon, from six years from the filing of this lawsuit to the present, who performed work off-the-clock and were not compensated.

AMENDED COLLECTIVE/CLASS ACTION COMPLAINT FOR DAMAGES (2:17-cv-00601 RSL)
Page 6

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

d.     The Utah Code Annotated, §34-28 *et seq.*, U.C.A. §34-40 *et seq.*, and Utah Administrative Code, Title R610 *et seq.*, on behalf of themselves and as representatives of the following subclasses of persons:

    (1)     All current and former Mortgage Loan Officers, Residential Lenders, and other similarly situated persons performing the typical duties of mortgage loan officers in Utah, from two years from the filing of this lawsuit to the present, who performed work off-the-clock and were not compensated.

e.     The Idaho Code §44-1501 *et seq.*, I.C. §45-601 *et seq.*, on behalf of themselves and as representatives of the following subclasses of persons:

    (1)     All current and former Mortgage Loan Officers, Residential Lenders, and other similarly situated persons performing the typical duties of mortgage loan officers in Idaho, from two years from the filing of this lawsuit to the present, who performed work off-the-clock and were not compensated.

31.     The FLSA claim may be pursued by those who opt-in to this action pursuant to 29 U.S.C. §216(b). The state law claims, if certified for class-wide treatment, may be pursued by all similarly-situated persons who do not opt-out of the state-specific subclasses.

32.     Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including failing to properly calculate and pay overtime compensation. The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Defendants, and potential class members may easily and quickly be notified of the pendency of this action.

33.     Plaintiffs' state law claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements for class action certification pursuant to FRCP 23.

**THE BLANKENSHIP LAW FIRM, P.S.**
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

34.     The class satisfies the numerosity standards. The class is believed to number in the hundreds, or possibly over a thousand people. As a result, joinder of all class members in a single action is impracticable.

35.     There are questions of law or fact common to the class, which predominate over any questions affecting only individual members. The questions of law or fact common to the class arising from Defendant's actions include without limitation:

a.     Whether Defendant failed to record and compensate employees for all hours worked;

b.     Whether Defendant failed to properly calculate the regular rate of pay for determination of overtime wages;

c.     Whether Defendant violated RCW 49.46 *et seq.*, 49.48 *et seq.*, and 49.52 *et seq.,* as to the Washington subclass;

d.     Whether Defendant violated the California Labor Code § 510 *et seq.*, §204 *et seq.*, §§226, 1174, and 1194, Cal. Code Regs., Title 8 §11040, Cal. Bus. & Prof. Code §17200, and IWC Wage Order No. 4, as to the California subclass;

e.     Whether Defendant violated Oregon Revised Statutes §652 *et seq.*, and §653 *et seq.*, and Oregon Administrative Rules, 839-020 *et seq.*, as to the Oregon subclass;

f.     Whether Defendant violated Utah Code Annotated, §34-28 *et seq.*, U.C.A. §34-40 *et seq.*, and Utah Administrative Code, Title R610 *et seq.*, as to the Utah subclass;

g.     Whether Defendant violated Idaho Code §44-1501 *et seq.*, I.C. §45-601 *et seq.*, as to the Idaho subclass;

h.     Whether Defendant acted willfully to deprive Plaintiffs and Class Members of earned and owed compensation and overtime;

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

i.    Whether Plaintiffs and Class Members have sustained damages, and the proper measure of those damages.

36.    The questions set forth above predominate over any questions affecting only individual persons, any differences in damages calculations can easily be managed by the court, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

37.    Ms. Bolding's, Mr. Manfredi's, and Ms. Ward's collective and class claims are typical of the class in that class members have been or are employed in the same or similar positions, and were subject to the same or similar unlawful practices.

38.    A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

39.    Ms. Bolding, Mr. Manfredi, and Ms. Ward are adequate representatives of the class because they are members of the class and their interests do not conflict with the interests of the members of the class they seek to represent. The interests of the members of the class will be fairly and adequately protected by Plaintiffs Bolding, Manfredi, and Ward and their undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment and class action litigation.

40.    Maintenance of this action as a class action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in

AMENDED COLLECTIVE/CLASS ACTION COMPLAINT FOR
DAMAGES (2:17-cv-00601 RSL)
Page 9

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

41.     At all times material herein, Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. §201 *et seq.*

42.     The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

43.     Defendant was, and is, subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

44.     Defendant violated the FLSA, 29 U.S.C. §201 *et seq.*, by failing to compensate employees for all hours worked in compliance with 29 C.F.R. §785 (Hours Worked).

