The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KELLY BOLDING and MICHAEL MANFREDI, individually and on behalf of a class of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANNER BANK, a Washington Corporation,<br><br>Defendant. | No. C17-0601RSL<br><br>STIPULATED PROTECTIVE ORDER |

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties stipulate to and enter into the following <u>agreement regarding discovery, which the parties respectfully ask the court to enter as a</u> Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the

STIPULATED PROTECTIVE ORDER - 1
4844-2145-6236v.2 0058243-000340

protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents, data, and tangible things produced or otherwise exchanged:

a) compensation and overtime plans, along with documents discussing those plans to the extent they contain private information relating to individual employees, or other information Banner believes is proprietary;

b) policies and procedures regarding commissions, overtime, or other compensation earned by or paid to employees to the extent they contain private information relating to individual employees or information Banner believes is proprietary;

c) personally identifying information of the producing party or the producing party's employees or customers, including but not limited to proprietary customer information;

d) private data regarding commissions, overtime, or other compensation earned by or paid to individual employees, or other information that is proprietary;

e) data reflecting sales of loan services, including but not limited to information about the volume and types of sales, sales leads, sales incentives, or sales goals;

f) non-public customer account information, including but not limited to customers' names, dates of birth, drivers' license numbers, social security numbers, addresses, telephone numbers, account numbers, routing numbers,

STIPULATED PROTECTIVE ORDER - 2
4844-2145-6236v.2 0058243-000340

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

mortgage or other loan numbers, mortgage loan applications, background checks, credit scores and reports, financial or asset statements or information, tax returns or tax-related forms like W-2s, account balances, and the like;

g) proprietary information about the producing party's computer information systems (including but not limited to systems and applications used in managing commission, overtime, and other compensation functions), general hardware and software specifications, and related instructions and training information;

h) proprietary employee training and evaluation materials;

i) employee personnel files;

j) the financial books and records of the producing party and information pertaining to those financial books and records;

k) information that the producing party has regarding its customers and its competitors;

l) the producing party's contracts with suppliers, vendors, customers, contractors, subcontractors;

m) any information that the producing party is obligated by contract or state or federal law to keep confidential; and

n) any other information the producing party's business competitors could use to obtain a business or legal advantage over the producing party.

3. SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above) but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any briefs, memoranda, testimony, conversations, or

STIPULATED PROTECTIVE ORDER - 3
4844-2145-6236v.2 0058243-000340

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

presentations by parties or their counsel that might reveal confidential material. As an exception, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise. However, the foregoing exception does not apply to information that is or becomes part of the public domain because of an illegal, wrongful, unlawful, negligent, or otherwise unauthorized act or omission of a person other than the designating party.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Plaintiff's counsel agrees to redact Confidential Material as defined in section 2(f) from any document produced by Defendant prior to submitting the document as an exhibit during any deposition or filing the document with the Court. Plaintiff's counsel further agrees that, to the extent they disclose Confidential Material to persons listed in section 4.2, including to FLSA opt-in Plaintiffs, putative Rule 23 class members, non-party witnesses, and experts or consultants, they will require those persons to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) before viewing documents. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose confidential material only to:

(a) the receiving party's and designating party's counsel of record in

STIPULATED PROTECTIVE ORDER - 4
4844-2145-6236v.2 0058243-000340

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

this action (including in-house counsel and legal department staff of any party), as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) a party, the officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) Non-partywitnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h) the videographer who videotapes Confidential Information at a deposition in this litigation;

STIPULATED PROTECTIVE ORDER - 5
4844-2145-6236v.2 0058243-000340

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

(i) any mediator or discovery referee in this litigation, and employees and personnel of said mediator or discovery referee;

(j) any other individual agreed to in writing by the designating party.

4.3 **Filing Confidential Material**. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

5. DESIGNATING PROTECTED MATERIAL

5.1 **Exercise of Restraint and Care in Designating Material for Protection**. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it

STIPULATED PROTECTIVE ORDER - 6
4844-2145-6236v.2 0058243-000340

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this agreement (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form</u>:  (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material.  If only a portion or portions of the material on a page qualifies for protection, the designating party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins); provided, however, that a party may designate documents produced in this matter as "CONFIDENTIAL" on a family level (*e.g.*, an email and its attachment(s)) in order to reduce cost and burden during the review and production process.

(b) <u>Testimony given in deposition or in other pretrial proceeding:</u>  the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential.  If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>:  the producing party must affix in a

STIPULATED PROTECTIVE ORDER - 7
4844-2145-6236v.2 0058243-000340

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 **Inadvertent Failures to Designate**. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 **Timing of Challenges**. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 **Meet and Confer**. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 **Judicial Intervention**. If the parties cannot resolve a challenge without

STIPULATED PROTECTIVE ORDER - 8
4844-2145-6236v.2 0058243-000340

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized

STIPULATED PROTECTIVE ORDER - 9
4844-2145-6236v.2 0058243-000340

copies of the protected material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement; and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and Section 12 of the Combined Joint Status Report and Discovery Plan [Dkt. 14]. This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must certify destruction of all confidential material to the producing party, including all copies, extracts and summaries thereof.

Notwithstanding this provision, counsel are entitled to retain one archival copy of the case file, including all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material; and counsel may certify that confidential material attached to email and stored in counsel's email systems will continue to be maintained securely and consistent with the provisions of this Order.

STIPULATED PROTECTIVE ORDER - 10
4844-2145-6236v.2 0058243-000340

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 11th day of July, 2018          DATED this 11th day of July, 2018

THE BLANKENSHIP LAW FIRM, P.S.            DAVIS WRIGHT TREMAINE LLP
Attorneys for Plaintiffs                   Attorneys for Defendant Banner Bank

By: s/ Scott C. G. Blankenship             By: s/ Ryan Hess
    Scott C. G. Blankenship, WSBA #21431       Kenneth E. Payson, WSBA #26369
    Richard E. Goldsworthy, WSBA #40684        Sheehan Sullivan Weiss, WSBA #33189
    Charlotte S. Sanders, WSBA #45051          Ryan Hess, WSBA #50738
    1000 Second Avenue, Suite 3250             Laura-Lee Williams, WSBA #51358
    Seattle, WA 98104                          1201 Third Avenue, Suite 2200
    P: (206) 343-2700                          Seattle, WA 98101-3045
    F: (206) 343-2704                          P: (206) 622-3150
    E: sblankenship@blankenshiplawfirm.com     F: (206) 757-7700
       rgoldsworthy@blankenshiplawfirm.com     E: kennethpayson@dwt.com
       csanders@blankenshiplawfirm.com            sheehansullivanweiss@dwt.com
                                                  ryanhess@dwt.com
                                                  lauraleewilliams@dwt.com

STIPULATED PROTECTIVE ORDER - 11
4844-2145-6236v.2 0058243-000340

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: July 27, 2018

*/s/ Robert S. Lasnik*
JUDGE ROBERT S. LASNIK
United States District Court Judge

STIPULATED PROTECTIVE ORDER - 12
4844-2145-6236v.2 0058243-000340

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ in the case of Kelly Bolding and Michael Manfredi v. Banner Bank, C17-0601RSL. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where Sworn and Signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER - 13
4844-2145-6236v.2 0058243-000340

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax