The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KELLY BOLDING, MICHAEL MANFREDI, and SARAH WARD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANNER BANK, a Washington Corporation,<br><br>Defendant. | No. C17-0601-RSL<br><br>DEFENDANT BANNER BANK'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES<br><br>*Note on Motion Calendar:*<br>August 10, 2018 |

BANNER BANK'S OPP'N TO PLS.' MOT.
TO COMPEL
(C17-0601RSL)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND .......................................................................................... 1

    A. Plaintiffs File a Putative Class and Collective Action Against Banner .................. 1

    B. Plaintiffs' First Set of Discovery Requests to Banner ............................................ 2

    C. The Court Conditionally-Certifies a Collective Action .......................................... 3

    D. Plaintiffs First Raise Discovery Issues More than Six Months After Banner Served Its Initial Responses and Objections ............................................... 3

    E. Plaintiffs Serve a Second Set of Discovery Requests Seeking, for the First Time, MLO Email Accounts ...................................................................................... 4

    F. Banner Agrees to Produce or Already Produced the Documents Plaintiffs Now Seek to Compel ................................................................................................ 4

III. ARGUMENT .................................................................................................................... 5

    A. Banner Has Already Agreed to Produce Available Outlook Calendars and Emails for the Named and Opt-In Plaintiffs. ........................................................... 5

    B. Plaintiffs' Request for an Evidentiary Hearing on Banner's Preservation Efforts Is Unnecessary and Unwarranted. .............................................................. 7

        1. Banner Had No Duty to Preserve Documents Until It Was Served with the Complaint .................................................................................. 7

        2. Banner Has Preserved ESI Consistent with the Reasonable Needs of this Case ......................................................................................................... 9

    C. Banner Has Produced All Responsive Training Materials ................................... 12

IV. CONCLUSION ............................................................................................................... 12

BANNER BANK'S OPP'N TO PLS.' MOT. TO COMPEL
(C17-0601RSL) - i

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Apple Inc. v. Samsung Elecs. Co.*,
 888 F. Supp. 2d 976 (N.D. Cal. 2012) ...............................................................................8

*Ball v. Manalto, Inc.*,
 2017 WL 1788425 (W.D. Wash. May 5, 2017) ................................................................12

*Besing v. Taylor*,
 2014 WL 7409554 (S.D. Cal. Dec. 31, 2014) ...................................................................13

*Brigham Young Univ. v. Pfizer, Inc.*,
 282 F.R.D. 566 (D. Utah 2012) ..........................................................................................8

*In re Delta/AirTran Baggage Fee Antitrust Litig.*,
 770 F. Supp. 2d 1299 (N.D. Ga. 2011) ...............................................................................8

*InfusAID LLC v. InfuSystem Inc.*,
 2018 WL 690996 (D. Kan. Feb. 2, 2018) ...........................................................................6

*Khoa Hoang v. Trident Seafoods Corp.*,
 2007 WL 2138779 (W.D. Wash. July 23, 2007) ................................................................6

*Mikron Indus., Inc. v. Hurd Windows & Doors, Inc.*,
 2008 WL 1805727 (W.D. Wash. Apr. 21, 2008) ................................................................6

*Moore v. Lowe's Home Centers, LLC*,
 2016 WL 687111 (W.D. Wash. Feb. 19, 2016) ................................................................12

*Northrop Grumman Corp. v. Factory Mut. Ins. Co.*,
 2012 WL 12875772 (C.D. Cal. Aug. 29, 2012) ................................................................12

*Otsuka v. Polo Ralph Lauren Corp.*,
 2010 WL 366653 (N.D. Cal. 2010) ..................................................................................10

*In re Pfizer Inc. Sec. Litig.*,
 288 F.R.D. 297 (S.D.N.Y. 2013) ........................................................................................9

*Point Blank Sols., Inc. v. Toyobo Am., Inc.*,
 2011 WL 1456029 (S.D. Fla. Apr. 5, 2011) ...................................................................8, 9

*Rabenstein v. Sealift, Inc.*,
 18 F. Supp. 3d 343 (E.D.N.Y. 2014) ..................................................................................9

BANNER BANK'S OPP'N TO PLS.' MOT.
TO COMPEL
(C17-0601RSL) - ii

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

*Rimkus Consulting Grp., Inc. v. Cammarata*,
 688 F. Supp. 2d 598 (S.D. Tex. 2010) .................................................................................. 10

