UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLY BOLDING, *et al.*,

        Plaintiff,

v.

BANNER BANK,

        Defendants.

Case No. C17-0601RSL

ORDER GRANTING IN PART
PLAINTIFFS' MOTION TO COMPEL

This matter comes before the Court on "Plaintiffs' Motion to Compel Discovery Responses." Dkt. # 99. Plaintiffs served interrogatories and requests for production on defendant in October 2017 seeking, in part, copies of mortgage or residential loan officers' work-related calendars and schedules (generally referred to as "Outlook calendars") and any training materials related to the recording and payment of overtime. In June 2018, plaintiffs requested production of email accounts of named and opt-in plaintiffs.

**A. Outlook Calendars and Email Accounts**

After two meet and confers and numerous promises that production would be made, plaintiffs requested that defendant prioritize the production of Outlook calendars and email accounts related to four individuals who were to be deposed in the near future. On July 6, 2018, defendant notified plaintiffs that they had not retained calendars or email accounts of mortgage or residential loan officers ("MLOs") who had left defendants' employ before joining the litigation with the exception of Kelly Bolding. Her email account had been saved as part of a 2015 employment discrimination lawsuit filed by another employee. The Outlook calendars and

ORDER GRANTING IN PART
PLAINTIFFS' MOTION TO COMPEL

email accounts of Rick Clark, who was employed by defendant when he opted into this lawsuit, have been produced.

There is no serious dispute regarding the relevance of the MLO's work-related calendars and email accounts. Defendant has taken the position that MLOs either did not work overtime or were paid for any overtime worked. Plaintiffs allege that defendant had formal and informal policies in place that required overtime work but discouraged reporting overtime hours. The calendars and email accounts would help establish the hours kept by MLOs and, when compared with the employee timesheets and pay records, help ascertain whether all hours were reported and/or paid. Defendant shall, therefore, produce any and all work-related calendars, schedules, and email accounts for all class members and any Idaho MLOs who join this action.[1] If it has not already done so, defendant shall immediately take whatever steps are necessary to preserve the records of Idaho MLOs who may yet join the litigation.

The Court is concerned regarding defendant's document preservation activities and its seeming inability to explain or describe its efforts to search for and produce the requested information. Defendant has repeatedly asserted that it has undertaken a "reasonably diligent search and inquiry" (Dkt. # 100-1 at 11), only to subsequently find additional documents. It has also taken the position that its efforts to preserve electronic data are somehow privileged and has refused to provide additional information regarding those efforts. Finally, and most troubling, it appears that defendant continued deleting putative class members' calendars and accounts not only after it was put on notice of potential wage and hour claims in July 2016[2] and after this class action was filed in April 2017, but even after plaintiffs served their initial discovery requests. The Court deems an evidentiary hearing premature at this juncture, but will require

---

[1] Class certification was recently granted: limiting production to only the named and opt-in plaintiffs would be inefficient.

[2] The Court has not considered the deposition testimony of Wendy Anderson (Dkt. # 119 at 5-9) for purposes of this motion.

ORDER GRANTING IN PART
PLAINTIFFS' MOTION TO COMPEL -2-

more specific information and supplemental discovery responses so that the record is clear.

**B. Training Materials**

Defendant asserts that it has produced all of its written training materials related to the recording and payment of overtime and has checked with MLO managers to determine whether they have produced or disseminated such materials. Defendant shall amend its discovery responses to affirmatively state whether all responsive documents have been produced.

For all of the foregoing reasons, plaintiffs' motion to compel is GRANTED in part. Defendant shall, within twenty-one days of the date of this Order:

- produce all responsive work-related calendars and schedules (generally referred to as "Outlook calendars") for all class members;

- produce all responsive email accounts for all class members;

- search current employees' email accounts and produce all emails or Outlook invitations written to or from class members from April 17, 2014, forward;

- describe in detail the efforts that resulted in the above production;

- state whether any other types of documents or electronic files exist that could substitute for missing Outlook calendars and email accounts as plaintiffs attempt to determine when each MLO was actually working;

- state when each class members' Outlook calendars and email accounts were destroyed or otherwise rendered inaccessible;

- preserve the Outlook calendars and email accounts of any Idaho MLOs who have not yet joined this litigation; and

- amend its discovery responses to affirmatively state that all Outlook calendars, email accounts, and training materials in its possession have been produced (any caveats to that statement must be set forth in great detail).

//

Plaintiffs' request for an evidentiary hearing is DENIED without prejudice.

Dated this 24th day of October, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge