UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLY BOLDING, *et al.*,

        Plaintiffs,

    v.

BANNER BANK,

        Defendant.

Case No. C17-0601RSL

ORDER DENYING MOTION FOR RECONSIDERATION

On October 10, 2018, the Court granted in part plaintiff's motion for class certification, certifying three subclasses so that plaintiffs could pursue state law wage claims under Washington, Oregon, and California law. Plaintiffs are current and former mortgage loan officers, real estate commissioned loan officers, and/or residential lenders (collectively, "MLOs") employed by defendant Banner Bank and/or its predecessor, AmericanWest Bank ("AWB"). Plaintiffs allege that Banner Bank requires MLOs to work "off the clock" without compensation and that it is liable for AWB's similar pre-acquisition conduct. The Court conditionally certified a collective action under the Fair Labor Standards Act ("FLSA") based on plaintiffs' substantial allegations that putative class members were the victims of a single decision, policy, or plan. Dkt. # 33.

Banner Bank filed a timely motion for reconsideration, arguing that the Court "manifestly erred in (i) concluding the named plaintiffs are adequate representatives for some of the classes defined in the Order, and (ii) concluding numerosity is met with respect to the AWB

ORDER DENYING MOTION FOR
RECONSIDERATION

subclasses." Dkt. # 138 at 2.[1] No "AWB subclasses" were certified, however, and the named plaintiffs are clearly adequate representatives of the subclasses defined by the Court. Defendant's real objection is to the fact that the Court declined to split the subclasses even further, from three to six, so that AWB's practices could be tested under Washington, Oregon, and California law separately from Banner Bank's practices. Defendant does not, however, show that further parsing of the classes is appropriate under, much less compelled by, concepts of standing or class certification.

The issue raised by plaintiff's motion for class certification and again by defendant's motion for reconsideration is whether the similarities of injuries suffered by the named plaintiffs and the unnamed class members justifies class treatment. Although defendant's motion is steeped in the language of standing, it does not seriously dispute that the named plaintiffs have individual standing to bring a claim under Washington, Oregon, or California law. Ms. Bolding alleges that she was deprived wages while working for Banner Bank and its predecessor in Washington. Mr. Manfredi alleges that he was deprived wages while working for AWB in California. Ms. Ward alleges that she was deprived wages while working for Banner Bank in Oregon. Thus, each named plaintiff has standing to bring a wage claim against Banner Bank under his or her state's laws. "'[O]nce the named plaintiff demonstrates her individual standing to bring a claim, the standing inquiry is concluded, and the court proceeds to consider whether the Rule 23(a) prerequisites for class certification have been met.' . . Stated differently, '[r]epresentative parties who have a direct and substantial interest have standing; the question whether they may be allowed to present claims on behalf of others who have similar, but not identical, interests depends not on standing, but on an assessment of typicality and adequacy of representation.'" Melendres v. Arpaio, 784 F.3d 1254, 1262 (9th Cir. 2015) (quoting Newberg on Class Actions § 2:6 and 7AA Charles Alan Wright, et al., Federal Practice & Procedure

---

[1] The Court has not considered the new evidence submitted with defendant's reply memorandum, Dkt. # 144 and # 144-1.

§ 1785.1 (3d ed.)).

In Melendres, plaintiffs alleged that the Maricopa County Sheriff's Office had a custom, policy, and practice of profiling Latino drivers and passengers, a policy that was primarily implemented during "saturation patrols" or "crime suppression sweeps." With an exception not relevant here, all of the named plaintiffs had been caught up in saturation patrols, and defendants challenged their standing and/or adequacy to represented absent class members who were stopped during regular, non-saturation patrols, allegedly pursuant to the same policy or practice. Essentially, the Melendres defendants argued that the district court erred by not increasing the number of subclasses to capture differences between the representatives and the absent class members. The defendants argued that plaintiffs had to separately prove a pattern or practice of constitutional violations on regular patrols, and that only a person who had been stopped on such a patrol had standing to pursue such a claim. The Ninth Circuit rejected the argument on the ground that the named plaintiff's claims did not "implicate a significantly different set of concerns" than the absent class members' claims. Id. at 1263 (quoting Gratz v. Bollinger, 539 U.S. 244, 265 (2003)). The Ninth Circuit also rejected a narrow, technical approach to determining whether the injury suffered or the relief sought are sufficiently similar was unwarranted. "[W]e must examine the questions realistically: we must reject the temptation to parse too finely, and consider instead the context of the inquiry." Id. (quoting Armstrong v. Davis, 275 F.3d 849, 867 (9th Cir. 2001)).

In this case, plaintiffs have challenged Banner Bank's wage policies and practices, have presented evidence that those same policies and practices were in place at AWB prior to its acquisition by Banner Bank, and argue that Banner Bank is liable for any and all wage violations committed by itself or AWB during the limitations period. The primary issue in this litigation is whether MLOs were discouraged and/or barred from reporting all the time they worked, regardless whether the wages were withheld on AWB's watch or after it was acquired by Banner Bank. Banner Bank suggests that the answer to that question could vary over time and that the

banks' policies should be litigated by two separate subclasses, one made up of AWB employees and the other made up of Banner Bank employees. The record before the Court during the class certification process did not support such a division, however. The claims of the named plaintiffs need not be identical to those of the absent class members for the case to proceed in a representative capacity, and the Court made findings regarding typicality and adequacy that are not manifestly erroneous. Given the similarities in the injuries suffered, the conduct that allegedly caused those injuries, and the nature of the relief requested, the concerns of the named plaintiffs do not differ in any significant way from those of the class as a whole.

Defendant's standing argument fails as a matter of law and its implicit class certification argument fails on the facts. The motion for reconsideration is therefore DENIED.

DATED this 6th day of December, 2018.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR
RECONSIDERATION                    -4-