UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLY BOLDING, *et al.*,

      Plaintiff,

  v.

BANNER BANK,

      Defendants.

Case No. C17-0601RSL

ORDER REGARDING CLASS NOTIFICATION

This matter comes before the Court on "Plaintiffs' Motion to Approve Proposed Class Notification." Dkt. # 187. Plaintiffs seek permission to tell class members that the named plaintiffs are pursuing class claims for (1) wages owed for unpaid compensable work, (2) unpaid overtime, and (3) wages, damages, and penalties for missed rest/meal breaks and inaccurate wage statements. Dkt. # 188 at 7-8. The Court did not, however, certify a class (or subclasses) related to the rest and meal break claims or the wage statement claim. Both the conditional certification of a collective action under the Fair Labor Standards Act and the Rule 23 class certification were based on plaintiff's allegations that Banner Bank had a multi-prong, but unified, policy designed to prevent mortgage loan officers from reporting and receiving compensation for all hours worked. Dkt. # 33 at 3; Dkt. # 71 at 8; Dkt. # 135 at 2 and 4. To the extent plaintiffs intended to seek certification of rest/meal break or wage statement classes, that intent was hidden by their motions' focus on Banner Bank's failure to pay wages for all hours worked and the decisions, policies, and plans that resulted in that failure. Regardless of plaintiffs' subjective intent, the Court did not conduct the rigorous analysis necessary to

determine whether a proposed rest/meal break class or a wage statement class satisfies the prerequisites of Rule 23(a), and it did not make findings (i) that common issues of law or fact would predominate the litigation of those claims or (ii) that representative litigation of the claims would be superior for purposes of Rule 23(b)(3). The Court did not, and did not intend to, certify a rest/meal or wage statement claim as a class action.

The parties agree, and plaintiffs' proposed class notice correctly informs class members, that the compensable work for which class-wide relief is sought includes work performed during rest or meal periods. Dkt. # 188 at 7. To the extent the notice promises class members that the named plaintiffs will seek class-wide relief other than compensation for all hours worked at straight or overtime rates, it exceeds the class certification order.

Having reviewed the submissions of the parties, the Court finds that a class notice in the attached form, mailed and emailed to each class members' last known addresses, is appropriate. Plaintiffs' counsel shall, within 60 days of the issuance of the notice, provide defendant with a list of recipients who have opted out of the class.

Dated this 18th day of June, 2020.

*MMS Lasnik*

Robert S. Lasnik
United States District Judge