UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLY BOLDING, *et al.*,

        Plaintiff,

   v.

BANNER BANK,

        Defendants.

Case No. C17-0601RSL

ORDER GRANTING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

This matter comes before the Court on "Plaintiffs' Motion for a Protective Order to Prevent Defendant from Issuing Harassing Subpoenas for Two Class Members' Irrelevant Post-Discharge Employment Records." Dkt. # 198. This is a class action seeking compensation on behalf of mortgage loan officers for all hours worked while they were employed by Banner Bank and/or its predecessor, AmericanWest Bank. Defendant asserts that its mortgage loan officers were fully compensated for all hours worked.[1]

Ms. Bolding currently works at Potlatch No. 1 Federal Credit Union and worked at Numerica Credit Union immediately after leaving Banner's employ. Ms. Taylor currently works at Numerica. During their depositions in this case, Ms. Bolding and Ms. Taylor answered questions regarding their post-Banner employment and timekeeping activities. Following the depositions, defendant notified plaintiffs that they intended to serve subpoenas on the post-

---

[1] Class representative Kelly Bolding and class member Miranda Taylor are also pursuing gender discrimination and retaliation claims against defendant in a lawsuit filed in state court on January 11, 2019.

ORDER GRANTING PLAINTIFFS'
MOTION FOR PROTECTIVE ORDER

Banner employers seeking "[a]ll employment records . . . related to timekeeping, including but not limited to: timecards, time-entry attestations, overtime approval requests, and payroll data." *See, e.g.*, Dkt. # 199 at 11. Plaintiffs objected to the discovery and, following a meet and confer, filed this motion for a protective order prohibiting the issuance of subpoenas to the post-Banner employers.[2]

Rule 26 of the Federal Rules of Civil Procedure governs the permissible scope of discovery in federal civil litigation. Rule 26(b) sets forth the threshold requirement that information sought to be discovered must appear "relevant to any party's claim or defense and proportional to the needs of the case . . . ." Rule 26(c) then provides the courts with the authority to issue, for good cause, a protective order to prevent "annoyance, embarrassment, oppression, or undue burden or expense" in connection with documents sought in discovery. This includes "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters...." Fed. R. Civ. P. 26(c)(1)(D). To establish good cause under Rule 26(c), the movant must show "'that specific prejudice or harm will result' if the protective order is not granted." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Thus, in reviewing plaintiffs' motion for a protective order, courts must consider both whether the discovery falls within the scope of Rule 26(b) and whether the relevance of the information sought outweighs its potential to annoy, embarrass, oppress, or unduly burden the opposing party.

In the context presented here, courts in this district generally find that "employment records from separate employers are not discoverable due to their highly private nature absent a

---

[2] In response to plaintiffs' motion, defendant agreed to forgo issuing a subpoena to Ms. Bolding's former employer, Numerica. Dkt. # 200 at 5 n.1.

specific showing by a defendant as to their relevance." *Scott v. Multicare Health Sys.*, Cause No. C18-0063-JCC, 2019 WL 1559211, at *2 (W.D. Wash. Apr. 10, 2019) (quoting *Paananen v. Cellco P'ship*, Cause No. C08-1042-RSM, 2057048, at * 3 (W.D. Wash. July 15, 2009)). *See also Greenburg v. Red Robin Int'l, Inc.*, Cause No. C17-6052-BHS, 2018 WL 2329671, at *1 (W.D. Wash. May 23, 2018). In addition to the privacy concerns discussed in these cases, Ms. Bolding and Ms. Taylor also point out that the industry in which they are employed has been beset by wage and hour litigation, and that there is a fair chance that a request directed to their new employers for timekeeping records would cause alarm to, if not friction with, their current employers. While defendant discounts this concern, courts have recognized that notifying a current employer of the filing of a claim can be considered retaliatory because it would chill employees' willingness to pursue statutory claims and remedies for fear of adversely impacting future employment opportunities. *Rutherford v. Am. Bank of Commerce*, 565 F.2d 1162, 1164 (10th Cir. 1977) (affirming finding that former employer retaliated when it notified plaintiff's current employer that plaintiff had filed a discrimination charge). *See also Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006) ("The scope of the antiretaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm."). Providing such notice in the guise of a subpoena will therefore be permitted only if defendant's showing of relevance outweighs the potential prejudice.

Defendant argues that time records from Ms. Bolding's and Ms. Taylor's current employers are relevant because they "testified the overtime they work at their current employers are a reasonable proxy for the overtime they claim they worked at Banner and AWB - which is the sole issue driving this lawsuit." Dkt. # 200 at 10. The witnesses said no such thing, however. In response to questioning from defense counsel, Ms. Bolding stated that she has worked at Potlatch as a mortgage loan officer since April 2018, that she is a non-exempt employee, that she records all hours worked, and that she works more than 40 hours per week, with one to three hours of overtime each week. Dkt. # 201-1 at 15-16. Ms. Bolding did not say that she performed

the mortgage loan officer position in the same way at both Banner Bank and Potlatch or that her hours at Potlatch were a proxy for her hours at Banner. In fact, she identified specific differences in the way she used and recorded her time at the two employers. Dkt. # 201-1 at 16. Ms. Taylor stated that she has been working as a non-exempt home loan officer for Numerica in Spokane since September 2017, that the position involves originating loans for borrowers and participating in realtor association events, that the position requires overtime, that her overtime varies but averages between 15 to 20 hours per week, and that she accurately reports and is paid for all hours worked at Numerica. Once again, counsel did not ask, and Ms. Taylor did not say, that "the overtime [she] work[s] at [her] current employer[ is] a reasonable proxy for the overtime [she] claim[s she] worked at Banner and AWB."

Plaintiffs' wage claims concern how many hours each employee worked for Banner in a given week and whether they reported and were paid for that work. Plaintiffs' allegations against Banner do not implicate their current employers. Defendant has not shown that information regarding the number of hours worked/reported/paid at their current employers will allow Banner to calculate the number of hours Ms. Bolding and Ms. Taylor worked at Banner/AWB in any given week or in total. Neither witness tied their current timekeeping records to the hours they worked at Banner/AWB, much less testified that one was a proxy for the other.

At most, Banner is attempting to prove or disprove an entirely collateral issue, namely the number of hours of overtime Ms. Bolding and Ms. Taylor worked after they left Banner's employ. Neither that fact nor the witnesses' truthfulness in testifying regarding this collateral issue is relevant to any claim or defense asserted in this litigation. Defendant has not, therefore, made a specific showing of relevance sufficient to demonstrate that Ms. Bolding's and Ms. Taylor's timekeeping records at their current employers are discoverable in this case. Moreover, plaintiffs have established good cause warranting a protective order precluding defendant from seeking Ms. Bolding's and Ms. Taylor's records from their current employer. As discussed above, plaintiffs have a privacy interest in their employment records and have cited the negative

impact that defendant's proposed subpoenas could have on their current employment situations. Combined with defendant's failure to show that the records are relevant to any claim or defense in this litigation, plaintiffs' interests and concerns constitute good cause meriting entry of a protective order under Rule 26(c).

For all of the foregoing reasons, plaintiffs' motion for protective order prohibiting defendant's proposed third-party discovery (Dkt. # 198) is GRANTED. Defendant shall not issue a third-party subpoena or otherwise seek discovery regarding Ms. Bolding's or Ms. Taylor's timekeeping records from their current employers.

Dated this 2nd day of July, 2020.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFFS'
MOTION FOR PROTECTIVE ORDER        -5-