1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
KELLY BOLDING, *et al.*,                )
                                        )    Case No. C17-0601RSL
                      Plaintiff,        )
                                        )
          v.                            )
                                        )    ORDER REGARDING DEFENDANT'S
BANNER BANK,                            )    MOTION TO COMPEL PRODUCTION
                                        )    OF FEE AGREEMENTS
                      Defendants.       )
_____)

        This matter comes before the Court on "Defendant Banner Bank's Motion to Compel Fee

Agreements." Dkt. # 189. The Ninth Circuit has determined that certain types of incentive

arrangements between the named plaintiffs and class counsel are relevant to the evaluation of the

adequacy of the representation under Fed. R. Civ. P. 23. *See Radcliffe v. Experian Info. Sols.*

*Inc.*, 715 F.3d 1157, 1164 (9th Cir. 2013) (conditional incentive awards that require class

representatives to support the proposed settlement make them inadequate representatives of the

absent class members); *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 959-60 (9th Cir.

2009) (finding that a fee agreement in which counsel promised to request class representative

awards on a sliding scale based on the amount recovered disjoined the financial interests of the

representatives from the class, creating a disincentive for going to trial in favor of settling at the

top end of the scale, a disincentive for pursing non-monetary remedies, the appearance of

"shopping plaintiffships," and the potential for ethical violations); *In re Cavanaugh*, 306 F.3d

726, 732 (9th Cir. 2002) ("The presumptive lead plaintiff's choice of counsel and fee

arrangements may be relevant in ensuring that the plaintiff is not receiving preferential treatment through some back-door financial arrangement with counsel, or proposing to employ a lawyer with a conflict of interest."). The existence of such preferential arrangements or other conflicts with absent class members are therefore legitimate targets of discovery. Because the Court has an on-going obligation to ensure that class-wide adjudication or settlement of the claims is appropriate (*see United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Industrial & Serv. Workers Int'l Union v. ConocoPhillips Co.*, 593 F.3d 802, 809 (9th Cir. 2010)), the fee structure remains relevant even though the classes have already been certified. *See also Radcliffe*, 715 F.3d at 1164 ("We once again reiterate that district courts must be vigilant in scrutinizing all incentive awards to determine whether they destroy the adequacy of the class representatives.").

*Radcliffe*, *Rodriguez*, and *Cavanaugh* arose in contexts other than a discovery dispute. In that context, a number of district courts within the Ninth Circuit have been unwilling to compel production of the written fee agreements in the absence of a reasonable basis for suspecting that an improper incentive agreement or conflict exists. *See Larsen v. Coldwell Banker Real Estate Corp.*, 2011 WL 13131127, at *3 (C.D. Cal. Oct. 4, 2011) (where there is no evidence of a suspect relationship or conflict, the fee agreement was deemed irrelevant and not likely to lead to the discovery of admissible evidence); *In re Google AdWords Litig.*, 2010 WL 4942516, at *4-5 (N.D. Cal. Nov. 12, 2010) (noting that retainer agreements should not be discoverable in class actions where there is no evidence of a suspect incentive structure or conflict of interest). These courts implicitly or explicitly acknowledge, however, that defendants must be given some opportunity to obtain evidence regarding the fee arrangements, even if production of the agreement itself will not be compelled absent reasonable suspicion. *Pappas v. Naked Juice Co. of Glendora*, 2012 WL 12885109, at *6 (C.D. Cal. Dec. 5, 2012) (accepting plaintiffs' assertions that retainer agreements are not relevant to class certification and that the depositions of the proposed class representatives would provide an adequate opportunity for defendant to explore issues of adequacy prior to class certification); *Larsen*, 2011 WL 13131127, at *3 (noting that

1  defendant would have the opportunity to test the veracity of plaintiff's declarations regarding the

2  fee provisions through depositions of the named plaintiffs).

3  In this case, defendant attempted to question the class representatives at their depositions

4  regarding the process by which they retained counsel, the terms of their fee agreements, and who

5  controls the decisions regarding settlement or trial. Plaintiffs' counsel objected, asserting that the

6  information was privileged and instructing the witnesses not to answer. In the place of live

7  witness testimony with the concomitant ability to ask follow-up questions, plaintiffs offer the

8  static declaration of their counsel denying the existence of a conflict or improper incentive

9  payments. Dkt. # 196 at ¶¶ 5-6. Counsel's declaration is effectively unchallengeable, however,

10  and defendant is not required to forego permissible methods of discovery simply because

11  plaintiffs would prefer to provide factual evidence through a declaration.

12  Having reviewed the submissions of the parties, the Court finds that plaintiffs cannot

13  deprive defendant of the opportunity to gather relevant information regarding the incentive and

14  decision-making structures that govern the class representatives' relationships with counsel

15  through depositions and then object to requests for the fee agreements on the ground that there is

16  no reasonable basis to suspect the existence of a conflict or improper incentives. In the context

17  presented here, plaintiffs' relevance objection is overruled. Plaintiffs shall either supplement

18  their responses to Requests for Production Nos. 25 and 29, including production of the fee

19  agreement(s) between the named plaintiffs and their counsel,[1] or make the named plaintiffs

20  available for additional questioning. If plaintiffs opt not to produce their fee agreements, the

21  renewed depositions shall be conducted by video and shall be limited to questions regarding

22  plaintiffs' fee arrangements and incentive/decision-making structures. Plaintiffs will be required

23  to pay defendant's attorney's fees and bear the costs associated with the court reporter and the

24  videographer.

25  _____

26  [1] To the extent the Requests for Production encompass privileged materials (such as billing records that reflect the advice or strategy of counsel), plaintiffs shall prepare a privilege log.

1   Dated this 6th day of July, 2020.

2

3                        Robert S. Lasnik

4                        United States District Judge