The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KELLY BOLDING, MICHAEL MANFREDI, and SARAH WARD, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br> v.<br><br>BANNER BANK, a Washington Corporation,<br><br>      Defendant. | No. 2:17-cv-601-RSL<br><br>DEFENDANT BANNER BANK'S MOTION TO DISQUALIFY THE BLANKENSHIP LAW FIRM AND CLASS REPRESENTATIVE KELLY BOLDING FROM REPRESENTING THE PUTATIVE CLASS AND COLLECTIVE OPT-INS<br><br>***Note on Motion Calendar: October 16, 2020*** |

DEF.'S MOT. TO DISQUALIFY
(2:17-cv-601-RSL)

Davis Wright Tremaine LLP
Suite 3300
920 5th Avenue
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   FACTUAL BACKGROUND ................................................................................ 2

    A.    Blankenship Represents Bolding in *Erickson* Lawsuit Against AWB. .................. 2

    B.    Blankenship Represents Bolding in EEOC Charge. ............................................... 2

    C.    Blankenship Represents Bolding and Files Instant Wage-and-Hour Class
        and Collective Action Against Banner in April 2017. ............................................ 3

        1.    The Class and Collective Claims. .................................................................. 3

        2.    Bolding's Testimony in Class and Collective Action. ................................... 4

        3.    The Court's Certification of Collective and Class. ........................................ 4

    D.    Blankenship Represents Bolding in Currently Pending Individual Lawsuit
        Against Banner. ....................................................................................................... 5

    E.    Blankenship's Fee Agreements with Class Representatives. ................................. 7

III.  ARGUMENT ....................................................................................................... 7

    A.    Bolding Should Be Disqualified as Class Representative. ..................................... 8

        1.    Bolding Pursues Her Individual Discrimination Claims to the
            Detriment of the Interests of the *Bolding I* Class. ....................................... 9

        2.    Bolding Inflated Her Claimed Overtime in This Case, Contrary to
            Her Sworn Testimony in *Erickson*. ........................................................... 10

    B.    Blankenship Is Conflicted and Should Be Disqualified as Class Counsel. .......... 11

IV.   CONCLUSION .................................................................................................... 15

DEF.'S MOT. TO DISQUALIFY
(2:17-cv-601-RSL) - i

Davis Wright Tremaine LLP
Suite 3300
920 5th Avenue
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Baas v. Dollar Tree Stores, Inc.*,
    2008 WL 906496 (N.D. Cal. Apr. 1, 2008) .................................................................8, 12, 13

*Berger v. Compaq Computer Corp.*,
    257 F.3d 475 (5th Cir. 2001) ............................................................................................8

*Davis v. Kraft Foods N. Am.*,
    2006 WL 237512 (E.D. Pa. Jan. 31, 2006) ...........................................................................13

*Del Campo v. Am. Corrective Counseling Servs., Inc.*,
    2008 WL2038047 (N.D. Cal. May 12, 2008) .........................................................................1

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998), *overruled on other grounds by Wal-Mart*
    *Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ...............................................................7, 8

*Harris v. Vector Mktg. Corp.*,
    753 F. Supp. 2d 996 (N.D. Cal. 2010) ..................................................................................10

*Kurczi v. Eli Lilly & Co.*,
    160 F.R.D. 667 (N.D. Ohio 1995) ..........................................................................................10

*Levias v. Pac. Mar. Ass'n*,
    2010 WL 358499 (W.D. Wash. Jan 25, 2010)......................................................................8, 10

*McCauley v. Family Dollar, Inc.*,
    2010 WL 11565164 (W.D. Ky. Nov. 1, 2010) .......................................................................13

*Moreno v. Autozone, Inc.*,
    2007 WL 4287517 (N.D. Cal. Dec. 6, 2007)................................................................8, 11, 12

*Nehad v. Mukasey*,
    535 F.3d 962 (9th Cir. 2008) ..................................................................................................15

*Pena v. Taylor Farms Pac., Inc.*,
    305 F.R.D. 197 (E.D. Cal. 2015) ...........................................................................................10

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985).................................................................................................................7

*Ross v. RBS Citizens, N.A.*,
    2010 WL 3980113 (N.D. Ill. Oct. 8, 2010)...........................................................................10

DEF.'S MOT. TO DISQUALIFY
(2:17-cv-601-RSL) - ii

Davis Wright Tremaine LLP
Suite 3300
920 5th Avenue
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*Ruderman ex rel. Schwartz v. Wash. Nat'l. Ins. Co.*,
    263 F.R.D. 670 (S.D. Fla. 2010)................................................................................................12

*Sondel v. Nw Airlines, Inc.*,
    56 F.3d 934 (8th Cir. 1995) ........................................................................................................1

*Volz v. Provider Plus, Inc.*,
    2015 WL 5734916 (E.D. Mo. Sept. 29, 2015)..........................................................................14

*Wexler v. AT & T Corp.*,
    323 F.R.D. 128 (E.D.N.Y. 2018) ................................................................................................9

**State Cases**

*Jones v. Feiger, Collison & Killmer*,
    903 P.2d 27 (Colo. App. 1994) .................................................................................................14

*In re Marriage of Wixom*,
    182 Wn. App. 881 (2014) ....................................................................................................11, 12

*Walker v. Apple, Inc.*,
    Cal. App. 5th 1098, 1112-13, 209 Cal. Rptr. 3d 319 (2016) .....................................................12

**Rules**

Washington Rules of Professional Conduct
    1.2...............................................................................................................................................14
    1.7(a) ..........................................................................................................................................12
    1.16.............................................................................................................................................11
    cmt. 1..........................................................................................................................................14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEF.'S MOT. TO DISQUALIFY
(2:17-cv-601-RSL) - iii

Davis Wright Tremaine LLP
Suite 3300
920 5th Avenue
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# I.    INTRODUCTION

"[A]dequacy of representation is perhaps the most significant of the prerequisites to a determination of class certification." *Del Campo v. Am. Corrective Counseling Servs., Inc.*, 2008 WL2038047, at *4 (N.D. Cal. May 12, 2008).  "[C]ertified representatives and the class counsel assume[] certain fiduciary responsibilities to the class" so that "the certified representatives may not take any action which will prejudice the Class's interest, or further their personal interests at the expense of the Class." *Sondel v. Nw Airlines, Inc.*, 56 F.3d 934, 938-39 (8th Cir. 1995).  Yet Plaintiff Kelly Bolding and her counsel, The Blankenship Law Firm ("Blankenship"), have shirked their fiduciary duties to the class by initiating a separate pending individual lawsuit against Defendant Banner Bank ("Banner") in King County Superior Court and asserting claims that conflict with and undermine the class claims here.  The separate, individual case asserts claims for gender discrimination, including allegations that Banner permitted male Mortgage Loan Officers ("MLOs") to work and record overtime and allowed flexibility in their schedules, but not female MLOs.  In doing so, Bolding and Blankenship—in advancing Bolding's individual discrimination claims—are undermining the class's claims in the present case that Banner uniformly required ***all*** MLOs to work unpaid overtime.  This also has them both accusing class members in this case (who also served as MLO managers) of actionable misconduct.

Moreover, Bolding provided false deposition testimony, which also poses a class conflict. She testified in an earlier case to have worked on average about five hours of overtime in about 20% of her workweeks.  But in this case her estimate effectively quadrupled to an average of ten hours of overtime during "most" of her workweeks.  One or the other statement—both sworn under penalty of perjury—necessarily is false.

Finally, Blankenship's fee agreement with Plaintiff Michael Manfredi ("Manfredi") impermissibly gives Blankenship settlement authority over the objection of his client.  It does so by ██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████

Davis Wright Tremaine LLP
LAW OFFICES
Suite 3300
920 5th Avenue
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    Based on these conflicts of interests, Banner moves this Court to disqualify Bolding and

2 Blankenship from serving as class representative and class counsel, respectively.

3                              **II.    FACTUAL BACKGROUND**

4    Class representative Bolding has either filed or actively participated in four separate legal

5 proceedings against Banner and AmericanWest Bank ("AWB").  Blankenship represented

6 Bolding in each matter.

7         **A.    Blankenship Represents Bolding in *Erickson* Lawsuit Against AWB.**

8    In January 2015, two years before filing the instant action, five former AWB employees

9 filed a lawsuit against AWB in King County Superior Court, *Erickson, et al. v. AmericanWest*

10 *Bank*, No. 15-2-01976-7 SEA (hereafter, "*Erickson*").  Declaration of Sheehan Sullivan

11 ("Sullivan Decl.") ¶ 2.  The *Erickson* plaintiffs asserted claims of gender discrimination, sexual

12 harassment, and retaliation.  *Id.*  Scott Blankenship and the Blankenship Law Firm represented

13 the *Erickson* plaintiffs.  *Id.*; *see also* Dkt. 1.

14    Bolding was a third-party witness in *Erickson* and Blankenship purported to represent her

15 at her depositions on March 1 and June 10, 2016.  Sullivan Decl. ¶ 3, Ex. A (Bolding *Erickson*) at

16 4:19-21 & 6:15-17.[1]  In *Erickson*, Bolding testified, among other things, that she worked

17 unrecorded overtime for 20% of the weeks of her employment at AWB and Banner, and, on

18 average during those weeks, worked approximately five unreported hours of overtime.  Bolding

19 *Erickson* at 253:23-255:7.  Bolding testified that her manager Hunt did not want ***any*** MLOs

20 (regardless of gender) to record overtime.  *Id*. at 252:15-18.  Bolding even testified that Hunt had

21 instructed Stephen Boyd, a male MLO, not to record overtime.  *Id.* at 255:14-22.

22         **B.    Blankenship Represents Bolding in EEOC Charge.**

23    In November 2016, after her testimony in *Erickson*, Bolding filed an Equal Employment

24 Opportunity Commission ("EEOC") Charge against Banner.  Sullivan Decl. ¶ 4.  Blankenship

25 represented Bolding in the agency proceeding.  *Id.* ¶ 4, Ex. B.  Bolding alleged she was

26

27 [1] Banner attaches deposition excerpts to the Declaration of Sheehan Sullivan at ¶¶ 3, 5 8-9, Exs. A, C, E, F.  For
efficiency, Banner cites to the depositions directly in this motion.

DEF.'S MOT. TO DISQUALIFY
(2:17-cv-601-RSL) - 2

Davis Wright Tremaine LLP
LAW OFFICES
Suite 3300
920 5th Avenue
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

discriminated and retaliated against on the basis of her gender.  *Id.*  Among other things, Bolding premised her EEOC Charge on her sworn statement asserting that "males receiv[ed] preferential treatment and better terms and conditions of employment ***such as being allowed more freedom to take time off and related to pay and overtime***."  *Id.*

### C.    Blankenship Represents Bolding and Files Instant Wage-and-Hour Class and Collective Action Against Banner in April 2017.

In April 2017, Bolding and Michael Manfredi, former AWB and Banner MLOs, commenced this action (hereinafter, "*Bolding I*") on behalf of themselves and a putative class of "all current and former Banner Bank loan officers, as well as loan officer employees of other banks merged with or acquired by Banner Bank during the relevant statutory period . . . ."  Dkt. 1 ¶ 11.  Blankenship is class counsel and represents the named plaintiffs/class representatives— Bolding, Manfredi, and Sarah Ward[2]—as well as the collective opt-ins and class members.  *Id.*

### 1.    The Class and Collective Claims.

Bolding's class and collective action Complaint alleges AWB and Banner failed to compensate MLOs for overtime worked off the clock.  *See* Dkt. 1 at 1.  Plaintiffs allege "***all*** MLOs were subjected to the same practices and procedures regarding timekeeping, and overtime compensation," Dkt. 72 at 54-55 ¶ 41 (emphasis added), which "***uniformly*** prevent[ed] MLOs from reporting all hours worked," Dkt. 71 at 8 (emphasis added).  The Complaint alleges that "[t]he pay practices regarding submitting overtime were ***the same across the Bank for other MLOs*** . . . ."  Dkt. 72 at 50 ¶ 13 (emphasis added).  Bolding alleges in her Complaint that AWB and Banner required ***all*** MLOs to be physically present and working in a bank branch or office during normal business hours (typically 9:00 a.m. to 5:00 p.m.) while also requiring ***all*** MLOs to work mornings, evenings, and weekends to accommodate customer availability and demands, thus resulting in mandatory overtime work.[3]  Bolding also alleges AWB and Banner had "an

---

[2] In July 2018, Bolding and Manfredi filed an amended complaint, which added former Banner MLO Sarah Ward as a named plaintiff.  *See* Dkt. 97.
[3] *See* Dkt. 71 at 7:18-20 (alleging AWB's and Banner's "policies and practices forced MLOs to both work both during business hours (9:00 to 5:00) and before and after business hours to secure and maintain customers seeking loans"); *see also* Dkt. 72 at 66 ¶ 36 & 76 ¶ 32 ("The bank hours for MLOs were typically 9 AM to 5 PM, the hours

DEF.'S MOT. TO DISQUALIFY
(2:17-cv-601-RSL) - 3

Davis Wright Tremaine LLP
LAW OFFICES
Suite 3300
920 5th Avenue
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    unwritten policy" of discouraging *all* MLOs from reporting overtime.  *See* Dkt. 71 at 11; *see also*

2    Dkt. 72 at 67 ¶ 46 & 105 ¶ 52 ("I did not get compensated for overtime that I worked and my

3    managers knew that I was not recording it, or discouraged me from recording it.  I felt pressured

4    not to record overtime, even though I had to work overtime to do my job.").

5            **2.       Bolding's Testimony in Class and Collective Action.**

6            On August 1, 2018, Banner deposed Bolding on the basis of her class and collective

7    claims.  Bolding testified she worked approximately *ten* hours of unrecorded overtime during

8    "most" weeks at AWB and Banner, which is in stark contrast to the testimony she provided in

9    *Erickson* just a few months after she resigned from Defendant where she estimated five hours of

10   overtime "on occasion" or just 20% of her workweeks.  *Compare* Bolding *Bolding I* at 157:4-

11   158:19 *with* Bolding *Erickson* at 253:23-255:7.

12           Bolding also testified that her prior manager, Ken Hunt, told the MLOs under his

13   supervision (including Bolding) that he expected them to be physically present in the office

14   working during typical business hours.  Bolding *Bolding I* at 110:7-114:17.  Despite this, Bolding

15   testified Hunt instructed *all* MLOs under his supervision—regardless of gender—not to record

16   overtime hours in AWB's and Banner's timekeeping systems unless they hit certain production

17   goals.  *Id*. at 80:21-81:24.

18           Significantly, Hunt is also a class member in *Bolding I* given his service as an MLO

19   during the class period.  Sullivan Decl. ¶ 6.[4]

20           **3.       The Court's Certification of Collective and Class.**

21           On December 15, 2017, the Court conditionally certified a collective action of all current

22   and former MLOs that worked for Banner or AWB any time since December 15, 2014.  Dkt. 33.

23           On October 10, 2018, the Court certified a class of all current and former AWB and

24

25   that bank branches were open.  [MLOs] were expected to work during these hours, in addition to being available
     outside of these hours, including weekends.").

26   [4] Class Counsel requested the depositions of Hunt and two other former managers/current class members.  Sullivan
     Decl. ¶ 7.  Considering the witnesses to be adverse, Class Counsel sent deposition notices to Banner's counsel and

27   asked Banner to coordinate with them for their depositions.  *Id.* at Ex. D.  Banner's counsel reminded Class Counsel
     that the former managers were class members with whom Banner could not communicate.  *Id.*

DEF.'S MOT. TO DISQUALIFY
(2:17-cv-601-RSL) - 4

Davis Wright Tremaine LLP
LAW OFFICES
Suite 3300
920 5th Avenue
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1
2
3
4
5
6
7

Banner MLOs who worked at Banner in Washington, Oregon, or California during the relevant statutory periods.  Dkt. 135 at 12.  The Court held that the issue of whether Banner and AWB had a "policy of discouraging and/or barring MLOs from reporting overtime" was the common contention in this litigation and would be answered "in the negative" for all class members if Banner "took reasonable steps to ensure that its MLOs recorded all hours worked and/or that it had no reason to suspect that they were not doing so."  *Id.* at 5-7.  Bolding, Manfredi, and Ward were appointed as class representatives and Blankenship was appointed as class counsel.  *Id.*

8
9

### D.    Blankenship Represents Bolding in Currently Pending Individual Lawsuit Against Banner.

10
11
12
13
14
15
16
17
18
19

On January 11, 2019, almost two years after filing the collective and class lawsuit, Class Counsel filed another lawsuit on behalf of Bolding in King County Superior Court, *Bolding and Taylor v. Banner Bank*, No. 19-2-01058-4 SEA (hereinafter, "*Bolding II*").  *See* Dkt. 252 at Ex. D (*Bolding II* Complaint).  In *Bolding II*, Bolding and collective opt-in/class member, Miranda Taylor, allege claims against Banner for gender discrimination, hostile work environment, pre-and-post resignation retaliation, constructive discharge, and violations of the Equal Pay Act.  *Id.*  Bolding seeks damages for back pay, front pay, and emotional distress.  *Id.*  The claims center around former MLO manager and current *Bolding I* class member Hunt giving men on his team preferential treatment as compared to women, in a number of ways including allowing men, but not women, to work and record overtime and enjoy flexibility in their work locations and schedules.  *Id.*

20
21
22
23
24
25
26
27

On January 27, 2020, Banner deposed Bolding in *Bolding II,* where she provided testimony that conflicted with her previous testimony in *Bolding I*.  She testified that a single male manager, Hunt, enforced an unfair and discriminatory overtime policy against women.  In particular, Bolding testified that Hunt treated male MLOs and female MLOs differently when it came to the tracking and approval of overtime hours.  Bolding *Bolding II* at 114:7-119:20.  In stark contrast to her claims in *Bolding I* of uniform overtime practices applicable to *all* MLOs, she testified Hunt was "okay" with male MLOs recording overtime but had a "problem" with

Davis Wright Tremaine LLP
LAW OFFICES
Suite 3300
920 5th Avenue
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

female MLOs doing it and that Hunt "consistently" permitted male MLOs to record overtime, but "chastised" female MLOs for recording overtime.  *Id*. at 114:7-115:21, 116:8-21.  Blankenship affirmed Bolding's allegations, stating on the record in a different deposition that "there have been allegations in this case [*Bolding II*] that…with respect to men and women that…the time was tracked differently, that basically men were allowed to track their overtime differently than women, men were given more leeway to basically work overtime than women."  Hunt *Bolding II* at 241:5-17.

Again contrary to her claims of uniform practices for **all** MLOs in *Bolding I*, Bolding testified in *Bolding II* that, unlike female MLOs, male MLOs were not required to work or be in the office during "business" or bank branch hours.  Bolding *Bolding II* at 116:22-117:10.  Specifically, Bolding testified that male MLO (and *Bolding I* class member) Stephen Boyd worked in the AWB office "maybe two days a week" and another male MLO and Bolding I class member Jared Evenson worked in the office "maybe 65 percent of the time." *Id.* at 183:13-20; 184:9-13.  She testified Hunt discriminated against female MLOs by permitting male MLOs (including Boyd) to freely record overtime while "chastising" the female MLOs for recording overtime.  *Id.* at 115:7-21.  Bolding testified that it was "normal" for male MLOs "to leave early or to come in late," that male MLOs took non-work-related "long lunches on most days," and male MLOs were not "consistently" in the office during business or branch hours.  *Id.* at 183:13-20.  In her own words, male MLOs under Hunt had "near total freedom to come and go as they pleased."  Sullivan Decl. ¶ 10, Ex. G at 4 ¶ 11.f.

On March 5, 2020, Banner filed motions for summary judgment on Bolding's and FLSA opt-in plaintiff Miranda Taylor's claims in *Bolding II*.  *Id.* ¶ 11.  The summary judgment hearing date, April 3, 2020, and Plaintiff's opposition deadline was delayed several months due to the impacts of COVID-19 resulting in the case being reassigned to three different judges over time.  *Id.*  Plaintiffs filed oppositions to Banner's motions on August 3, 2020.  *Id.*  On September 11, 2020, the *Bolding II* Court heard oral argument, and the motions are still pending before the *Bolding II* Court.  *Id.*

Davis Wright Tremaine LLP
LAW OFFICES
Suite 3300
920 5th Avenue
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

### E.  Blankenship's Fee Agreements with Class Representatives.

The Blankenship Law Firm entered into separate fee agreements with Bolding, Manfredi and Ward.  The fee agreements differ significantly in substance.

Bolding and Blankenship entered into a fee agreement in October 2016, six months before this lawsuit was filed, that addresses only her individual claims against Banner.  *Id.* ¶ 12, Ex. H (Bolding Agreement).  On March 6, 2020, nearly three years after filing the class action lawsuit—and the same day mediation failed in ***Bolding II***—Blankenship and Bolding executed a separate "Supplemental Agreement for Services."  *Id.* ¶ 13 (Bolding Supplemental Agreement).  In the Supplemental Agreement, Bolding agreed ***for the first time*** to ██████████████████████

██████████████████████████████████████████████████

██████████████████████████████  *Id.* at Ex. I.  She also agreed ████████████

██████████████████████████████████████████████

██████████████████████████  *Id.*

In March 2017, Blankenship and Manfredi entered into a fee agreement in which Manfredi did not agree to ██████████████████████ or to ██████████████████ of the putative class or California sub-class.  *See id.* ¶ 14, Ex. J (Manfredi Agreement).  Moreover, Manfredi's agreement included the following clause:

██████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████

*Id.*

### III.  ARGUMENT

The Due Process Clause requires that absent class members are afforded adequate representation via class representatives and class counsel at all times prior to entry of judgment. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc.*

DEF.'S MOT. TO DISQUALIFY
(2:17-cv-601-RSL) - 7

Davis Wright Tremaine LLP
LAW OFFICES
Suite 3300
920 5th Avenue
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    *v. Dukes*, 564 U.S. 338 (2011).  Class representation is inadequate and a class representative or

2    class counsel should be disqualified if either one has an insurmountable conflict of interest with

3    other class members.  *Hanlon*, 150 F.3d at 1020.  Accordingly, "because absent class members

4    are conclusively bound by the judgment in any class brought on their behalf, the court must be

5    especially vigilant to ensure that the due process rights of all class members are safeguarded

6    through adequate representation at all times."  *Berger v. Compaq Computer Corp.*, 257 F.3d 475,

7    480 (5th Cir. 2001).  To determine adequacy, the Court must consider the following questions:

8    "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other

9    class members, and (2) will the representative plaintiffs and their counsel prosecute the action

10   vigorously on behalf of the class?"  *Baas v. Dollar Tree Stores, Inc.*, 2008 WL 906496, at *2

11   (N.D. Cal. Apr. 1, 2008) (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)).

12         Disqualification is appropriate where class counsel or class representatives are deemed

13   inadequate.  *See Moreno v. Autozone, Inc.*, 2007 WL 4287517, at *7 (N.D. Cal. Dec. 6, 2007)

14   (internal citation omitted) (disqualifying law firm that was both class counsel in class action

15   alleging meal and rest period violations and also counsel in another lawsuit against defendant);

16   *Levias v. Pac. Mar. Ass'n*, 2010 WL 358499, at *6 (W.D. Wash. Jan 25, 2010) (denying motion

17   to certify where plaintiffs were inadequate class representatives "because of actual and potential

18   conflicts with the putative class").  "'[I]n a class action context, disqualification is more likely

19   because putative class counsel are subject to a 'heightened standard' which they must meet if they

20   are to be allowed by the Court to represent absent class members.'"  *Moreno*, 2007 WL 4287517,

21   at *7 (citing *Huston v. Imperial Credit Com. Mortg. Invest. Corp.*, 179 F.Supp.2d 1157, 1167

22   (C.D. Cal. 2001)).

23         Here, both class representative Bolding and Class Counsel should be disqualified for

24   taking positions in *Bolding II* that are inconsistent with and undermine the claims of the *Bolding I*

25   class they purport to represent.

26         **A.      Bolding Should Be Disqualified as Class Representative.**

27         Bolding should be disqualified as a class representative for breaching her fiduciary

DEF.'S MOT. TO DISQUALIFY
(2:17-cv-601-RSL) - 8

Davis Wright Tremaine LLP
LAW OFFICES
Suite 3300
920 5th Avenue
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1   obligation to the *Bolding I* classes and for falsely inflating her claimed unpaid overtime in this

2   case, contrary to her sworn testimony in an earlier case.

3                    **1.      Bolding Pursues Her Individual Discrimination Claims to the
                             Detriment of the Interests of the *Bolding I* Class.**
4
5           In pursuing her later-filed individual discrimination claims against Banner, Bolding has

6   put her personal financial interests ahead of the interests of some of the class members in

7   *Bolding I* by taking positions in her individual lawsuit that jeopardize the viability of some class

8   members' claims.  This is so for at least two reasons.

9           ***First***, Bolding is creating an evidentiary record in pursuit of her individual claims for

10  Banner to use against her claims of supposedly uniform policy to violate overtime laws in

11  *Bolding I*.  On the one hand, in *Bolding I* Bolding purports to represent a class of ***all MLOs*** whom

12  she claims are owed unpaid overtime wages because of a broadly applicable and uniform "policy

13  of discouraging and/or barring MLOs from reporting overtime."  Dkt. 135 at 5.  On the other

14  hand, in *Bolding II* she alleges and seeks to create a record that male MLOs under manager Ken

15  Hunt were permitted and encouraged to report overtime while she and other female MLOs were

16  not.  Bolding *Bolding II* at 114:7-119:20.  That same record, however, undermines male MLO

17  class members' ability to recover in *Bolding I*.  Indeed, it risks undermining the ability of the

18  class to recover at all, as Bolding has taken the position in *Bolding II* of a ***lack*** of uniformity in

19  Banner's overtime practices to the detriment of the class's arguments in *Bolding I*.

20          ***Second***, despite her fiduciary obligation to safeguard the interests of the class, Bolding's

21  individual discrimination claim charges a *Bolding I* class member—Mr. Hunt—with actionable

22  misconduct.

23          Both of these actions of Bolding in *Bolding II* run afoul of her fiduciary obligations as a

24  class representative.  A class representative "must have an interest in vigorously pursuing the

25  claims of the class, and must have no interests antagonistic to the interests of other class

26  members."  *Wexler v. AT & T Corp.*, 323 F.R.D. 128, 130 (E.D.N.Y. 2018) (citing *Denney v.

27  Deutsche Bank AG*, 443 F.3d 253, 268 (2d Cir. 2006)).  *Levias v. Pacific Maritime Association,* is

DEF.'S MOT. TO DISQUALIFY
(2:17-cv-601-RSL) - 9

Davis Wright Tremaine LLP
LAW OFFICES
Suite 3300
920 5th Avenue
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    instructive.  2010 WL 358499.  In that case, as here, a class representative simultaneously

2    pursued against the same defendant's class claims in one action and individual claims in another.

3    The court observed:

4        Presumably, Mr. Levias has a greater financial interest in his individual lawsuit,
         which challenges his current status as a Class B registered longshore worker, and
5        seeks lost pay and benefits and lost economic opportunity.  The potential exists
         for a favorable settlement in the individual action that might undermine the
6        loyalty of Mr. Levias to the putative class in this matter.  At a minimum, a
         favorable settlement in the individual action could provide a disincentive to
7        vigorously prosecute this action on behalf of the class.

8    *Id*. at *6 (internal citations omitted).  The same risk exists here of Bolding having a greater

9    financial interest in her individual lawsuit, undermining her loyalty to the *Bolding I* class and

10   providing disincentives to vigorously prosecute *Bolding I* on behalf of the class.  *See also Kurczi*

11   *v. Eli Lilly & Co.*, 160 F.R.D. 667, 678-79 (N.D. Ohio 1995) (finding plaintiffs inadequate

12   because "absent class members were at great risk of being sold out" to achieve larger recovery in

13   plaintiffs' separate action).

14               **2.    Bolding Inflated Her Claimed Overtime in This Case, Contrary to Her
                         Sworn Testimony in *Erickson*.**

15

16   Questions about Bolding's "credibility and honesty" are "relevant to . . . her adequacy" as

17   a class representative because a plaintiff with "credibility problems may be considered to have

18   interests antagonistic to the class." *Pena v. Taylor Farms Pac., Inc.*, 305 F.R.D. 197, 215 (E.D.

19   Cal. 2015); *Ross v. RBS Citizens, N.A.,* 2010 WL 3980113, at *4 (N.D. Ill. Oct. 8, 2010).  In

20   *Harris v. Vector Mktg. Corp.*, 753 F. Supp. 2d 996, 1020 (N.D. Cal. 2010), the court concluded

21   that a class representative was not adequate when her testimony was undermined by documentary

22   evidence and witness testimony because she could not be counted on to act as a "foil" for the

23   absent class members.

24   Here, Bolding faces unique credibility issues given how she has inflated the amount of

25   overtime she supposedly worked for purposes of the present case, contrary to her sworn testimony

26   in *Erickson*.  In *Erickson*, Bolding testified in 2016 that she worked unrecorded overtime for ***20%***

27   of the weeks of her employment at AWB and Banner, and, on average during those weeks,

Davis Wright Tremaine LLP
LAW OFFICES
Suite 3300
920 5th Avenue
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

worked approximately *five* unreported hours of overtime.  Bolding *Erickson* at 253:23-255:7.

Two years later in her deposition in the present case, Bolding effectively quadrupled her estimate,

testifying she worked approximately *ten* hours of unrecorded overtime during "**most**" weeks at

AWB and Banner.  Bolding *Bolding I* at 157:4-158:19.  Such grossly disparate statements cannot

both be true.  She therefore has demonstrably testified falsely during one of these depositions.

The class should not be saddled with a representative whose lack of veracity creates conflicts with

their interests.[5]

### B.      Blankenship Is Conflicted and Should Be Disqualified as Class Counsel.

In a class action, the Court must "closely scrutinize the qualifications of counsel to assure

that all interests, including those of as yet unnamed plaintiffs, are adequately represented."

*Moreno*, 2007 WL 4287517, at *7.  "'[W]here there is reason to doubt the loyalty of counsel or

the adequacy of counsel's representation, serious questions arise concerning the preclusive effect

of any resulting judgment'" and disqualification is appropriate.  *Id.* (citation omitted).

Disqualification of counsel is appropriate if the representation will result in violation of the Rules

of Professional Conduct or other law.  *In re Marriage of Wixom*, 182 Wn. App. 881, 903 (2014)

(citing *State v. Rooks*, 130 Wn. App. 787, 799 (2005)).  Consistent with Rule of Professional

Conduct 1.16, "[i]f a lawyer accepts dual representations and the client's interests thereafter come

into actual conflict, the lawyer must withdraw."  *Wixom*, 182 Wn. App. at 902 (internal citation

omitted).  Blankenship should be disqualified for at least three reasons:

*First*, Blankenship's representation of the putative class and Bolding in two separate,

concurrent lawsuits (as well as past actions including *Erickson* and Bolding's EEOC charge)

leads to an inherent conflict of interest that cannot be avoided absent disqualification.  "[C]ourts

have consistently held that counsel cannot simultaneously represent a class and prosecute either

---

[5] Bolding has provided conflicting testimony regarding other key issues in this class and collective action, further calling her credibility and honesty as class representative into question.  For example, in *Erickson*, Bolding testified that she was not aware of a pre-approval policy for overtime.  Bolding *Erickson* at 249:9-22.  Yet, two years later, in this lawsuit, Bolding filed a declaration swearing that Defendant required her to get advanced pre-approval for overtime, and that she understood that if she did not obtain pre-approval then she could not report overtime hours.  Dkt. 72 at 117 ¶ 5.  Bolding changed her position again three months later, testifying in her deposition in this case that she was never informed of a pre-approval policy for overtime.  Bolding *Bolding I* at 161:14-162:1.

DEF.'S MOT. TO DISQUALIFY
(2:17-cv-601-RSL) - 11

Davis Wright Tremaine LLP
LAW OFFICES
Suite 3300
920 5th Avenue
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1   individual or class claims against the same defendants in a different proceeding." *Ruderman ex*

2   *rel. Schwartz v. Wash. Nat'l. Ins. Co.*, 263 F.R.D. 670, 684 (S.D. Fla. 2010) (quotation omitted).

3   On the one hand, Blankenship seeks to represent a class in which ***all*** MLOs—regardless of

4   gender—were allegedly discouraged and barred from reporting overtime.  On the other hand,

5   Blankenship seeks to represent Bolding in an individual lawsuit alleging one specific

6   manager/*Bolding I* class member, Hunt, discouraged and barred ***only female*** MLOs from

7   reporting overtime.  These inherently conflicting positions put Blankenship in a position of

8   divided loyalties between Bolding's gender discrimination allegations and the class's overtime

9   claims and present a classic conflict of interest.  *See* RPC 1.7(a); *In re Marriage of Wixom*, 182

10  Wn. App. at 898 ("A lawyer represents conflicting interests when, on behalf of one client, it is the

11  lawyer's duty to contend that which the lawyer's duty to another client requires him or her to

12  oppose.").

13         Here, Blankenship is hopelessly conflicted.  In *Bolding I*, Blankenship will either have to

14  show Bolding lied in *Bolding II* when she testified that the absent male class members were

15  allowed and encouraged to report their overtime and had far greater flexibility in their schedules,

16  ***or*** completely undermine male class members' overtime claims.  In *Bolding II*, Blankenship will

17  either have to "skewer[]" the absent class members as adverse trial witnesses in the interest of

18  prosecuting Bolding's individual action ***or*** "skewer[]" Bolding to protect the claims of the absent

19  class members in the class action.  Either scenario would "demean[] the integrity of the legal

20  profession and undermine[] confidence in the attorney-client relationship."  *See, e.g.*, *Baas*, 2008

21  WL 906496, at *2, *4 (citation omitted) (attorney was inadequate class counsel when

22  representation of the class would require cross-examination of another client); *Moreno*, 2007 WL

23  4287517, at *7 (disqualifying law firm that was both class counsel in class action alleging meal

24  and rest period violations and also counsel in another lawsuit against defendant that had

25  preliminarily settled and involved similar claims and some of the same class members); *Walker v.*

26  *Apple, Inc.*, Cal. App. 5th 1098, 1112-13, 209 Cal. Rptr. 3d 319, 329-30 (2016) (relying on *Baas*,

27  court granted motion to disqualify where class counsel required to cross-examine witness who

DEF.'S MOT. TO DISQUALIFY
(2:17-cv-601-RSL) - 12

Davis Wright Tremaine LLP
LAW OFFICES
Suite 3300
920 5th Avenue
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    was an absent class member represented by the firm in a different lawsuit); *Davis v. Kraft Foods*

2    *N. Am.*, 2006 WL 237512, at \*12 (E.D. Pa. Jan. 31, 2006) (finding counsel inadequate where he

3    represented manager against defendant in another action).

4       ***Second***, Blankenship represents a class that includes the alleged wrongdoers.  Multiple

5    class members are either current or former Banner managers who were and are responsible for

6    enforcing Banner's overtime policies.  They are the very managers who are responsible for the

7    purported policy that is the basis for class certification:  the "policy of discouraging and/or

8    barring MLOs from reporting overtime."  This conflict places Plaintiffs' counsel in the position of

9    having to represent one set of clients (the non-managerial employees such as Bolding and the

10   other class representatives) in their claim that another set of clients (the current and former

11   managers) have violated the wage and hour laws.[6]  This conflict will force Plaintiffs' counsel into

12   a Hobson's choice between (a) accepting testimony of the former and current managers that they

13   did not discourage or bar MLOs from reporting overtime, thereby undermining the credibility of

14   the non-managerial MLOs' claims, or (b) discrediting or cross-examining the current and former

15   managers' testimony, thus threatening the interests of their clients by opening them up to a

16   possible adverse employment action.[7]

17      The conflict inherent between non-managerial and former/current managerial class

18   members is obvious when considering Bolding's former manager, Ken Hunt, a member of the

19   class.  As class counsel, Blankenship represents Hunt yet at the same time Blankenship will be

20   forced to cross-examine Hunt in both *Bolding I* and *Bolding II* regarding his enforcement of the

21

22

23   [6] Class Counsel's actions in requesting former manager depositions—and asking Banner to coordinate those
     depositions—highlight this obvious conflict.  Class Counsel considered the former managers adverse and so sought
24   to depose them; yet, as putative class members, they are in fact Class Counsel's clients.  *See* Sullivan Decl. ¶ 7, Ex.
     D.
25   [7] *See McCauley v. Family Dollar, Inc.*, 2010 WL 11565164, at \*2 (W.D. Ky. Nov. 1, 2010) (holding plaintiff's
     counsel inadequate where it represented multiple sets of plaintiffs against the same defendant, including both
26   managers and non-managers; defendant planned to call as witnesses managers who would say they did not violate
     wage and hour laws, at which point plaintiffs' counsel would be forced into the Hobson's choice of either cross-
27   examining their clients to protect the non-manager plaintiffs' interests or refrain from cross-examination in order to
     avoid prejudicing the managerial plaintiffs).

DEF.'S MOT. TO DISQUALIFY
(2:17-cv-601-RSL) - 13

Davis Wright Tremaine LLP
LAW OFFICES
Suite 3300
920 5th Avenue
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

overtime policy.[8]  *See Volz v. Provider Plus, Inc.*, 2015 WL 5734916, at *2 (E.D. Mo. Sept. 29, 2015) (holding absent class member could not be both a defendant and a member of the plaintiff class since Plaintiffs' counsel "cannot both sue Lange on behalf of members of that class and represent Lange as a member").

        ***Third***, setting aside Blankenship's conflicted relationship with Bolding, Blankenship's representation of another class representative—Manfredi—also results in an unethical scenario in which Blankenship takes nearly all decision-making authority from Manfredi with regard to settlement.  Manfredi's fee agreement states that ██████████████████████████ ████████████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████  *See* Sullivan Decl. ¶ 14, Ex. J.  This provision in Manfredi's agreement violates public policy because ██████████████ ████████████████████████████████  In *Jones v. Feiger, Collison & Killmer*, 903 P.2d 27 (Colo. App. 1994), the court concluded that a provision in a representation agreement that prohibited the client from "unreasonably" refusing settlement and permitted law firm to withdraw if client did so and, upon such withdrawal, to recover costs and fees equal to firm's "normal" hourly rates was unenforceable as against public policy.  The court concluded that the provision had the potential to create unanticipated pressure on the client to settle after the attorney-client relationship and representation was established, contrary to ethical rules and legal precedent providing that a client has ultimate authority whether to settle.  *See Jones*, 903 P.2d at 34 (citing cases, including *Estate of Falco*, 188 Cal. App. 3d 1004, 233 Cal. Rptr. 807 (1987) (A client's right to reject settlement is "absolute" and "unqualified.")) *id*.; *see also* Washington Rules of Professional Conduct 1.2 & cmt. 1 ("A lawyer shall abide by a client's decision whether to settle a matter."; "The decisions specified in paragraph (a), such as whether to settle a civil matter, must also be made by the client.").  If Blankenship deems a settlement offer fair and reasonable, ██████████████████████████████████████████████████████████████████████████████

---

[8] Blankenship's representation becomes even more convoluted since in *Bolding I*, he will seek admissions from Hunt that he refused to allow ***any*** MLO to record overtime, while in *Bolding II*, he will seek admissions from Hunt that he refused to allow ***only female*** MLOs to record overtime.

DEF.'S MOT. TO DISQUALIFY
(2:17-cv-601-RSL) - 14

Davis Wright Tremaine LLP
LAW OFFICES
Suite 3300
920 5th Avenue
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

██████████████████████████ Such an arrangement ████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████. In so doing, Blankenship's fee

agreement unethically ████████████████████████████████ and creates yet another

conflict between Blankenship and his class representative, as well as the putative class he

purports to represent. *Nehad v. Mukasey*, 535 F.3d 962, 971 (9th Cir. 2008) (holding "it is

generally held that the lawyer may not burden the client's ability to make settlement decisions by

structuring the representation agreement so as to allow the lawyer to withdraw, or to ratchet up

the cost of representation, if the client refuses an offer of settlement").

Because Blankenship is insurmountably conflicted, he cannot adequately represent the

class and should be disqualified as Class Counsel.

## IV.    CONCLUSION

For the foregoing reasons, Banner respectfully requests that the Court issue an Order

disqualifying Class Representative Bolding and Class Counsel The Blankenship Law Firm.

Respectfully submitted this 1st day of October, 2020.

Davis Wright Tremaine LLP
Attorneys for Defendant Banner Bank

By *s/ Sheehan Sullivan*
   Kenneth E. Payson, WSBA #26369
   Sheehan Sullivan, WSBA #33189
   Melissa Mordy, WSBA #41879
   Laura-Lee Williams, WSBA #51358
   920 Fifth Avenue, Suite 3300
   Seattle, WA  98004
   Telephone: (206) 622-3150
   Fax: (206) 757-7700
   E-mail:  kennethpayson@dwt.com
         sheehansullivan@dwt.com
         missymordy@dwt.com
         lauraleewilliams@dwt.com

Davis Wright Tremaine LLP
LAW OFFICES
Suite 3300
920 5th Avenue
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on October 1, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 1st day of October, 2020.

*s/ Heather Persun*
Heather Persun

DEF.'S MOT. TO DISQUALIFY
(2:17-cv-601-RSL) - 16

Davis Wright Tremaine LLP
LAW OFFICES
Suite 3300
920 5th Avenue
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax