UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLY BOLDING, *et al.*,

     Plaintiff,

 v.

BANNER BANK,

     Defendants.

Case No. C17-0601RSL

ORDER DENYING PLAINTIFFS' MOTION TO MODIFY CLASS CERTIFICATION ORDER

   This matter comes before the Court on "Plaintiffs' Combined Motion to Modify Class Certification Order Pursuant to FRCP 23, and Obtain Relief from a Deadline Pursuant to FRCP 6, and Alternatively for Leave to Amend Complaint Pursuant to FRCP 15 and 16." Dkt. # 237.[1] Plaintiffs filed this wage-and-hour class and collective action against Banner Bank on April 17, 2017, alleging that Banner Bank failed to properly record and pay wages for all hours worked as required by state and federal law. Dkt. # 1. In paragraph 68 of the initial complaint, plaintiffs alleged that "Defendants' conduct as herein alleged has damaged Plaintiffs and members of the proposed Class by wrongfully denying them earned wages, overtime pay, and meal breaks . . . ." This is the only reference to either meal or rest breaks in the pleading. With regards to wage statements, plaintiffs alleged that "Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements to Plaintiffs and Class Members in accordance with [California] Labor Code § 226." Dkt. # 1 at ¶ 63. Both allegations are repeated verbatim in the

---

[1] This matter can be decided on the papers submitted. Plaintiffs' request for oral argument is therefore DENIED.

ORDER DENYING PLAINTIFFS' MOTION
TO MODIFY CLASS CERTIFICATION ORDER

Amended Complaint filed on July 20, 2018. Dkt. # 97 at ¶ 68.

In July 2017, plaintiffs requested that the Court certify a collective action under the Fair Labor Standards Act ("FLSA"), arguing that Banner Bank had uniform policies and practices which resulted in its mortgage loan officers ("MLOs") not being "properly compensated for all hours worked and not compensated at the lawfully calculated regular rate for overtime compensation by including wages earned as commissions in overtime compensation calculations." Dkt. # 16 at 6. Neither meal nor rest breaks are mentioned in the motion. In their proposed notice to class members of the conditional certification, plaintiffs set forth a list of work-related activities that require compensation, including "[w]hen you work through a lunch break or any meal and do not include this in your timesheet." Dkt. # 17-1 at 4. The FLSA notice approved by the Court in December 2017 condenses the discussion of compensable work to a single sentence: "Compensable work may include, among other things, time spent generating business, communicating with clients, participating in training, or completing work-related tasks for Banner Bank, whether or not the work is performed during regular business hours, outside the office, or on weekends, vacations, holidays, lunch, or other breaks." Dkt. # 33-1 at 2-3.[2]

In May 2018, plaintiffs moved to certify a class under Fed. R. Civ. P. 23 "based upon the common issues of whether: (1) Plaintiffs worked without compensation because of written and unwritten Bank policies that discouraged and/or barred them from reporting all the hours they worked; and (2) Defendant knew or should have known that Plaintiffs were working without compensation." Dkt. # 71 at 3. The only mention of meal and rest breaks comes in the form of parenthetical descriptions of cases cited in support of class certification. There is no mention of improper or inaccurate wage statements, and the only citation to Labor Code § 226 is in the statute of limitations discussion. The Court's Rule 23 analysis was based on plaintiffs'

---

[2] Plaintiffs' assertion that the Court-approved notice defined compensable work to include "work performed . . . during meal and rest breaks" is not accompanied by a pinpoint citation to the record and does not appear to be an accurate reflection of the notice.

allegations that Banner Bank had a unified policy, plan, or practice that required MLOs to work "off the clock" without compensation. Dkt. # 135 at 2 and 4. To the extent that compensable work was performed during a statutorily-mandated meal or rest break, compensation could be recovered, but the Court did not certify any class or subclass to pursue relief other than compensation for all hours worked at straight or overtime rates.

Five months after the Court certified the class, the parties agreed to stay the above-captioned matter in order to pursue settlement discussions. The matter remained unresolved, however, and the stay was lifted in December 2019. On February 27, 2020, plaintiffs moved for approval of class notice, seeking permission to tell absent class members that the named plaintiffs were pursuing class claims for (1) wages owed for unpaid compensable work, (2) unpaid overtime, and (3) wages, damages, and penalties for missed rest/meal breaks and inaccurate wage statements. Dkt. # 188 at 7-8. On June 18, 2020, the Court declined to issue the notice proposed by plaintiffs, noting that it had not certified a class (or subclasses) related to the rest and meal break claims or the wage statement claim. "To the extent plaintiffs intended to seek certification of rest/meal break or wage statement classes, that intent was hidden by their motions' focus on Banner Bank's failure to pay wages for all hours worked and the decisions, policies, and plans that resulted in that failure." Dkt. # 223 at 1. The Court approved plaintiffs' proposed class notice to the extent it informed class members that the compensable work for which class-wide relief is sought includes work performed during rest or meal periods, but rejected any suggestion that relief other than compensation for all hours worked was being sought on behalf of the class. Dkt. # 223 at 2.

Plaintiffs did not seek reconsideration of the class notice order. Instead, two and a half months later, plaintiffs requested that the deadlines for amending the complaint and seeking class certification be extended (Dkt. # 237) and filed a motion to certify additional claims (Dkt. # 232).

The deadline for filing a motion for class certification was May 10, 2018, and the

deadline for amending pleadings was June 9, 2018. Dkt. # 15. The parties were actively litigating this case at the time, and those deadlines were never reopened. Under Fed. R. Civ. P. 16(b)(4), case management deadlines established by the Court "may be modified only for good cause and with the judge's consent." The case management orders in this case likewise state "[t]hese are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these dates only upon good cause shown . . . ." *Id.* at 2; Dkt. # 131 at 2; Dkt. # 172 at 2; Dkt. # 205 at 2. The deadlines for certifying a class and amending pleadings are set early in the case so that discovery may be focused on relevant matters. Almost four years into the litigation, two and a half years after the subclasses were certified, and only two months before discovery was scheduled to close, plaintiffs filed this motion seeking to redefine the subclasses and to add claims while barely acknowledging the purposes behind the early deadlines or the good cause standard.

Rule 16 was amended in 1983 to require scheduling orders that govern pre-trial as well as trial procedures. The purpose of the change was to improve the efficiency of federal litigation: leaving the parties to their own devices until shortly before trial was apparently costly and resulted in undue delay. Under the 1983 amendment, once a case management schedule issues, changes will be made only if the movant shows "good cause""

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) . . . .

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). *See also In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (affirming the district court's holding that the good cause standard was not met "where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action.").

Plaintiffs' first argue that they adequately pled rest break, meal break, and wage statement

violations separate and apart from the failure to pay all hours worked, but that if the Court disagrees, they should be permitted to clarify their claims to conform to the evidence obtained through discovery. There is no need to further amend the complaint as to claims arising out of the wrongful denial of meal breaks or the failure to provide timely, accurate, itemized wage statements as required by California law. Both of those claims were adequately pled in the original and amended complaints.[3] The question is whether those claims can be pursued on behalf of a class or whether only the named plaintiffs can now pursue those claims.

Plaintiffs do not dispute that they have known of the facts and legal theories on which their rest break, meal break, and wage statement claims depend since this lawsuit was filed in April 2017. In fact, they affirmatively contend that they believed they "have pled all additional claims they seek to certify." Dkt. # 237 at 2. During mediation in 2019, plaintiffs expressly included a demand for damages arising from the failure to provide meal and rest breaks. Dkt. # 237 at 12. They did not, however, include those claims in their certification motion: they were not mentioned at all, and the Court's analysis focused solely on the uncompensated work claim. No explanation for this oversight is provided: either plaintiffs opted to not pursue the break and wage statement claims on a class-wide basis or they were not diligent in pursuing those claims.[4] Even after the Court made clear that it had not conducted a Rule 23 analysis regarding the appropriateness of class-wide litigation regarding rest break, meal break, and wage statement

---

[3] The Court need not determine whether the rest break claim was adequately pled.

[4] Plaintiffs now maintain that they believed they had requested, and the Court had granted, permission to pursue their break and wage statement claims on a class-wide basis and therefore any delay in pursuing those claims does not show a lack of diligence. Dkt. # 260 at 5. However, the motion to approve class notification strongly suggests that plaintiffs realized that these claims had, at most, been only obliquely presented to the Court at the class certification stage through a list of wage statutes from various states and the submission of an exhibit that mentioned meal and rest breaks. Dkt. # 187 at 3-4. Plaintiffs use much of the motion attempting to convince the Court that it had, in fact, certified the break and wage statement claims for class-wide resolution. Dkt. # 187 at 4-6. As previously noted, the Court's subjective intent when certifying the class did not extend to the break and wage statement claims, and the record does not support plaintiffs' assertion regarding its own subjective intent or understanding.

ORDER DENYING PLAINTIFFS' MOTION
TO MODIFY CLASS CERTIFICATION ORDER        -5-

violations, plaintiffs did not seek reconsideration or otherwise show that the Court had misapprehended its request for certification. Neither the stay nor subsequent revelations in discovery provide good cause for plaintiffs' failure to timely seek permission to pursue the break and wage statement claims on behalf of a class. In the absence of a showing of diligence in meeting the class certification deadline, an extension is not appropriate. That defendant would not be surprised that plaintiffs hoped to seek statutory damages regarding break and wage statement violations does not excuse a lack of diligence or establish good cause in these circumstances.

In reply, plaintiffs make an equitable argument, asserting that "[i]t would be vastly inequitable to bar class members from vindicating these provable claims - and allow Defendant to escape liability for blatant violations of the law - <u>when the Court rules provide a remedy that would allow the claims to go forward</u>." Dkt. # 260 at 3 (emphasis in the original). Application of the procedural rules and case law governing extensions of case management deadlines do not support the remedy plaintiffs seek, however, and the Court will not resort to equity to counteract applicable law.

For all of the foregoing reasons, the Court declines to extend the May 10, 2018, class certification deadline. Plaintiffs' motion (Dkt. # 237) is therefore DENIED.

Dated this 15th day of March, 2021.

*MrS Lasnik*

Robert S. Lasnik
United States District Judge