UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLY BOLDING, *et al.*,

              Plaintiff,

    v.

BANNER BANK,

              Defendants.

Case No. C17-0601RSL

ORDER GRANTING IN PART
BANNER BANK'S MOTION FOR
PROTECTIVE ORDER

This matter comes before the Court on "Defendant Banner Bank's Motion for Protective Order Regarding Plaintiffs' Opt-In Discovery Requests." Dkt. # 227. On July 7, 2020, thirty of the plaintiffs who opted-in to this litigation to pursue Fair Labor Standards Act ("FLSA") claims against Banner Bank served identical sets of discovery requests seeking, *inter alia*, information regarding defendant's efforts to provide each opt-in plaintiff with uninterrupted rest and meal breaks. Rest and meal breaks are defined in the discovery requests with reference to Washington, Oregon, and California law. Dkt. # 228 at 7. Plaintiffs do not contend that the FLSA creates a cause of action for the loss of rest or meal breaks. Banner Bank objects to interrogatories which seek information related to state law rest and meal break violations on the ground that they are irrelevant to the FLSA claims asserted by the opt-in plaintiffs.[1]

---

[1] For example, Interrogatory No. 10 seeks "each and every fact that supports, refutes, or relates to" the contention that Banner Bank relieved each opt-in plaintiff "of her work duties such that she could take an uninterrupted meal break." Interrogatory No. 11 seeks the same information regarding rest breaks. *See also* Interrogatory Nos. 12, 13, and 15.

The Court has found, and defendant concedes, that uncompensated and unreported time worked during a lunch or rest break falls within the ambit of plaintiffs' FLSA and class claims seeking recovery of unpaid wages. Defendant has, therefore, responded to discovery requests aimed at identifying "off-the-clock" work, *i.e.*, work that was not compensated. No further supplementation will be required. The opt-in plaintiffs are parties to this lawsuit for purposes of the FLSA claim. Because the FLSA does not mandate paid rest or meal breaks, i.e., compensated time when no work is performed, the discovery requests to which defendant objects seek information not relevant to the individual claims asserted by these plaintiffs. Nor may these plaintiffs seek discovery regarding state law rest and meal break violations as members of the certified class: the Court has not approved representative litigation of rest or meal break claims.

Defendant also objects to Interrogatory Nos. 12-15 on the ground that the preceding eleven interrogatories contain at least 25 discrete subparts. As discussed above, defendant need not supplement its responses to Interrogatory Nos. 12, 13, and 15. Thus, the only interrogatory at issue here is Interrogatory No. 14 which seeks the identity of:

> all members of management of Defendant who communicated with [opt-in plaintiff] about her compensation, how she would be paid, her entitlement to overtime, whether or not she was required to seek pre-approval to work overtime, and/or recording hours worked and describe:
>
> a. The date he/she communicated this information to [opt-in plaintiff];
>
> b. The subject matter and substance of what he/she communicated to [opt-in plaintiff]; and
>
> c. Whether there were any follow-up communications regarding the subject matter or substance communicated to [opt-in plaintiff]. If so, identify the date of the follow-up communication, the person who made the follow-up communication, and the substance of the follow-up communication.

Dkt. # 228 at 16-17. Defendant maintains that this interrogatory contains five discrete subparts. The Court disagrees. Plaintiffs are seeking information regarding all communications with each opt-in plaintiff regarding certain topics, including the participants, dates, and content of the communications. Although plaintiffs list five topics in the body of the interrogatory, the first

three are part and parcel of "compensation." Thus, Interrogatory No. 14 contains three discrete subparts seeking information regarding what the opt-in plaintiffs were told regarding compensation, pre-approval for overtime hours, and recording of hours worked. With regards to Interrogatory No. 1, which defendant maintains contains eleven discrete subparts, the interrogatory seeks information regarding the actions defendant took, if any, to ensure that each opt-in plaintiff was compensated for all hours worked. The list of eleven specific activities does not convert the interrogatory into eleven separate interrogatories. The inquiry can be rewritten as, "Describe any and all efforts defendant made to ensure that opt-in plaintiffs received compensation for all hours worked, including the identity of all individuals involved, such as:" (a) - (k). Interrogatory No. 1 is properly characterized as a single interrogatory. Even if the Court accepts defendant's characterizations of the other interrogatories, *see* Dkt. # 227 at 16, there remains less than 25 interrogatories (or discrete subparts) now that defendant has been relieved of its obligation to respond to Interrogatory Nos. 10-13 and 15.

For all of the foregoing reasons, Banner Bank's request for a protective order is GRANTED as to Interrogatory Nos. 10-13 and 15 and DENIED as to its objection regarding the number of discrete subparts. Defendant shall, within fourteen days of the date of this Order, supplement its response to Interrogatory No. 14.

Dated this 19th day of March, 2021.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge