UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KELLY BOLDING, MICHAEL MANFREDI, and SARAH WARD, individually and on behalf of a class of all others similarly situated,<br><br>                  Plaintiffs,<br><br>     v.<br><br>BANNER BANK,<br><br>                  Defendant. | Cause No. C17-0601RSL<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISQUALIFY |

      This matter comes before the Court on "Defendant Banner Bank's Motion to Disqualify the Blankenship Law Firm and Class Representative Kelly Bolding from Representing the Putative Class and Collective Opt-Ins." Dkt. # 268. Defendant argues that Ms. Bolding and class counsel are inadequate representatives of the class because they are pursuing a separate gender discrimination lawsuit against defendant which requires Ms. Bolding and counsel to prove facts inimical to the class allegations in this case. In addition, defendant asserts that Ms. Bolding should be disqualified as a class representative because her sworn testimony regarding overtime hours worked has changed over time and that Mr. Blankenship should be disqualified as class counsel because (a) counsel is barred from simultaneously representing a class and prosecuting

ORDER DENYING DEFENDANT'S
MOTION TO DISQUALIFY - 1

individual claims against the same defendant, (b) counsel is attempting to represent a class that includes current and former Banner managers whom he views as adverse, and (c) counsel's fee arrangement with Michael Manfredi is against public policy and creates an insurmountable conflict.

Motions to disqualify counsel are generally decided under state law (*see In re County of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000)), and are ultimately subject to the trial court's discretion (*see Trone v. Smith*, 621 F.2d 994, 999 (9th Cir. 1980). "Disqualification motions are subject to strict judicial scrutiny given the potential for abuse." *Moreno v. Autozone, Inc.*, No. C05-04432MJJ, 2007 WL 4287517, at *2 (N.D. Cal. Dec. 6, 2007) (citing *Optyl Eyewear Fashion International Corp. v. Style Companies, Ltd.*, 760 F.2d 1045, 1049 (9th Cir. 1985)). The risk that this disqualification motion is "tactically motivated" and would "tend to derail the efficient progress of litigation" is especially high in this case. *Visa U.S.A., Inc. v. First Data Corp.*, 241 F.Supp.2d 1100, 1104 (N.D. Cal. 2003). This litigation has been pending since April 2017, and all of the facts set forth in defendant's motion were known for at least eight months before disqualification was sought. The vast majority of the facts and circumstances described have been known for years.[1] Plaintiffs and their counsel have amassed a wealth of knowledge regarding defendant's practices and have obtained significant rulings in their favor. In this

---

[1] In reply, defendant argues that it did not know that there was a conflict between the class claims and Ms. Bolding's gender discrimination claim until she submitted a declaration in August 2020 "setting forth myriad theories, facts, and allegations supporting her [gender discrimination] claims – including the notion that [her manager, Ken] Hunt gave male [mortgage loan officers] greater latitude and flexibility in their work and hours." Dkt. # 280 at 9. Ms. Bolding's 21-page declaration does not mention overtime (*see* Dkt. # 281-1), and the allegation that male mortgage loan officers were given more latitude to work outside the office and participate in networking activities does not suggest that they recorded overtime or were compensated for all hours worked.

ORDER DENYING DEFENDANT'S
MOTION TO DISQUALIFY  - 2

context, the belated attempt to render the class horse riderless appears to be both tactical and dilatory. Denial of the motion is warranted simply on that ground under Washington law:

> Our Supreme Court has stated that the "failure to act promptly in filing a motion for disqualification may warrant denial of [the] motion." *First Small Bus. Inv. Co. v. Intercapital Corp.*, 108 Wn.2d 324, 337 (1987).
>
>> "A motion to disqualify should be made with reasonable promptness after a party discovers the facts which lead to the motion. This court will not allow a litigant to delay filing a motion to disqualify in order to use the motion later as a tool to deprive his opponent of counsel of his choice after substantial preparation of a case has been completed."
>
> *First Small Business*, 108 Wn.2d at 337 (quoting *Cent. Milk Producers Coop. v. Sentry Food Stores, Inc.*, 573 F.2d 988, 992 (8th Cir. 1978)).
>
> "Delay in filing [a] motion to disqualify is suggestive of its use for purely tactical purposes and could be the sole grounds for denying a motion to disqualify." *In re Firestorm 1991*, 129 Wn.2d 130, 145 (1996).

*Eubanks v. Klickitat Cty.*, 181 Wn. App. 615, 620 (2014).

Nevertheless, because the Court has an affirmative duty to ensure that representative litigation remains appropriate throughout the proceeding, the Court further considers whether defendant's arguments are sufficient to support a finding of inadequacy of the class representative or class counsel for purposes of Fed. R. Civ. P. 23(a)(4). Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[2] the Court finds as follows:

**1. Concurrent Individual Litigation**

Both class representatives and their chosen counsel must "fairly and adequately protect

---

[2] Defendant's request to strike the Declaration of Leland G. Ripley (Dkt. # 280 at 5-6) and plaintiffs' request to strike arguments asserted in reply (Dkt. # 286 at 2) are DENIED. The Court also overrules plaintiffs' standing objection to the extent defendant is arguing that a class representative and/or class counsel is inadequate under Fed. R. Civ. P. 23(a)(4).

ORDER DENYING DEFENDANT'S
MOTION TO DISQUALIFY  - 3

the interests of the class" under Fed. R. Civ. P. 23(a)(4). In the Ninth Circuit, the adequacy determination usually focuses on two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1031 (9th Cir. 2012) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)). Defendant argues that Ms. Bolding's pursuit of an individual gender discrimination claim has created a conflict with other class members and will draw away her and counsel's attention, depriving the class of vigorous representation.

There is no substantive conflict between Ms. Bolding's interests and those of the absent class members. Ms. Bolding's gender discrimination claim is not based on the wage theft alleged in this lawsuit. While defendant attempted to create or illuminate a conflict regarding the recording or payment of overtime during Ms. Bolding's deposition, she never testified that male mortgage loan officers were permitted "to freely record overtime" while employed by Banner Bank. Dkt. # 268 at 10. Rather, she testified that her manager, Ken Hunt, told female employees "not to register overtime, period. And he's tired of it because he already has an employee, Stephen Boyd, who puts it on every week. And that we should not be allocating overtime unless we're closing 2 million a month." Dkt. # 267-1 at 50. That a Banner Bank manager expressed exasperation that a male mortgage loan officer was claiming overtime each week is not inconsistent with plaintiffs' theory in this action, namely that Banner Bank discouraged the recording of overtime.

There is, however, a risk that participation in multiple lawsuits could distract Ms. Bolding and/or class counsel from their pursuit of class-wide relief in this action. As noted by Magistrate

ORDER DENYING DEFENDANT'S
MOTION TO DISQUALIFY - 4

Judge James P. Donohue in *Levias v. Pac. Mar. Ass'n*, C08-1610JPD, 2010 WL 358499 (W.D. Wash. Jan. 25, 2010):

> Presumably, [the proposed class representative] has a greater financial interest in his individual lawsuit, which challenges his current status as a Class B registered longshore worker, and seeks lost pay and benefits and lost economic opportunity. The potential exists for a favorable settlement in the individual action that might undermine the loyalty of Mr. Levias to the putative class in this matter. At a minimum, a favorable settlement in the individual action could provide a disincentive to vigorously prosecute this action on behalf of the class.

*Id.* at *6 (internal citations omitted). The Court will not, however, disqualify a class representative or her chosen counsel simply because they are involved in a second lawsuit. By filing this motion, defendant claims the right to determine the identity of its opponents in this lawsuit. In that context, defendant must do more than (1) vaguely imply that Ms. Bolding and/or class counsel cannot be trusted to competently do more than one thing at a time or (2) articulate a hypothetical risk of divided loyalties. Having failed to show a conflict of interest (as discussed above), its burden is to show that the class representative and/or counsel will not "prosecute the action vigorously on behalf of the class." *Evon*, 688 F.3d at 1031. There is no indication that either Ms. Bolding or class counsel have been distracted by the gender discrimination lawsuit, that any potential settlement of the individual claim would be at the expense of the class claims, or that prosecution of the class claims has been anything but vigorous.

**2. Discrepancies in Sworn Testimony**

Ms. Bolding's testimony regarding the number of hours of overtime she worked while employed as a mortgage loan officer changed between the time she was a witness in *Erickson v. AmericanWest Bank*, No. 15-2-01976-7 (King County Superior Court), a gender discrimination, sexual harassment, and retaliation lawsuit filed in 2015 by five other bank employees, and when

ORDER DENYING DEFENDANT'S
MOTION TO DISQUALIFY - 5

she was deposed in this lawsuit. That fact is not surprising given the contexts in which the testimony was given and the information Ms. Bolding had various points in the time. Nor is it disqualifying: the discrepancy does not reveal a conflict of interest with other class members or suggest an inability or unwillingness to vigorously pursue the class claims.

**3. Simultaneous Representation of Class and Individual Interests Against Defendant**

Defendant, relying on *Ruderman v. Wash. Nat'l Ins. Co.*, 263 F.R.D. 670, 684 (S.D. Fla. 2010), argues that there is some sort of bar preventing class counsel from simultaneously representing a class and prosecuting an individual claim against the same defendant in a different proceeding. Dkt. # 268 at 15-16. *Ruderman* cites 1 McLaughlin on Class Actions § 4:39 (5th ed. 2009) for that proposition, which in turn cites *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 856 (1999). In both *Ruderman* and *Ortiz*, the concurrent representation itself did not drive the disqualification decision: rather, the courts evaluated whether there was an actual conflict that affected the structural assurance of fair and adequate representation that is at the heart of Rule 23. In *Ruderman*, the court pointed out that only one of the attorneys representing the class had brought individual cases against the defendant and was willing to presume that other class counsel would ensure that the class' interests were protected. More importantly, the defendant had failed to show any actual conflict in the representations that might impact counsel's performance on behalf of the class. 263 F.R.D. at 685. In *Ortiz*, the three classes counsel was attempting to represent - those who had been injured by defendant's asbestos products while the defendant was insured, those who had been injured after the policy lapsed, and those who had merely been exposed to defendant's products - had differing interests related to the way in which a limited settlement fund would be allocated. In those circumstances, one

ORDER DENYING DEFENDANT'S
MOTION TO DISQUALIFY  - 6

counsel could not represent multiple classes with competing interests. 527 U.S. at 856-57. As discussed above, no actual conflicts have been identified in this case.

**4. Inclusion of Current and Former Managers in Class**

Defendant points out that Ken Hunt, Ms. Bolding's manager during a portion of the class period, was a mortgage loan officer during an earlier portion of the class period. Thus, counsel "represents a class that includes the alleged wrongdoer[]." Dkt. # 286 at 17. It is therefore entirely possible that Mr. Hunt has evidence supportive of Banner Bank and against the class and that class counsel will be required to cross-examine Mr. Hunt at a deposition or trial. Defendant argues that counsel should therefore be disqualified from representing the class.

Disqualification is not the appropriate remedy, however. If defendant's theory were correct, no counsel could adequately represent the class: any attorney who tried to step into Mr. Blankenship's shoes would immediately run into the same conflict. The Court declines to decide whether some other remedy or relief that has not been requested by either party is appropriate, but denies defendant's motion to disqualify counsel because a class member may provide testimony adverse to the class.[3]

---

[3] In the only case defendant cites in support of this argument, the court was faced with a situation in which plaintiffs had amended their complaint to name a class member-turned-supervisor as a defendant. *Volz v. Provider Plus, Inc.*, No. C15-0256TCM, 2015 WL 5734916, at * 1 (E.D. Mo. Sept. 29, 2015). When defendants moved to dismiss the claims against the supervisor because of a concurrent conflict of interest, the court found that dismissal was not appropriate because plaintiffs had adequately stated a claim against the supervisor. Instead, the court adopted plaintiffs' proposed remedy and excluded the supervisor from the class with leave to file her own lawsuit if she so desired. *Id.* at *2.

In this case, Mr. Hunt has not been named as a defendant and is simply a class member who may be called upon to testify at trial. The Court declines to adopt a rule that, if any class member does not support - or even opposes - the class claims, counsel has a disqualifying conflict of interest. Comment [25] to Rule of Profession Conduct 1.7 states that "unnamed members of the class are ordinarily not considered to be clients of the lawyer for purposes of applying paragraph (a)(1) of this Rule." Comment [25]. Thus, Mr. Blankenship could sue Mr. Hunt in an unrelated matter without running afoul of his

ORDER DENYING DEFENDANT'S
MOTION TO DISQUALIFY  - 7

**5. Fee Arrangement with Michael Manfredi**

As the Court discussed when granting defendant's motion to compel the production of counsel's fee agreements with the named plaintiffs:

> [C]ertain types of incentive arrangements between the named plaintiffs and class counsel are relevant to the evaluation of the adequacy of the representation under Fed. R. Civ. P. 23. *See Radcliffe v. Experian Info. Sols. Inc.*, 715 F.3d 1157, 1164 (9th Cir. 2013) (conditional incentive awards that require class representatives to support the proposed settlement make them inadequate representatives of the absent class members); *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 959-60 (9th Cir. 2009) (finding that a fee agreement in which counsel promised to request class representative awards on a sliding scale based on the amount recovered disjoined the financial interests of the representatives from the class, creating a disincentive for going to trial in favor of settling at the top end of the scale, a disincentive for pursing non-monetary remedies, the appearance of "shopping plaintiffships," and the potential for ethical violations); *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("The presumptive lead plaintiff's choice of counsel and fee arrangements may be relevant in ensuring that the plaintiff is not receiving preferential treatment through some back-door financial arrangement with counsel, or proposing to employ a lawyer with a conflict of interest."). The existence of such preferential arrangements or other conflicts with absent class members are therefore legitimate targets of discovery.

Dkt. # 226 at 1-2. Mr. Manfredi's fee agreement with The Blankenship Law Firm, P.S., does not create an incentive to sell the class short as a means of bettering Mr. Manfredi's individual compensation. Defendant objects to a contract provision which, it argues, unduly pressures Mr. Manfredi to accept counsel's determination of whether a settlement offer is fair or reasonable. The provision reads:

> 9.     If a settlement offer is received which in the opinion of Attorneys is fair and reasonable, Client agrees to accept that offer or agrees to have the offer reviewed and approved by a third-party mediator to be selected by the Court presiding over the litigation. If Client refuses to agree to the fair and reasonable settlement offer

---

ethical obligations to his clients, the named plaintiffs, or to the class as a whole. Defendant offers no logical justification for a rule which would allow Mr. Blankenship to sue an absent class member, but would perceive an insurmountable conflict if Mr. Blankenship were to examine him or her.

ORDER DENYING DEFENDANT'S
MOTION TO DISQUALIFY - 8

> after review and approval by the appointed mediator, Attorneys may withdraw, after ten days notice, from the case and assert an attorney's lien for the fair value of all fees, costs, and expenses due Attorneys.

Dkt. # 269 at 17. For purposes of this argument, the Court assumes that paragraph 9 applies even after a class has been certified because counsel would still have to review a settlement offer with his clients, the named plaintiffs, before determining whether to accept it and present it to the Court for preliminary approval under paragraph 3. Nevertheless, the multi-step process for resolving a disagreement between counsel and his client regarding the pros and cons of a particular settlement offer does not create a preferential arrangement in favor of Mr. Manfredi or otherwise place absent class members at risk of disloyal representation. If, as defendant intimates, counsel has breached an ethical duty owed to Mr. Manfredi by including this dispute resolution provision, it would be up to Mr. Manfredi to champion his own cause: defendant lacks standing to challenge the fee agreements on any grounds other than adequacy of representation. *See Colyer v. Smith*, 50 F. Supp.2d 966, 968, 971 (C.D. Cal. 1999) (noting that standing is a threshold question when considering disqualification and finding that, absent a personal stake, a non-client litigant lacks standing to assert a conflict of interest).

    For all of the foregoing reasons, defendant's motion to disqualify (Dkt. # 268) is DENIED.

    Dated this 29th day of March, 2021.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S
MOTION TO DISQUALIFY - 9