1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7   KELLY BOLDING, MICHAEL
    MANFREDI, and SARAH WARD,
8   individually and on behalf of a class of all
    others similarly situated,

Cause No. C17-0601RSL

9                   Plaintiffs,

10          v.

ORDER GRANTING IN PART
DEFENDANT'S MOTION TO
COMPEL

11  BANNER BANK,

12                  Defendant.

13

14          This matter comes before the Court on "Defendant Banner Bank's Motion to Compel

15  [Production of] Communications and Privilege Log." Dkt. # 277. Defendant seeks to compel

16  supplemental responses to seven requests for production that were served on the three named

17  and the thirty opt-in plaintiffs. The requests generally seek communications between putative

18  class or potential collective members and the named plaintiffs and/or their counsel.

19

20          RFPs 31 and 32 were served first, and the parties worked together to narrow their scope

21  and resolve disputes regarding the privilege log. Each side made concessions. Defendant agreed

22  that plaintiffs need not produce communications with counsel and agreed to both subject matter

23  and temporal limitations. Plaintiffs agreed to provide a privilege log related to communications

24  with absent class members occurring prior to class certification and with putative members of

25

26  the collective occurring prior to the filing of an individual's opt-in notice. These concessions

27
28  ORDER GRANTING IN PART
    DEFENDANT'S MOTION TO COMPEL - 1

were consistent with governing law and reasonable attempts to move forward without court intervention.

Both sides have now repudiated their agreements, essentially negating the entire meet and confer process. Rather than deny the motion for failure to meet and confer in good faith, the Court adopts the parties' concessions and further finds as follows:

As written, RFPs 31 and 32 were grossly overbroad, sought irrelevant information, and invaded the attorney-client privilege and the work product doctrine. In the face of plaintiffs' meritorious objections, defendant compromised, three time assuring plaintiffs that it was seeking only "communications between the responding plaintiff and any other opt-in plaintiff or class member related to the subject matter of this lawsuit during the class period." Dkt. # 278-1 at 18. *See also* Dkt. # 278-1 at 25; Dkt. # 291 at 85. The three named plaintiffs and nine of the opt-in plaintiffs provided supplemental responses based on that compromise, reiterating their privilege objections and stating that he or she "has no other responsive documents or communications to produce." *See, e.g.*, Dkt. # 278-1 at 38-39 (supplemental responses of plaintiff Kelly Bolding). No further supplementation is necessary from these twelve individuals. The other twenty-one opt-in plaintiffs have not yet produced or denied the existence of communications with "any other opt-in plaintiff or class member related to the subject matter of this lawsuit during the class period." They will be required to supplement their responses to RFPs 31 and 32 (as narrowed by defendant).

On June 30, 2020, defendant served its fourth set of discovery requests on the named and opt-in plaintiffs. RFPs 50-52 seek communications between class counsel and putative class members regarding the Class Notice and the decision or choice to opt-out, including all

ORDER GRANTING IN PART
DEFENDANT'S MOTION TO COMPEL - 2

communications with any putative class member who opted out of the class. Dkt. # 278-1 at 67-69. RFPs 53-55 seek the same information regarding communications between the named plaintiffs and putative class members. Dkt. # 278-1 at 69-71. Plaintiffs objected based on the attorney-client privilege and the work product doctrine, but produced copies of the opt-out forms submitted in response to the Class Notice. Plaintiffs did not provide a privilege log related to these requests for production.

"Issues concerning application of the attorney-client privilege in the adjudication of federal law are governed by federal common law." *U.S. v. Ruehle*, 583 F.3d 600, 608 (9th Cir. 2009). The Ninth Circuit uses an eight-part test to determine whether a communication is privileged: "(1) When legal advice of any kind is sought (2) from a professional legal adviser in his or her capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are, at the client's instance, permanently protected (7) from disclosure by the client or by the legal adviser (8) unless the protection be waived." *U.S. v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002) (citing 8 Wigmore, Evidence § 2292, at 554 (McNaughton rev. 1961)). Washington views the privilege similarly. *See Dietz v. Doe*, 131 Wn.2d 835, 849 (1997) (adopting the same eight-factor test). "The burden is on the party asserting the privilege to establish all the elements of the privilege." *Martin*, 278 F.3d at 999-1000. *See also Dietz*, 131 Wn.2d at 851.

Whether the communications defendant seeks are privileged does not turn on whether they occurred before or after the class was certified or the individual had opted in. Communications from prospective clients with the aim of obtaining legal services are generally covered by the attorney-client privilege, even if the attorney is not ultimately retained.

ORDER GRANTING IN PART
DEFENDANT'S MOTION TO COMPEL - 3

There is nothing anomalous about applying the privilege to such preliminary consultations. Without it, people could not safely bring their problems to lawyers unless the lawyers had already been retained. The rationale for this rule is compelling, because no person could ever safely consult an attorney for the first time with a view to his employment if the privilege depended on the chance of whether the attorney after hearing his statement of the facts decided to accept the employment or decline it.

*Barton v. U.S. Dist. Ct. for Cent. Dist. of Cal*., 410 F.3d 1104, 1111-12 (9th Cir. 2005) (internal quotations omitted). Plaintiffs appropriately produced the opt-out forms submitted by putative class members who, far from seeking advice regarding the Class Notice or the opt-out decision, were simply communicating their rejection of counsel's offer of representation. Plaintiffs claim that all other communications are privileged, a not surprising contention given that inquiries from putative class members about the meaning of the Class Notice, their options going forward, and the impact of an opt-out decision would generally satisfy the eight-factor test for a privileged communication. Plaintiffs have not, however, produced a privilege log that would allow defendant to test their assertion.

For all of the foregoing reasons, defendant's motion to compel the production of communications (Dkt. # 277) is GRANTED in part. The twenty-one opt-in plaintiffs who have not yet produced or denied the existence of communications with "any other opt-in plaintiff or class member related to the subject matter of this lawsuit during the class period" shall supplement their responses to RFPs 31 and 32. Plaintiffs shall provide a privilege log for communications responsive to RFPs 31 (as narrowed), 32 (as narrowed), and 50-55 that occurred prior to the date the opt-in plaintiffs sent in their opt-in agreements or that occurred

ORDER GRANTING IN PART
DEFENDANT'S MOTION TO COMPEL - 4

1  prior to class certification. Plaintiffs shall supplement their discovery responses within twenty-

2  one days of the date of this Order.

3

4

        Dated this 19th day of April, 2021.

5

6                                    _MRt S Casnik_
                                     Robert S. Lasnik
7                                    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  ORDER GRANTING IN PART
    DEFENDANT'S MOTION TO COMPEL - 5