UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLY BOLDING, *et al.*,

            Plaintiff,

v.

BANNER BANK,

           Defendants.

Case No. C17-0601RSL

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO BIFURCATE

This matter comes before the Court on "Plaintiffs' Motion to Bifurcate Trial Into Liability and Damages." Dkt. # 298. The Court has broad discretion to bifurcate a trial "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). *See also Zikovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Where an initial determination of liability would promote clarity and judicial economy by deferring a costly and potentially unnecessary proceeding regarding damages, a district court is well within its discretion to bifurcate the trial. *Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 998 (9th Cir.), opinion amended on denial of reh'g, 272 F.3d 1289 (9th Cir. 2001).

Plaintiffs request that the trial of this matter be bifurcated into liability and damages phases. If the first jury, after hearing evidence regarding liability, returns a verdict in favor of any class, sub-class, or collective, plaintiffs would like an opportunity to provide notice of that verdict to absent members and to file additional damages-related motions. Plaintiffs also request that the Court postpone the determination of how individual damages will be adjudicated until after liability has been established.

ORDER GRANTING IN PART PLAINTIFFS'
MOTION TO BIFURCATE

There are over 200 individuals who are either class members, opt-ins, or both. The Court finds that a jury should determine whether Banner Bank discouraged mortgage loan officers from accurately reporting their hours before attempting to adjudicate the number of uncompensated hours each of them worked. Only if plaintiffs prevail on the liability issue will individualized damages need to be determined. As a general matter, therefore, bifurcation of the liability and damages determinations is reasonable and appropriate in this wage and hour case.

Where an individual plaintiff, class member, or collective member is called to testify in the liability phase, however, the Court finds that it would be more convenient and efficient to have that person testify regarding both liability and damages. It is anticipated that proof of liability will require some testimony from class/collective members regarding the policies and practices to which they were subjected and whether they actually worked off-the-clock as a result of those polices and practices. Those witnesses, having already been called into court and subjected to questioning, need not appear a second time to prove their individual damages. Plaintiffs will be required to move forward with all of their evidence regarding the number of unpaid hours the testifying class/collective members worked. With regards to the testifying class/collective members, the parties will have an opportunity to question the witnesses about their estimate of unpaid hours worked and the timesheets, emails, Outlook calendars, *etc.*, that are relevant to that issue. The jury will be asked to reach a verdict as to liability for all class/collective members and as to damages for the testifying class/collective members. The parties will then have the benefit of a jury's evaluation of the damages evidence presented and will be in a better position to accurately assess settlement opportunities and/or to proposed procedures to efficiently determine damages for the class/collective members who did not testify during the liability phase.

Plaintiffs' requests for (1) a second round of notices to the class and collective and (2) the reopening of the dispositive motion deadline are denied. Plaintiffs have not shown good cause for an extension of the case management deadlines. Absent some showing that updating the class

ORDER GRANTING IN PART PLAINTIFFS'
MOTION TO BIFURCATE                                    -2-

1  regarding the status of the case is required by the governing laws and procedures, the case will
2  move from the liability phase into the damages phase as soon as the Court's calendar allows.
3  The Court reserves ruling on the method by which individual damages will be adjudicated.

5       For all of the foregoing reasons, "Plaintiffs' Motion to Bifurcate Trial Into Liability and
6  Damages" (Dkt. # 298) is GRANTED in part and DENIED in part. The first phase of the trial
7  will adjudicate defendant's liability and the individual damages of all plaintiffs, class members,
8  and collective members who testify during that phase. The second phase of the trial, if necessary,
9  will resolve the individual damages of all other plaintiffs, class members, and collective
10 members. Plaintiffs' requests for additional notice and motions practice are DENIED.

12      Dated this 19th day of July, 2021.

*MRS Lasnik*

Robert S. Lasnik
United States District Judge