UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KELLY BOLDING, *et al.*, <br><br>                    Plaintiff, <br><br>     v. <br><br> BANNER BANK, <br><br>                    Defendants. | Case No. C17-0601RSL <br><br> ORDER DENYING MOTION FOR TERMINATING SANCTIONS |

This matter comes before the Court on "Defendant Banner Bank's Motion for Entry of Default Judgment Against Opt-in Plaintiffs Jonathan Brandt, Lisa Garrison, Tara Keenan, Kathleen Slocum, Anthony Lalonde, Kimberly Erchinger, John Ferry, and Eduard Gubarik for Failure to Comply with Discovery Order." Dkt. # 345. On April 19, 2021, the Court ordered twenty-one opt-in plaintiffs to supplement their responses to Requests for Production Nos. 31 and 32 by providing documents reflecting communications between the responding plaintiff and other potential class and/or collective members related to this lawsuit. The eight opt-in plaintiffs at whom this motion is targeted failed to supplement their responses within the time allowed. Defendant seeks dismissal of their claims as a sanction under Fed. R. Civ. P. 37.

Termination is a harsh sanction that is justified only by "willfulness, bad faith, and fault." *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003). "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994). If the failure was willful, the Ninth

ORDER DENYING MOTION FOR
TERMINATING SANCTIONS

Circuit then applies a five-factor test to determine whether case dispositive sanctions under Rule 37(b)(2) are warranted. The district court is to consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012).

Plaintiffs have not shown that the failure to supplement their responses to RFP Nos. 31 and 32 was outside their control. Nor do they dispute that the first two factors favor terminating sanctions as to the eight opt-in plaintiffs' Fair Labor Standards Act ("FLSA") claim.[1] They argue, however, that the last three factors weigh heavily against dismissal.

Banner argues that it has been prejudiced by the opt-in plaintiffs' failure to disclose communications with other opt-ins or class members because their conduct "interferes with the rightful decision of the case and prevents Banner from preparing this matter for trial." Dkt. # 345. This formulaic assertion of prejudice, *see Adriana Int'l Corp. v. Theoren*, 913 F.2d 1406, 1412 (9th Cir. 1990), is unpersuasive, and Banner makes no other attempt to show actual prejudice.[2] Instead it argues that the violation of a discovery order gives rise to a presumption of prejudice sufficient to justify terminating sanctions. While the Court has the discretion to find that a failure to comply with a discovery order gives rise to a presumption of prejudice, the presumption arises from the Court's inherent power to presume that a party withholds evidence in order to impact the rightful decision of the case. *See Sec. & Exch. Comm'n v. Seaboard Corp.*,

---

[1] Because the Court finds that terminating sanctions are not warranted, it need not determine whether a violation of discovery obligations that arose in the context of an FLSA claim would result in the dismissal of class claims that were not subject to individualized discovery.

[2] Seemingly in the alternative, Banner argues that without terminating sanctions, nothing will "prevent further misconduct and disregard of the Court's orders [or] prevent other class members from engaging in similar contemptuous behavior." Banner offers no case law that supports the use of terminating sanctions to deter future bad conduct.

666 F.2d 414, 417 (9th Cir. 1982). "[N]ot all disobedient conduct is of the same order." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1248 n.19 (9th Cir. 2006). Given the nature of the failure in this case, no just or reasonable presumption of prejudice arises. First, there is no indication that the eight opt-in plaintiffs have affirmatively refused to turn over damaging evidence. Counsel has simply lost contact with these individuals, suggesting a failure to prosecute rather than any sort of effort to interfere with the just adjudication of the case. Second, the two discovery requests at issue, as narrowed by the Court, are only marginally relevant to the claims or defenses presented. The requests do not directly seek information that would help prove or disprove the existence of a policy to discourage the reporting of compensable hours, the amount of off-the-clock work at issue, or defendant's knowledge of such work. Rather, Banner is hoping that documents memorializing communications between class and collective members include admissions that contradict plaintiffs' claims or prove its defenses. While this hope may have been sufficient to establish the relevance of the inquiry, it is too thin a reed on which to presume prejudice or to justify terminating sanctions. Where, as here, there was no affirmative choice to withhold documents and the discovery failure involves two narrow requests with limited relevance, the Court will not presume that the failure to produce will "impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l*, 913 F.2d at 1412.

    The fourth factor favors disposing of the eight opt-in plaintiffs' claims on their merits.

    The fifth factor focuses on "whether the district court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). The fifth factor favors dismissal. Lesser sanctions - such as a monetary award or the striking of evidence - will not provide defendant with the information it seeks. A second order compelling production would be redundant and ineffective: plaintiffs' counsel has already promised to supplement the responses if and when he makes contact with the

eight opt-ins. Although the Court has not explicitly warned the opt-in plaintiffs that their continuing refusal to supplement their responses to RFP Nos. 31 and 32 could result in the dismissal of their claims, the lack of a judicial warning does not preclude dismissal in the circumstances presented. The warning factor is more problematic

> when the dismissal is *sua sponte* rather than in response to a noticed motion. *See Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992). *Compare In re Eisen*, 31 F.3d at 1455, and *Morris [v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)] (rejecting a warning requirement in a case involving a noticed motion to dismiss), with *Oliva*, 958 F.2d at 274 (reversing a dismissal because the court *sua sponte* dismissed a case without considering alternative sanctions or giving a warning), and *Hamilton v. Neptune Orient Lines, Ltd.*, 811 F.2d 498, 500 (9th Cir. 1987) (reversing a district court's *sua sponte* dismissal of a case because it failed to warn prior to dismissal).

*In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d at 1229. Defendant filed this motion for dismissal more than six weeks ago. The motion put (or should have put) plaintiffs on notice that their conduct violated the Court's order and that dismissal was the requested sanction. Nevertheless, despite counsel's acknowledgment that supplementation is necessary, they have not come forward to fulfill their discovery obligations. The record strongly suggests that the eight opt-ins are either unaware of the motion or no longer want to pursue their claims. The lack of an express judicial warning that defendant's motion could be granted would not have altered their conduct.

Thus, the first, second, and fifth factors favor dismissal and the third and fourth factors favor adjudication on the merits. Ultimately, the five-factor balancing test "amounts to a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything, and not a script for making what the district judge does appeal-proof." *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). "In deciding whether to impose case-dispositive sanctions, the most critical factor is not merely delay or docket

management concerns, but truth." *Conn. Gen. Life*, 482 F.3d at 1096. Only if the discovery violations undermine the integrity of judicial proceedings or threaten to interfere with the rightful decision of the case is dismissal the appropriate sanction. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006); *Valley Eng'rs*., 158 F.3d at 1057. Absent presumed or actual prejudice arising from the failure to comply with the Court's order and in light of the public policy in favor of deciding disputes on their merits, the Court finds that terminating sanctions are not warranted.

For all of the foregoing reasons, defendant's motion for entry of judgment against opt-in plaintiffs Jonathan Brandt, Lisa Garrison, Tara Keenan, Kathleen Slocum, Anthony Lalonde, Kimberly Erchinger, John Ferry, and Eduard Gubarik (Dkt. # 345) is DENIED.

Dated this 13th day of September, 2021.

Robert S. Lasnik
United States District Judge