1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLY BOLDING, MICHAEL MANFREDI, and SARAH WARD, individually and on behalf of a class of all others similarly situated,

Plaintiffs,

v.

BANNER BANK, a Washington Corporation,

Defendant.

No. 2:17-cv-00601-RSL

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiff has filed a Motion for an Order Preliminarily Approving Class Action Settlement ("Motion"). Having reviewed the Motion and supporting materials, the Court determines and orders as follows:

A.      Counsel have advised the Court that the Parties have agreed, subject to final approval by this Court following notice to the proposed settlement class and a hearing, to settle this Action on the terms and conditions set forth in the Settlement Agreement and Release of Claims, Dkt. # 377-1 (the "Agreement").

B.      The Court has reviewed the Agreement, as well as the files, records, and proceedings to date in this matter. The terms of the Agreement are hereby incorporated as though fully set forth in this Order. Capitalized terms shall have the meanings attributed to them in the Agreement.

C.      Based upon preliminary examination, it appears to the Court that the Agreement is sufficiently fair, reasonable, and adequate to warrant notice to the proposed Settlement Class; that the proposed Settlement Class should be certified for settlement purposes only; and that the

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 1

1  Court should hold a hearing after notice to the Settlement Class to determine whether to enter a

2  Settlement Order and Final Judgment in this action, based upon that Agreement.

3         Based upon the foregoing, the Court finds and concludes as follows:

4         1.      ***Preliminary Approval of Proposed Settlement***.  The Agreement, including all

5  exhibits to it, is preliminarily approved as fair, reasonable and adequate.  The Court finds that

6  (a) the Agreement resulted from extensive arm's-length negotiations, with participation of an

7  experienced mediator, and (b) the Agreement is sufficient to warrant notice thereof to the

8  Settlement Class and the Settlement Hearing described below.

9         2.      ***Class Certification for Settlement Purposes Only***.

10        Pursuant to Federal Rule of Civil Procedure ("FRCP") 23(b)(3), the Court, for settlement

11  purposes only, conditionally certifies the following Settlement Class:

12            (a)      All current and former Mortgage Loan Officers, Real Estate

13  Commissioned Loan Officers, and/or Residential Lenders (collectively, "MLOs") who were

14  employed by Banner Bank or its predecessor, AmericanWest Bank, in Washington State at any

15  time from April 17, 2014, to the date an order preliminarily approving the settlement is entered

16  ("Settlement Date").

17            (b)      All current and former MLOs who were employed by Banner Bank or its

18  predecessor, AmericanWest Bank, in Oregon at any time from April 17, 2011, to the Settlement

19  Date.

20            (c)      All current and former MLOs who were employed by Banner Bank or its

21  predecessor, AmericanWest Bank, in California at any time from April 17, 2013, to the

22  Settlement Date.

23            (d)      The Settlement Class also includes Lisa Garrison, whose Settlement Class

24  Period is April 17, 2014 to the last date of employment, but shall not include any persons who

25  timely and validly request exclusion from the Settlement Class or those who opted out of the class

26  in response to the original Notice of Lawsuit and Right to Participate (Dkt. 223-1).

27

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 2

In connection with the certification, the Court makes the following preliminary findings regarding the Settlement Class:

A. The Settlement Class satisfies FRCP 23(a)(1) because the Settlement Class appears to be so numerous that joinder of all members is impracticable.

B. The Settlement Class satisfies FRCP 23(a)(2) because there appear to be questions of law or fact common to them.

C. The Settlement Class satisfies FRCP 23(a)(3) because the claims of the Named Plaintiffs named in the caption appear to be typical of the claims being resolved through the proposed settlement.

D. The Settlement Class satisfies FRCP 23(a)(4) because the Named Plaintiffs appear to be capable of fairly and adequately protecting the interests of the above- described Settlement Class in connection with the proposed settlement and because counsel representing the Settlement Class are qualified, competent, and capable of prosecuting this action on behalf of the Settlement Class.

E. The Settlement Class satisfies FRCP 23(b)(3) because, for purposes of settlement approval and administration, common questions of law and fact appear to predominate over questions affecting only individual Settlement Class Members and because settlement with the above-described Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Class.  The Class appears to be sufficiently cohesive to warrant settlement by representation.

3.      ***Named Plaintiffs.***  For settlement purposes only, the Court hereby appoints Named Plaintiffs as the representatives of the Settlement Class pursuant to FRCP 23, and finds that, for settlement purposes only, they have and will fairly and adequately protect the interests of the Settlement Class.

4.      ***Class Counsel***.  For settlement purposes only, the Court appoints Class Counsel, Scott Blankenship and The Blankenship Law Firm, PLLC, as Class Counsel for the Settlement Class.  For purposes of these settlement approval proceedings, the Court finds that Class Counsel

1   is competent and capable of exercising their responsibilities as Class Counsel for this Settlement

2   Class.  This finding is consistent with this Court's previous orders certifying the collective and

3   class actions (Dkts. 33 & 135).

4          5.      *Settlement Administrator*.  The Court appoints Rust Consulting as the Settlement

5   Administrator, which shall fulfill the Settlement Administration functions, duties, and

6   responsibilities of the Settlement Administrator as set forth in the Agreement and this Order.

7          6.      *Settlement Hearing*.  A final approval hearing (the "Settlement Hearing") shall be

8   held before this Court on February 22, 2024, at 11:00 a.m, as set forth in the Class Notice

9   (described in Paragraph 7 below), to determine whether the Agreement is fair, reasonable, and

10  adequate and should be given final approval.  Papers in support of final approval of the

11  Agreement and the applications for the Class Counsel Fee Payment and Litigation Expense

12  Payment and for Class Representative Service Awards shall be filed with the Court according to

13  the schedule set forth in Paragraphs 12 and 13, below.  The Court may postpone, adjourn, or

14  continue the Settlement Hearing without further notice to the Settlement Class.  After the

15  Settlement Hearing, the Court may enter a Settlement Order and Final Judgment in accordance

16  with the Agreement (the "Final Judgment"), which will adjudicate the rights of the Settlement

17  Class Members with respect to the claims being settled.

18         7.      *Notice of Settlement Form*.  The Court approves the form and content of the

19  notice substantially in the form attached as Exhibit A to the Agreement.  The Parties and the

20  Settlement Administrator shall comply with the notice requirements of Section 4.03 of the

21  Agreement.  In compliance with that Section, beginning no later than thirty (30) days after entry

22  of this Order, the Settlement Administrator shall cause notice to be delivered in the manner set

23  forth in the Agreement to all Settlement Class Members who can be identified with reasonable

24  effort, launch the Settlement Website, and provide all notice and administration services as set

25  forth in the Agreement.

26

27

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 4

8.     ***Filing of CAFA Notice.***  Before the Settlement Hearing, Defendant shall file with the Court information regarding its compliance with the notice provisions of the Class Acton Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

9.     ***Findings Concerning Class Notice***.  The Court finds that the Class Notice and the manner of its dissemination described in Paragraph 7 above and Paragraph 4.03 of the Agreement constitutes the best practicable notice under the circumstances, including individual notice to all Settlement Class Members who can be identified through reasonable effort, and is reasonably calculated, under all the circumstances, to apprise those Settlement Class Members who did not opt-out in response to the original Notice of Lawsuit and Right to Participate (Dkt. 223-1) of the pendency of this action, the terms of the Agreement, and their right to object to or exclude themselves from the Settlement Class.  The Court finds that the notice is reasonable; that it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and that it meets the requirements of due process, FRCP 23, and any other applicable laws.

10.     ***Exclusion from Settlement Class***.  Each class member who opted out in response to the original Notice of Lawsuit and Right to Participate (Dkt. 223-1) and each Settlement Class member who wishes to exclude themselves from the Settlement Class and follows the procedures set forth in this Paragraph shall be excluded.  Any potential member of the Settlement Class may mail a written request for exclusion, as specified in the Class Notice, to the Settlement Administrator at the address set forth in the Class Notice.  All such written requests must be postmarked or received by the Settlement Administrator within forty-five (45) days after the Settlement Administrator's original mailing of the notices.  A request to be excluded that does not include all of the information outlined in the Class Notice, or that is sent to an address other than that designated in the Class Notice, or that is not postmarked within the time specified, shall be invalid, and the individual who submitted such a request shall be a member of the Settlement Class and shall be bound as a Settlement Class Member by this Agreement unless otherwise ordered by the Court.  All persons who properly request exclusion from the Settlement Class shall not be Settlement Class Members and shall have no rights with respect to, nor be bound by, the

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 5

Agreement should it be finally approved.  The names of all such excluded individuals shall be attached as an exhibit to any Final Approval Order.

11.      ***Claims Procedures***.  The Court approves the claims procedures set forth in the Agreement.  The Court approves the form and content of the Claim Verification Form substantially in the form attached as Exhibit D to the Agreement.  To be valid, the Settlement Class member must fully complete, sign, and date the Claim Verification Form and return it such that it is postmarked or received by the Settlement Administrator within forty-five (45) days after the original mailing of the Class Notice.  Any Claim Form submitted in any other manner shall be invalid unless otherwise ordered by the Court.

12.      ***Objections and Appearances***.

(a)      ***Written Objections***.  Any Settlement Class Member who has not timely submitted a written request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may object to the fairness, reasonableness, or adequacy of the Agreement, or the Fee and Cost Application.  Any Settlement Class member who wishes to object to the Settlement must file with the Court and deliver to Class Counsel and Defendant's Counsel a written objection on or before the Objection/Exclusion/Claim Verification Form Deadline.  The written objection, which the objector must personally sign, must include: (1) the objector's full name, address, and telephone number; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; and (4) a statement indicating whether the objector intends to appear at the Fairness Hearing (either personally or through counsel who files an appearance with the Court in accordance with the applicable rules).  Any objection not timely made in this manner shall be waived and forever barred unless otherwise ordered by the Court.

(b)      ***Appearance at Settlement Hearing***.  Any objecting Settlement Class member who wishes to address the Court at the Settlement Hearing must indicate his or her intent to do so in writing to the Court, Class Counsel, and Defendant's Counsel at the same time that the Settlement Class member submits the objection and must identify any witnesses and documents

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 6

that he or she intends to use or submit at the Settlement Hearing.  Any Settlement Class member who does not timely deliver a written objection and notice of intention to appear in accordance with the requirements of this Order may not be permitted to object or make an appearance at the Settlement Hearing.

(c)      ***Fees and Cost Application***.  Class Counsel shall file their application for the Fee Payment and Litigation Expense Reimbursement, together with all supporting documentation, by no later than thirty (30) days after entry of this Order, sufficiently in advance of the expiration of the objection period so that any Settlement Class Member will have sufficient information to decide whether to object and, if applicable, to make an informed objection.

(d)      ***Motion for Final Approval and Responses to Objections***.  Plaintiffs shall file with the Court their motion for final approval of the Settlement and any responses to objections to the Agreement or the Class Counsel Fee Payment, Class Counsel Litigation Expense Payment, or Class Representative Service Awards, together with all supporting documentation, within twenty-one (21) days after the deadline for filing and serving objections.

13.      ***Effect of Failure to Approve the Agreement***.  In the event the Court does not finally approve the Agreement, or for any reason the Parties fail to obtain a Final Judgment as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

(a)      All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, and shall not be used or referred to for any purposes whatsoever by any of the Named Plaintiffs or Settlement Class Members in this or any other proceeding;

(b)      The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the case shall return to its status as it existed before entry of this Order;

(c)      Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendant or Plaintiffs on any point of fact or law; and

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 7

(d)      Nothing in this Order or pertaining to the Agreement shall be used as evidence in any further proceeding in this case.

14.      ***Discretion of Counsel***.  Counsel are hereby authorized to take all reasonable steps in connection with approval and administration of the Settlement not materially inconsistent with this Order or the Agreement, including, without further approval of the Court, making minor changes to the content of the Class Notice that they jointly deem reasonable or necessary.

15.      ***Stay of Proceedings Pending Approval of the Settlement***.  All proceedings before the Court are stayed pending final approval of the settlement, except as may be necessary to implement the settlement or comply with the terms of the Agreement.

16.      ***Injunction Against Asserting Released Claims Pending Settlement Approval***. Pending final determination of whether the settlement should be approved, Named Plaintiffs, all Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Settlement Class Released Parties or Named Plaintiffs Released Parties any action or proceeding in any court or tribunal asserting any of the claims released via the Agreement; provided, however, that this injunction shall not apply to individual claims of any Settlement Class Members who timely exclude themselves in a manner that complies with this Order or who timely excluded themselves in response to the original Notice of Lawsuit and Right to Participate (Dkt. 223-1).  This injunction is necessary to protect and effectuate the settlement, this Order, and the Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

17.      ***Reservation of Rights and Retention of Jurisdiction***.  The Court reserves the right to adjourn or continue the date of the Settlement Hearing without further notice to Settlement Class Members and retains jurisdiction to consider all further applications arising out of or connected with the settlement.  The Court may approve or modify the settlement without further notice to Settlement Class Members.

1

**IT IS SO ORDERED**.

2

3        Dated this 4th day of October, 2023.

4

5                                    _____
                                    Robert S. Lasnik
6                                    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 9