45.     Defendant violated the FLSA, 29 U.S.C. §201 *et seq.*, by failing to properly calculate overtime in compliance with 29 C.F.R. §778 (Overtime Compensation).

46.     Defendant also violated the FLSA, 29 U.S.C. §201 *et seq.*, when it willfully failed to keep accurate records of all hours worked by employees in compliance with 29 C.F.R. §516 (Records To Be Kept By Employers).

47.     Plaintiffs are non-exempt workers and must be paid overtime in compliance with FLSA regulations, and U.S. Department of Labor, Wage and Hour Division, Administrator's interpretation No. 2010-1 (March 24, 2010).

48.     Ms. Bolding, Mr. Manfredi, Ms. Ward and all similarly situated current and former employees are subject to a uniform and company-wide compensation policy. This policy, in violation of the FLSA, has been and continues to be applied to all such employees.

49.     Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime pay within the three years preceding the filing of this Complaint, plus

AMENDED COLLECTIVE/CLASS ACTION COMPLAINT FOR
DAMAGES (2:17-cv-00601 RSL)
Page 10

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

periods of equitable tolling, because Defendant acted willfully and intentionally and knew or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA.

50.      Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages and overtime pay described above, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

51.      As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiffs for which Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of this action.

## COUNT II – CLASS-WIDE VIOLATION OF WASHINGTON WAGE STATUTES

52.      Defendant violated the Washington wage statutes, RCW 49.46 *et seq.*, 49.48 *et seq.*, and 49.52 *et seq.*, in relevant part by failing to pay all wages due to Plaintiffs, including for off-the-clock work and overtime pay properly calculated using commission wages to determine the regular rate of pay.

53.      Defendant knowingly and intentionally withheld, and continue to withhold, Plaintiffs' wages in violation of the aforementioned statutes.

54.      Plaintiffs were thereby damaged in an amount to be determined at trial.

## COUNT III – CLASS-WIDE VIOLATION OF THE CALIFORNIA LABOR CODE AND CALIFORNIA UNFAIR COMPETITION LAW

55.      Defendant violated the California Labor Code § 510 *et seq.*, §204 *et seq.*, §§226, 1174, and 1194, Cal. Code Regs., Title 8 §11040, Cal. Bus. & Prof. Code §17200, and

AMENDED COLLECTIVE/CLASS ACTION COMPLAINT FOR DAMAGES (2:17-cv-00601 RSL)
Page 11

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

IWC Wage Order No. 4, by failing to pay all wages due to Plaintiffs, including for off-the-clock work and overtime pay properly calculated using commission wages to determine the regular rate of pay.

56.     As alleged above, throughout the Class Period, Plaintiffs and Class Members were required to work more than eight hours per day. Plaintiffs and Class Members regularly worked more than 40 hours per week, including time worked off the clock, and often worked as much as 50 or more hours a week. Defendants, however, regularly did not pay Plaintiffs or Class Members overtime compensation for the hours they worked over eight hours in a day and 40 hours a week.

57.     At all times herein relevant, California Labor Code § 510 and California Code of Regulations Title 8 § 11040 applied to Plaintiffs' work with Defendants and continue to apply to Class Members' employment with Defendants. California Labor Code § 510 and California Code of Regulations Title 8, § 11040 states that "employers must pay one and a half times an employee's 'regular rate' if he or she works more than 40 hours per week or more than eight hours per day." Cal. Labor Code § 510(a).

58.     California Labor Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages in a timely fashion for their work.

59.     Pursuant to IWC Wage Order No. 4, Defendant is required to pay Plaintiffs and other members of the class for all hours worked, meaning the time during which an employee is subject to the control of the employer.

60.     Defendant's uniform policy and procedures requires its employees to work off the clock without compensation for time spent working for Defendant and/or subject to the control of the Defendant. Plaintiffs seek unpaid wages and penalties therefore.

61.     California Labor Code § 226(a) provides that, at the time of each payment of wages, an employer shall provide each employee with a wage statement itemizing, among

AMENDED COLLECTIVE/CLASS ACTION COMPLAINT FOR
DAMAGES (2:17-cv-00601 RSL)
Page 12

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

other things, the total hours worked by the employee in the pay period and the correct amount to be paid for each hour worked.

62.     California Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) is entitled to recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys' fees and costs.

63.     Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements to Plaintiffs and Class Members in accordance with Labor Code §226. The statements provided to Plaintiffs and Class Members have not accurately reflected actual gross wages earned, and the total hours worked by employees. Plaintiffs and the Class are therefore entitled to the damages and penalties provided for under Labor Code § 226(e).

64.     Plaintiffs further bring this cause of action on behalf of the proposed Class, seeking statutory relief to stop the misconduct of Defendants, as complained herein, and to compel restitution and disgorgement of all profits obtained by Defendants through the unfair and unlawful business practices described herein.

65.     The conduct of Defendants, as alleged herein, constitutes unlawful practices as set forth in California Business & Professions Code §§ 17200, *et seq*. Specifically, Defendants conduct business activities while failing to comply with California wage and hour laws and the California common and statutory law as described herein—including the failure to pay overtime, and pay for all hours worked.

66.     Section 17200 of the California Business & Professions Code prohibits unfair competition by prohibiting unlawful, unfair, or fraudulent business practices or acts.

67.     Defendants' failure to adopt policies in accordance with and/or adhere to these laws, all of which are binding upon and burdensome to Defendants' competitors, engenders an

AMENDED COLLECTIVE/CLASS ACTION COMPLAINT FOR DAMAGES (2:17-cv-00601 RSL)
Page 13

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

unfair competitive advantage for Defendants, thereby constituting an unfair business practice, as set forth in California Business & Professions Code §§ 17200, *et seq*.

68.     Defendants' conduct as herein alleged has damaged Plaintiffs and members of the proposed Class by wrongfully denying them earned wages, overtime pay, and meal breaks and therefore was substantially injurious to Plaintiffs and the Class.

69.     Under the circumstances alleged, it would be inequitable and result in a miscarriage of justice for Defendants to continue to retain the property of Plaintiffs and the members of the Class, entitling Plaintiffs and the proposed Class to restitution of the unfair benefits obtained and disgorgement of Defendants' ill-gotten gains.

70.     As a result of Defendants' unlawful and unfair business practices, Plaintiffs and members of the proposed Class are entitled to and seek restitution and disgorgement, and other appropriate relief available under Cal. Bus. & Prof. Code §§ 17200 *et seq*.

71.     While the statute of limitations for Plaintiffs' overtime claims is three years, pursuant to California Business & Professions Code § 17208, the statute of limitations is effectively four years because Plaintiffs have brought claims under the California Unfair Competition Law.

72.     Defendant knowingly and intentionally withheld, and continue to withhold, Plaintiff's wages in violation of the aforementioned statutes.

73.     Plaintiffs were thereby damages in an amount to be determined at trial.

**COUNT IV – CLASS-WIDE VIOLATION OF OREGON WAGE STATUTES**

74.     Defendant violated the Oregon Revised Statutes §652 *et seq*., and §653 *et seq*., and Oregon Administrative Rules, 839-020 *et seq*., in relevant part by failing to pay all wages due to Plaintiffs, including for off-the-clock.

75.     Defendant knowingly and intentionally withheld, and continue to withhold, Plaintiffs' wages in violation of the aforementioned statutes.

76.     Plaintiffs were thereby damaged in an amount to be determined at trial.

AMENDED COLLECTIVE/CLASS ACTION COMPLAINT FOR DAMAGES (2:17-cv-00601 RSL)
Page 14

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

**COUNT V – CLASS-WIDE VIOLATION OF UTAH WAGE STATUTES**

77.     Defendant violated the Utah Code Annotated, §34-28 *et seq.*, U.C.A. §34-40 *et seq.*, and Utah Administrative Code, Title R610 *et seq.*, in relevant part by failing to pay all wages due to Plaintiffs, including for off-the-clock.

78.     Defendant knowingly and intentionally withheld, and continue to withhold, Plaintiffs' wages in violation of the aforementioned statutes.

79.     Plaintiffs were thereby damaged in an amount to be determined at trial.

**COUNT VI – CLASS-WIDE VIOLATION OF IDAHO WAGE STATUTES**

80.     Defendant violated the Idaho Code §44-1501 *et seq.*, I.C. §45-601 *et seq.*, in relevant part by failing to pay all wages due to Plaintiffs, including for off-the-clock.

81.     Defendant knowingly and intentionally withheld, and continue to withhold, Plaintiffs' wages in violation of the aforementioned statutes.

82.     Plaintiffs were thereby damaged in an amount to be determined at trial.

**VI.     RESERVATION OF RIGHTS**

83.     Plaintiffs and Class Members reserve the right to amend these claims for relief, including for claims of retaliation for assertion of these rights under applicable state and federal laws.

84.     Under FRCP 2 and 8, Plaintiffs and the Class Members are not required to plead every legal theory supporting claims for relief, and through the discovery process expect to uncover additional evidence of unlawful employment practices. Thus, this short and plain statement of claims under Rule 8 is not exhaustive of the fact and legal theories that will be presented at trial.

**VII.     PRAYER FOR RELIEF**

Wherefore, Plaintiffs respectfully request that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, agents, assigns, and all persons in active concert or participation with them, from engaging in

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

any other employment practice which deprives employees of their wages or violates the law or public policy;

B.      Order Defendant to institute and carry out policies, practices, and programs which eradicate the effects of their past and present unlawful employment practices;

C.      Order Defendant to make Plaintiffs and Class Members whole for the wrongful withholding of wages by providing relief, including awarding exemplary, double, or treble damages, under:

       a.      The Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*;

       b.      RCW 49.46 *et seq.*, 49.48 *et seq.*, and RCW 49.52 *et seq.*;

       c.      California Labor Code § 510 *et seq.*, §204 *et seq.*, §§226, 1174, and 1194, Cal. Code Regs., Title 8 §11040, Cal. Bus. & Prof. Code §17200, and IWC Wage Order No. 4;

       d.      Oregon Revised Statutes §652 *et seq.*, and §653 *et seq.*, and Oregon Administrative Rules, 839-020 *et seq.*,

       e.      Utah Code Annotated, §34-28 *et seq.*, U.C.A. §34-40 *et seq.*, and Utah Administrative Code, Title R610 *et seq.*;

       f.      Idaho Code §44-1501 *et seq.*, I.C. §45-601 *et seq.;* or,

       g.      Any other applicable statute.

D.      Order Defendant to make Plaintiffs and Class Members whole by taking all other affirmative relief necessary to eradicate the effects of their unlawful employment practices;

E.      Order Defendant to pay punitive, double, exemplary, and/or liquidated damages to the fullest extent allowed by law;

F.      Award Plaintiffs and Class Members the costs of this action, including attorneys' fees, expert fees, and all other costs to the fullest extent allowed by law;

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

G.      Order Defendant to pay for any and all tax ramifications arising from Plaintiffs' and Class Members' recovery of damages and/or attorney's fees;

H.      Award pre-judgment interest and post-judgment interest; and

I.       Grant any additional or further relief as provided by law, which this Court finds appropriate, equitable, or just.

## VIII.   DEMAND FOR JURY TRIAL

All Plaintiffs hereby request trial by jury of all issues triable by jury.

DATED this 20th day of July, 2018.

THE BLANKENSHIP LAW FIRM, P.S.

By:   s/ Scott C. G. Blankenship
      Scott C. G. Blankenship, WSBA No. 21431
      Richard E. Goldsworthy, WSBA No. 40684
      Charlotte S. Sanders, WSBA No. 45051
      The Blankenship Law Firm, P.S.
      1000 Second Avenue, Suite 3250
      Seattle, WA 98104
      Telephone: (206) 343-2700
      Facsimile: (206) 343-2704
      Email:    sblankenship@blankenshiplawfirm.com
                rgoldsworthy@blankenshiplawfirm.com
                csanders@blankenshiplawfirm.com
Attorneys for Plaintiffs

AMENDED COLLECTIVE/CLASS ACTION COMPLAINT FOR
DAMAGES (2:17-cv-00601 RSL)
Page 17

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

## DECLARATION OF SERVICE

I hereby certify under penalty of perjury under the laws of the State of Washington that on the date and in the manner listed below I caused delivery of a true copy of the attached document to the following attorneys for Defendant:

| | |
|---|---|
| Kenneth E. Payson, WSBA No. 26369 | ☐ by Electronic Mail |
| Sheehan Sullivan Weiss, WSBA No. 33189 | ☐ by Facsimile Transmission |
| Ryan Hess, WSBA No. 50738 | ☐ by First Class Mail |
| Laura-Lee Williams, WSBA No. 51358 | ☐ by Hand Delivery |
| Davis Wright Tremaine LLP | ☐ by Overnight Delivery |
| 1201 Third Ave, Suite 2200 | ☒ by Notification via E-filing System |
| Seattle, WA 98101 | |
| Telephone: (206) 622-3150 | |
| Facsimile: (206) 757-7700 | |
| Email: kennethpayson@dwt.com | |
|       sheehansullivanweiss@dwt.com | |
|       ryanhess@dwt.com | |
|       lauraleewilliams@dwt.com | |

*Attorneys for Defendant*

DATED this 20th day of July, 2018, at Seattle, Washington.

 s/ Scott C.G. Blankenship
Scott C. G. Blankenship, WSBA No. 21431
The Blankenship Law Firm, P.S.
1000 Second Avenue, Suite 3250
Seattle, WA 98104
Telephone: (206) 343-2700
Facsimile: (206) 343-2704
Email:  sblankenship@blankenshiplawfirm.com

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700