*Romero v. Allstate Ins. Co.*,
 271 F.R.D. 96 (E.D. Pa. 2010) ............................................................................................... 7

*United States v. Kitsap Physicians Serv.*,
 314 F.3d 995 (9th Cir. 2002) .................................................................................................. 8

*Victor Stanley, Inc. v. Creative Pipe, Inc.*,
 269 F.R.D. 497 (D. Md. 2010) ............................................................................................... 9

*Watkins v. Baum*,
 2013 WL 149870 (W.D. Wash. Jan. 14, 2013) .................................................................... 13

*Zubulake v. UBS Warburg LLC*,
 220 F.R.D. 212 (S.D.N.Y. 2003) .......................................................................................... 10

BANNER BANK'S OPP'N TO PLS.' MOT.
TO COMPEL
(C17-0601RSL) - iii

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION

Plaintiffs' motion to compel is unnecessary and unfounded. Before Plaintiffs filed their motion, Banner Bank ("Banner") spent months addressing Plaintiffs' wide-ranging discovery concerns, and had already agreed to produce the documents Plaintiffs now seek to compel. Banner had also explained why it no longer had certain documents. Rather than allow Banner to fulfill its promise to provide the requested documents or finish document preservation discussions, Plaintiffs unilaterally terminated the parties' discovery-dispute resolution efforts by filing their motion to compel. The Court should deny that motion for several reasons.

*First*, before Plaintiffs filed their motion, Banner had already agreed to produce all available Outlook calendars and emails for the named and opt-in plaintiffs. Plaintiffs' motion was therefore, at best, premature, and they failed their obligation to meet and confer in good faith to resolve the dispute without judicial intervention.

*Second*, Plaintiffs' request for an evidentiary hearing on Banner's document preservation efforts lacks merit. Banner has taken reasonable and proportional efforts to preserve relevant documents. And the small volume of documents that were not preserved are of questionable (if any) relevance and do not materially affect Plaintiffs' ability to present their case.

*Third*, Banner diligently searched for and produced all responsive training documents. Banner cannot be compelled to produce documents it does not have.

## II. FACTUAL BACKGROUND

### A. Plaintiffs File a Putative Class and Collective Action Against Banner

Plaintiffs served Banner with their Complaint on April 21, 2017. *See* Dkt. 5. The Complaint alleged Banner failed to properly pay Plaintiffs and other mortgage loan officers ("MLOs") overtime, and asserted putative collective claims under the Fair Labor Standards Act and putative class claims under various state wage-and-hour laws. *See* Dkt. 1. Banner promptly issued a litigation hold notice and distributed it to key personnel, including its Information Security Department. Peterson Decl. ¶ 4. In the following weeks, Banner began preserving all incoming and outgoing emails from many current MLOs and also took snapshots of individual

BANNER BANK'S OPP'N TO PLS.' MOT. TO COMPEL
(C17-0601RSL) - 1

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Outlook accounts of several current MLOs, MLO managers, and key HR and payroll employees.[1] *Id.* ¶¶ 5-7.

The parties conferred under Fed. R. Civ. P. 26(f) and filed their Combined Joint Status Report and Discovery Plan on July 10, 2017. Dkt. 14. Plaintiffs did not identify comprehensive MLO Outlook calendars or complete email accounts as subjects of anticipated discovery. Dkt. 14 at 6:2-12. And although Plaintiffs made passing reference to the need to preserve emails "that reflect the actual time MLOs and RLs worked," they made no mention of Outlook calendars and did not suggest they would seek complete email accounts for all MLOs. *Id*. at 7.

### B.   Plaintiffs' First Set of Discovery Requests to Banner

On October 13, 2017, Plaintiffs served Banner with their first set of written discovery requests ("First Discovery Requests"). Williams Decl. ¶ 2, Ex. A. While the volume and breadth of those requests were staggering, comprising 58 requests for production and 18 interrogatories, only three of the five requests for production to which Plaintiffs seek to compel responses were included in those requests. *Id.* Specifically, Plaintiffs requested:

- "[T]he complete Outlook or other work-related calendars and schedules for all [employees who worked as Mortgage Loan Officers since April 17, 2014]." Dkt. 100-1 at 10 (RFP No. B);

- "[A]ll documents, which relate to, support, refute, or memorialize Defendant's [methods for tracking, recording and calculating the total hours worked by Mortgage Loan Officers], including but not limited to, policies, procedures, emails to Plaintiffs, managers, or any other person regarding your time keeping procedures." [2] *Id*. at 12-13 (RFP No. J); and

- "[A]ll documents, which relate to, support, refute, or memorialize [trainings relating to recording and payment of overtime for Mortgage Loan Officers], including but not limited to, all documents, materials, policies, procedures and communications (including email communications) relating to each training." *Id.* at 15-16 (RFP MM).

Banner timely served objections and responses to Plaintiffs' First Discovery Requests on November 13, 2017. Dkt. 100-1 at 10. As to Plaintiffs' request for all MLO calendars, Banner objected that no class or collective had been certified and limited its response to Named Plaintiffs

---

[1] This process is referred to as "journaling," and involves copying incoming and outgoing email to a separate journal mailbox, which are then downloaded and saved to disks. Peterson Decl. ¶ 6.

[2] Plaintiffs only seek to compel training-related documents in response to RFP No. J.

BANNER BANK'S OPP'N TO PLS.' MOT.
TO COMPEL
(C17-0601RSL) - 2

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

only. Dkt. 100-1 at 11 (RFP No. B). As to Plaintiffs' request for training materials, Banner committed to producing responsive documents upon entry of an appropriate protective order and provided Plaintiffs with a draft stipulated protective order. *Id.* at 13-17 (RFP Nos. J & MM); *see also* Williams Decl. ¶ 3, Ex. B.

Although Banner objected to producing comprehensive Outlook calendars for ***all*** putative class or collective members, in light of Plaintiffs' discovery request, it took steps to preserve those documents. Peterson Decl. ¶ 8. Under its ordinary document retention policy, Banner takes daily and weekly "snapshots" of its employees' Outlook accounts and retains those on back-up tapes for 90 days. McFarland Decl. ¶ 11. Beginning in January 2018, Banner preserved all MLO snapshots from October 28, 2017 forward. Peterson Decl. ¶¶ 8, 17.

### C. The Court Conditionally-Certifies a Collective Action

In the six months following Banner's responses to Plaintiffs' First Discovery Requests, Plaintiffs did not challenge any of Banner's objections. Plaintiffs also did not respond to Banner's proposed stipulated protective order. During that same period, the Court conditionally certified a collective action on December 15, 2017. Dkt. 33. Thirty-three MLOs opted in to the collective action after that. Dkts. 34-48, 51, 53-69.

Banner took additional steps to preserve ESI specific to the opt-in plaintiffs. Peterson Decl. ¶¶ 8, 11, 13, 17. Banner's ordinary retention process preserves all email sent to or from a company email account (including calendar invitations) for one year. McFarland Decl. ¶ 10. From November 2017 through July 2018, Banner ran searches to segregate and preserve all available emails associated with each opt-in plaintiff. Peterson Decl. ¶ 13.

### D. Plaintiffs First Raise Discovery Issues More than Six Months After Banner Served Its Initial Responses and Objections

In a letter dated May 22, 2018—after filing their motion for class certification and less than two weeks before the deadline for Banner to oppose that motion[3]—Plaintiffs raised concerns with Banner's discovery responses for the first time. Dkt. 100-1 at 19-28. Plaintiffs' letter

---

[3] Plaintiff filed their motion for class certification on May 11, 2018. Dkt. No. 71.

BANNER BANK'S OPP'N TO PLS.' MOT.
TO COMPEL
(C17-0601RSL) - 3

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

identified twenty separate alleged "deficiencies" in Banner's discovery responses. *Id.* Plaintiffs requested, among many other things, that Banner: (1) produce Outlook calendars "for all employees"; (2) produce any training materials provided to MLOs regarding time recording or overtime; and (3) describe its efforts to preserve ESI. Plaintiffs asked Banner to meet and confer on May 30 (three business days before Banner's deadline to oppose class certification). *Id.*

Banner agreed to hold a discovery conference on June 5, 2018. *See* Williams Decl. ¶ 4, Ex. C. The parties addressed each of the twenty issues raised in Plaintiffs' letter, as well as deposition scheduling and the form of the parties' stipulated protective order. *See id.* ¶ 5, Ex. D. During that meeting and through subsequent correspondence, the parties agreed to limit Plaintiffs' request for Outlook calendars to the named and opt-in plaintiffs only, and Banner agreed to produce those to the extent they existed. *Id.* Banner also agreed it would disclose to Plaintiffs the reasons any responsive Outlook calendars were no longer available. *Id.* Finally, Banner agreed to search for and produce any responsive training documents provided to MLOs regarding time-keeping or overtime. *Id.*

### E. Plaintiffs Serve a Second Set of Discovery Requests Seeking, for the First Time, MLO Email Accounts

On June 5, 2018 (the same day as the parties' first discovery conference), Plaintiffs served a second set of requests for production ("Second Discovery Requests") which sought, for the first time, complete email accounts for all named and opt-in plaintiffs. Dkt. 100-1 at 47 (RFP Nos. GGG & HHH). Banner timely responded to Plaintiffs' Second Discovery Requests on July 5 and agreed that, upon entry of an appropriate protective order, it would produce the requested email accounts to the extent they could be reasonably located. Dkt. 100-1 at 52.

### F. Banner Agrees to Produce or Already Produced the Documents Plaintiffs Now Seek to Compel

Throughout June and July, Banner met and conferred several times in an effort resolve Plaintiffs' myriad discovery concerns without court intervention. *See* Williams Decl. ¶ 6, Exs. E-F. Banner ultimately agreed to provide nearly everything Plaintiffs sought, including the categories of documents at issue in Plaintiffs' motion. *Id.* ¶ 7, Ex. F. Specifically, in a letter

BANNER BANK'S OPP'N TO PLS.' MOT.
TO COMPEL
(C17-0601RSL) - 4

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

dated on July 20, Banner reiterated that it "is committed to producing any [of the requested] emails and Outlook calendars to the extent they are available, including by searching backup tapes," and agreed to do so by August 10. *Id.* ¶ 8, Ex. F. Banner also extensively searched for all responsive training documents, which included interviewing MLO managers and human resources personnel to locate both hard copy and electronic training materials, and conducting targeted ESI searches. *Id.* ¶¶ 10-11. In fact, Banner already produced over 519 pages of training materials, including the two specific trainings requested in Plaintiffs' motion to compel. *Id.* ¶ 9.

Moreover, Banner explained to Plaintiffs on several occasions why some of the requested Outlook calendars and email accounts were unavailable. *See, e.g.*, *id.* ¶ 12, Ex. E. Although Banner took the position that steps taken to comply with the duty to preserve information are protected from disclosure, it agreed to review the legal authority Plaintiff provided on the topic and "report back by July 27th regarding whether Banner will stand on its objection." *Id.* ¶ 13, Ex. F.

Before Banner could produce the promised Outlook calendars and email accounts, and before it could report back regarding preservation efforts, Plaintiffs, without notice, unilaterally cut off the parties' discussions by filing their motion to compel on July 26, 2018.

### III. ARGUMENT

#### A. Banner Has Already Agreed to Produce Available Outlook Calendars and Emails for the Named and Opt-In Plaintiffs.

Plaintiffs' motion to compel Banner to produce named and opt-in plaintiffs' Outlook calendars and emails is a waste of party and judicial resources. Plaintiffs short-circuited the parties' efforts to resolve this dispute and ignored Banner's commitment to providing the very documents Plaintiffs now seek to compel. Doing so violated both the spirit and letter of the Court's order that "all discovery matters are to be resolved by agreement if possible," Dkt. 15 at 4:13-14, and the related requirement that a party meet and confer "in good faith . . . in an effort to resolve the dispute without court action, LCR 37(a), both of which are "intended to ensure that ***only genuine disagreements*** are brought before the Court." *Mikron Indus., Inc. v. Hurd Windows*

BANNER BANK'S OPP'N TO PLS.' MOT.
TO COMPEL
(C17-0601RSL) - 5

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

*& Doors, Inc.*, 2008 WL 1805727, at *1 (W.D. Wash. Apr. 21, 2008) (emphasis added).

Here, Banner has repeatedly affirmed its willingness to comply with Plaintiffs' requests. Indeed, on July 20—six days before Plaintiffs filed their motion to compel—Banner stated that it would "produc[e] any emails and Outlook calendars to the extent they are available, including by searching backup tapes," and committed to doing so by August 10, 2018.[4]  Williams Decl. ¶ 8, Ex. F.  Despite that agreement, Plaintiffs moved to compel those same documents.

This Court's decision in *Khoa Hoang v. Trident Seafoods Corp.*, 2007 WL 2138779 (W.D. Wash. July 23, 2007) (Lasnik, J.) is instructive.  In *Khoa Hoang*, after the parties held two discovery conferences, the plaintiff moved to compel documents that the defendant had agreed to produce and sought relief on other issues that had been left open for further discussion.  *Id.* at *1. The Court held that the plaintiff failed to satisfy LCR 37's meet and confer requirement, explaining the rule "would be meaningless if counsel were permitted to file discovery motions regarding items about which the parties had already agreed just days before." *Id.*  On those facts—which closely mirror those here—the Court concluded plaintiff's conduct had "wasted the Court's and defendants' time," and "increased the cost and vexatiously multiplied the proceedings." *Id.* Consequently, the Court sanctioned the plaintiff. *Id.*; *see also InfusAID LLC v. InfuSystem Inc.*, 2018 WL 690996, at *2 (D. Kan. Feb. 2, 2018) (party did not satisfy meet-and-confer requirement when it filed motion to compel documents that defendant had agreed to produce and "simply required additional time to respond for what appear to be valid reasons").

Although Plaintiffs are apparently unhappy with the pace at which those emails and calendars have been produced, their requests seek an enormous volume of data, most of which is available only through back-up tapes.  Banner and its counsel have dedicated (and continue to dedicate) substantial time to locating, collecting, reviewing, and processing those documents. Moreover, Banner has also spent the last two months addressing many other discovery issues not raised in Plaintiffs' motion, which necessarily diverted some of Banner's resources away from

---

[4] Plaintiffs' motion to compel has further delayed Banner's document production.  Because Banner and its counsel have been required to divert time and attention to responding to Plaintiffs' motion—rather than collecting and reviewing the Outlook calendars and emails—Banner is no longer able to produce those documents by August 10.

BANNER BANK'S OPP'N TO PLS.' MOT. TO COMPEL (C17-0601RSL) - 6

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

collecting and producing the available Outlook calendars and email accounts. And Plaintiffs' concern about the timing of Banner's production is a problem largely of their own making. They sat idle for more than six months after Banner served its first set of discovery responses before raising with Banner any of the issues in their motion. Despite characterizing Outlook email accounts as "key and essential evidence," Dkt. 99 at 2:15, Plaintiffs waited until June 5, 2018, (***more than a year*** after filing suit) to first request that data. Given that context, Banner's promise to produce responsive documents by August 10 was reasonable.

Plaintiffs' decision to move to compel those documents was unnecessary and conflicts with the requirement to meet and confer in good faith. Plaintiffs' motion should be denied.

### B. Plaintiffs' Request for an Evidentiary Hearing on Banner's Preservation Efforts Is Unnecessary and Unwarranted.

Plaintiffs' claim Banner has "stonewalled" their efforts to understand the documents Banner possesses and the efforts it has taken to locate those documents is, at best, dramatically overstated. To the contrary, Banner has discussed with Plaintiffs the Outlook email accounts and calendars it possesses and explained why it does not possess some of those documents. And had Plaintiffs not unilaterally terminated the parties' meet-and-confer efforts, Banner would have been able to provide additional information instead of diverting its and its counsel's time and efforts to needless motions practice.[5] As discussed below, Banner has taken reasonable steps to preserve relevant evidence.

#### 1. Banner Had No Duty to Preserve Documents Until It Was Served with the Complaint

Under Banner's ordinary document retention policies, it retains all emails (not calendars) for one year. McFarland Decl. ¶ 10. Banner also takes daily and monthly snapshots of each employee's Outlook account and retains those for 90 days. *Id.* at ¶ 11. Banner did not receive notice of Plaintiffs' claim until it was served with the Complaint on April 21, 2017. As of that

---

[5] Given that "[t]he Federal Rules of Civil Procedure, case law, and the Sedona Principles all . . . emphasize that electronic discovery should be a party-driven process," Plaintiffs' resort to motions practice before exhausting the meet-and-confer process is particularly inappropriate. *Romero v. Allstate Ins. Co.*, 271 F.R.D. 96, 109 (E.D. Pa. 2010).

BANNER BANK'S OPP'N TO PLS.' MOT.
TO COMPEL
(C17-0601RSL) - 7

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

date, Banner (i) no longer possessed any emails for the named or opt-in plaintiffs who had separated from Banner before April 21, 2016 (with two limited exceptions[6]), and (ii) did not possess any email snapshots for employees who separated prior to January 21, 2017.[7] Peterson Decl. ¶¶ 12, 15. Because those documents were deleted pursuant to Banner's ordinary practice before it had notice of this litigation, Plaintiffs' spoliation allegations are unfounded.

Plaintiffs argue that Banner had a duty to indefinitely preserve those documents stemming from separate litigation in *Erickson v. AmericanWest Bank*, King Co. Sup. Ct. No. 15-2-01976-7 SEA. Not so. A party's duty to preserve evidence arises only when "a reasonable party in the same factual circumstances would have reasonably foreseen litigation." *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 990 (N.D. Cal. 2012); *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002) (no duty to preserve where defendant was not on notice of a "future, specific" lawsuit). Prior litigation generally does not establish free-standing duty to preserve evidence for the benefit of future plaintiffs. *See Brigham Young Univ. v. Pfizer, Inc.,* 282 F.R.D. 566, 572 (D. Utah 2012) "[A]ny duty [the defendant] owed parties in other litigation would belong to that party and not [the plaintiff].").[8] And while some courts have found an extended a duty to preserve evidence from prior litigation involving substantially similar facts and allegations, that is not true when the earlier litigation "raise[s] different factual issues . . . [that] would not have given [the defendant] reasonable notice" of the subsequent action. *In re Pfizer Inc. Sec. Litig.*, 288 F.R.D. 297, 316 (S.D.N.Y. 2013).

The *Erickson* litigation bore no resemblance to this case. The *Erickson* plaintiffs asserted

---

[6] Banner specifically preserved Bolding's email and snapshots due to her involvement in the *Erickson* litigation, discussed below. Peterson Decl. ¶¶ 10, 12. Moreover, Banner produced to Plaintiffs certain specific emails from certain AWB opt-in plaintiffs that Banner produced during the Erickson litigation. Williams Decl. ¶ 14.

[7] Of the 33 opt-in plaintiffs, 20 left Banner before January 21, 2017 (meaning Banner had no remaining Outlook snapshots), and nine had left before April 20, 2016 (meaning Banner had no remaining emails). Peterson Decl. ¶¶ 12, 15.

[8] Other cases are in accord. *See In re Delta/AirTran Baggage Fee Antitrust Litig.*, 770 F. Supp. 2d 1299, 1308 n.10 (N.D. Ga. 2011) (rejecting plaintiff's "sweeping and novel theory" that a government investigation imposes a general duty to all future potential plaintiffs to preserve documents related to the investigation); *Point Blank Sols., Inc. v. Toyobo Am., Inc.*, 2011 WL 1456029, at *26 (S.D. Fla. Apr. 5, 2011) (defendant's duty of preservation owed to prior adverse party "do[es] not necessarily mean that [the defendant] should have at that time anticipated litigation with [the plaintiff] or that [the plaintiff] can take advantage of an evidence-preservation duty owed by [the defendant] to [the prior adverse party].").

BANNER BANK'S OPP'N TO PLS.' MOT.
TO COMPEL
(C17-0601RSL) - 8

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

individual sexual harassment claims, not class-wide wage-and-hour claims.  *See* Williams Decl. ¶ 14, Ex. G.  Although Ms. Bolding (a non-party to the *Erickson* litigation) testified in her deposition that her manager allegedly discouraged her from logging overtime, Dkt. 100-1 at 119-136, those stray comments by a non-party witness in an individual sexual harassment action hardly qualify as notice that Ms. Bolding or some other MLO would later pursue a collective or class action for unpaid overtime.  And any suggestion the *Erickson* complaint *might* be amended to add wage claims for two of the several *individuals*, Dkt. 99 at 9:14-16, hardly triggers a continuing duty to preserve documents relevant to possible *class-wide* wage claims.  The Court should reject Plaintiffs' claim that the *Erickson* litigation "establish[ed] some type of free-floating or shifting duty which other parties could latch onto" to advance a spoliation argument.  *Point Blank Sols., Inc.*, 2011 WL 1456029, at *26.

Even if *Erickson* triggered *some* perseveration duty, like all discovery obligations, that duty "must be measured against the yardstick of proportionality."  *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 523 (D. Md. 2010).  At most, Bolding's testimony in *Erickson* may have triggered a duty to preserve ESI specific to Bolding's potential individual claim (which Banner did).  Peterson Decl. ¶ 10, 12.  But it cannot support a duty to preserve all emails and calendars related to any MLO that ever worked for Banner or AWB, as Plaintiffs argue here.  And, in any case, any duty to preserve stemming from the *Erickson* litigation terminated when that case was dismissed with prejudice in September 2016, long before this lawsuit began.  *See Rabenstein v. Sealift, Inc.*, 18 F. Supp. 3d 343, 362 (E.D.N.Y. 2014) (rejecting plaintiff's argument that prior litigation triggered preservation duty, stating "any plausible duty to preserve ended with the [prior litigation settlement]").

Simply put, Banner had no ongoing duty to preserve all MLO Outlook email accounts or calendars as a result of the *Erickson* litigation.

### 2. Banner Has Preserved ESI Consistent with the Reasonable Needs of this Case

Since Plaintiffs filed this lawsuit, Banner has taken reasonable steps to preserve relevant

BANNER BANK'S OPP'N TO PLS.' MOT. TO COMPEL
(C17-0601RSL) - 9

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

evidence, and has regularly revisited and refined those efforts as the case evolved and the legitimate needs of the parties shifted.  *See* Peterson Decl. ¶¶ 5-9.  Although the results have not been perfect, any shortcomings have been both inadvertent and inconsequential.

Contrary to Plaintiffs' argument, the duty to preserve does not extend to "every shred of paper, every e-mail or electronic document, and every backup tape." *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217 (S.D.N.Y. 2003).  Rather, the scope of a party's duty to preserve "depends heavily on the facts and circumstances of each case and cannot be reduced to a generalized checklist of what is acceptable or unacceptable." *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 613 (S.D. Tex. 2010).  "Whether preservation or discovery conduct is acceptable in a case depends on what is reasonable, and that in turn depends on whether what was done—or not done—was proportional to that case and consistent with clearly established applicable standards." *Id.*  Moreover, the duty to preserve does not extend to evidence the opposing party has not requested when its relevance is not readily apparent.  *See Otsuka v. Polo Ralph Lauren Corp.*, 2010 WL 366653 at *4 (N.D. Cal. 2010) (in putative class action related to unpaid overtime, defendant's duty to preserve surveillance footage was not triggered until plaintiffs specifically requested the footage).

Here, Plaintiffs' expectation that Banner preserve every Outlook email and calendar for each of its nearly 200 MLOs at the outset of the case is unreasonable and disproportionate to the legitimate needs of this case.  At the time the case was filed, in addition to preserving documents related to the named plaintiffs, Banner collected and preserved other MLO personnel files and began "journaling" emails to and from current MLOs, and, expanded its "journaling" efforts to include others who might bear some relationship to the litigation.  Peterson Decl. ¶ 6.

As the litigation progressed, Banner repeatedly reevaluated and modified its preservation efforts.  After Plaintiffs served a discovery request for complete MLO Outlook calendars in October 2017—giving notice, for the first time, that Plaintiffs viewed those documents in their entirety as relevant—Banner began preserving "snapshots" contained on back-up tapes in January 2018.  *Id.*  ¶¶ 7-8.  And after the Court conditionally certified the collective and other employees

BANNER BANK'S OPP'N TO PLS.' MOT.
TO COMPEL
(C17-0601RSL) - 10

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

opted-in over the course of January through April, Banner ran targeted compliance searches for each opt-in to recover any emails that remained available. *Id.* ¶ 9.

To be sure, Banner's efforts have not been flawless. Banner concedes an approximately three-month gap exists between its receipt of Plaintiffs' calendar request and its preservation of back-up tapes. *Id.* ¶ 8. As a practical matter, however, that gap was inconsequential, as it only affected one opt-in plaintiff.[9] Similarly, while some delay occurred between the dates certain plaintiffs opted in and the date Banner captured their emails, that delay had minimal effect. Had Banner conducted compliance searches immediately after each plaintiff opted in, it would have only saved emails for five opt-in plaintiffs over brief periods of time.[10] Put in context, these were immaterial lapses that have had a marginal (if any) effect on Plaintiffs' ability to develop their case.

Moreover, the limited probative value of the evidence at issue underscores the reasonableness of Banner's preservation efforts. At best, the calendars and emails might potentially provide indirect evidence suggesting that an MLO worked overtime. Indeed, until very recently, Plaintiffs showed little interest in obtaining the calendars and emails at issue. Plaintiffs did not identify those documents as anticipated subjects of discovery in the parties' Combined Joint Status Report and Discovery Plan. Dkt. 14 at 6:2-12. Although Plaintiffs requested Outlook calendars in October 2017, it waited more than six months (after filing their motions for conditional certification and class certification) to challenge Defendants' objection to producing calendars for putative class or collective members. And Plaintiffs did not even request emails until June 2018, more than a year into this case. Plaintiffs' relative disinterest in the documents indicates the documents are of little importance to their case. *Northrop Grumman Corp. v. Factory Mut. Ins. Co.*, 2012 WL 12875772, at *6 (C.D. Cal. Aug. 29, 2012) (noting that the requesting party's "delay itself appears to indicate that the requested emails are of only

---

[9] That is, had Banner began preserving the snapshots immediately upon receiving Plaintiffs' First Discovery Requests, it would have been able to preserve snapshots for only one additional opt-in Plaintiff. Peterson Decl. ¶ 16.

[10] Specifically, Banner would have captured less than three months of emails for four opt-in plaintiffs, and approximately four months for the fifth opt-in plaintiff. *Id.* ¶ 14.

BANNER BANK'S OPP'N TO PLS.' MOT.
TO COMPEL
(C17-0601RSL) - 11

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

marginal relevance to defendant in this action" and "because this discovery was not pursued in a timely manner, and in light of the substantial amount of relevant documents defendant has already received from plaintiff during the many years that this case has been litigated, it does not appear that the requested ESI is essential to the defense of this action").

Accordingly, Banner reasonably discharged its duty to preserve relevant information and, even if that were not so, any inadvertent loss of documents is inconsequential.[11]

### C. Banner Has Produced All Responsive Training Materials

Plaintiffs' motion to compel training documents responsive to RFP Nos. J and MM should be denied for the simple reason that Banner has, after conducting a diligent search, produced all responsive documents. Banner has extensively searched for responsive MLO training documents and produced all documents it has located. Williams Decl. ¶¶ 9-11. In addition to searching for documents in connection with its initial responses to Plaintiffs' First Discovery requests, the parties agreed during the meet-and-confer process that Banner would interview all MLO managers and human resource personnel to identify any electronic or hard copy training documents responsive to Plaintiffs' requests. *Id.* ¶ 10. Banner did so, and also conducted ESI searches to identify additional documents Plaintiffs specifically requested. *Id.* ¶ 11.

Because Banner "cannot be compelled to produce documents which they do not possess," Plaintiffs' motion to compel should be denied. *Watkins v. Baum*, 2013 WL 149870, at *3 (W.D. Wash. Jan. 14, 2013); *see also Besing v. Taylor*, 2014 WL 7409554, at *11 (S.D. Cal. Dec. 31, 2014) ("The Court cannot compel Defendants to produce documents that they do not possess.").

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be denied.

---

[11] Even if the Court ordered Banner to provide additional information concerning its preservation efforts, an evidentiary hearing is unnecessary. As the cases Plaintiffs cite illustrate, courts in this district generally require a party to submit declarations describing preservation efforts rather than hold an evidentiary hearing. *See Moore v. Lowe's Home Centers, LLC*, 2016 WL 687111 (W.D. Wash. Feb. 19, 2016) (ordering party to explain preservation efforts to opposing party and produce certain retention policy documents); *Ball v. Manalto, Inc.*, 2017 WL 1788425, at *1 (W.D. Wash. May 5, 2017) (ordering party to submit declarations describing preservation efforts).

BANNER BANK'S OPP'N TO PLS.' MOT. TO COMPEL (C17-0601RSL) - 12

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1   DATED this 6th day of August, 2018.

2                                           Davis Wright Tremaine LLP
                                            Attorneys for Defendant Banner Bank
3
                                            By s/*Kenneth E. Payson*
4                                               Kenneth E. Payson, WSBA #26369
                                                Sheehan Sullivan Weiss, WSBA #33189
5                                               Ryan Hess, WSBA #50738
                                                Laura-Lee Williams, WSBA #51358
6                                               1201 Third Avenue, Suite 2200
                                                Seattle, WA  98101-3045
7                                               Telephone: 206.622.3150
                                                Fax: 206.206.757.7700
8                                               E-mail: kennethpayson@dwt.com
                                                        sheehansullivanweiss@dwt.com
9                                                       ryanhess@dwt.com
                                                        lauraleewilliams@dwt.com
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

BANNER BANK'S OPP'N TO PLS.' MOT.
TO COMPEL
(C17-0601RSL) - 13

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax