UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLY BOLDING, *et al.*,

               Plaintiffs,

     v.

BANNER BANK,

              Defendant.

CASE NO. 2:17-cv-00601-RSL

ORDER GRANTING CLASS COUNSELS' MOTION FOR ATTORNEY'S FEES, COSTS, AND CLASS REPRESENTATIVE INCENTIVE AWARDS

     This matter comes before the Court on "Plaintiffs' Motion for Attorney's Fees and Costs and Class Representative Service Awards." Dkt. # 382. Having reviewed the submissions of the parties and heard the arguments of counsel, the Court finds as follows:

**(1) Attorney's Fees**

     The parties agreed to settle the above-captioned lawsuit for a maximum payment of $15,000,000, inclusive of all fees, costs, and disbursements to class members. Class counsel has requested an attorney's fee award of 33% of that amount, or $5,000,000. A 33% award (which corresponds with a 1.399 lodestar multiplier) is appropriate in this case.

     This Circuit permits two methods of calculating attorneys' fee awards in class actions: (1) the "lodestar" method and (2) the "percentage-of-recovery" method. Under the lodestar method, the court multiplies the number of hours the prevailing party reasonably spent on litigation by a reasonable hourly rate to determine a presumptively reasonable fee award. The court may then

> adjust the award by an appropriate positive or negative multiplier reflecting the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment. Benefit to the class is the foremost consideration. This method is especially appropriate in class actions where the relief sought—and obtained—is primarily injunctive.
>
> The percentage-of-recovery approach may be used where the defendants provide monetary compensation to the plaintiffs and class benefit is easy to quantify. Under this method, the court simply awards the attorneys a percentage of the fund sufficient to provide class counsel with a reasonable fee.

*Kim*, 8 F.4th at 1180–81 (internal quotation marks, citations, and alterations omitted). The lodestar calculation results in a presumptively reasonable award of $3,572,529.25 in this case. Class counsel requests, and the Court approves, a multiplier of 1.399. The representation of the class was dogged, skilled, unwavering, strategic, and thorough throughout seven years of hard-fought litigation. Each class member stands to recover thousands, if not tens of thousands, in unpaid overtime wages, and the litigation prompted 2017 changes in defendant's practices and procedures that improved the chances that class member work would be recorded and compensated. The case involved a Fair Labor Standards Act collective action and a Rule 23 class action, class members in multiple states, merging corporate entities, spoliation issues, significant discovery disputes, the bifurcation of the liability and damages issues, and an open question regarding the calculation and proof of damages. Counsel fronted all of the costs and thousands of hours to develop the class claims and bring this case to a settlement, all with the very real risk of

ORDER GRANTING CLASS COUNSELS' MOTION FOR
ATTORNEY'S FEES, COSTS, AND CLASS
REPRESENTATIVE INCENTIVE AWARDS - 2

failure and/or a damage award that could not justify the recovery of the fees incurred. The settlement itself was hard-fought, with no evidence of collusion and a consistent regard for the best interests of the class. The requested multiplier of 1.399 is modest in light of the work done, the risks overcome, and the relevant case law.

Under the percentage-of-recovery approach, an award above the Ninth Circuit benchmark of 25% is similarly warranted by the circumstances of the case. In the face of defendant's vigorous opposition to certification, attempts to disqualify counsel and a class representative, and spoliation of evidence that was relevant to both liability and damages, class counsel achieved an exceptional result for the class, including payments for 5-10 hours of overtime for the weeks each class member worked during the limitations period. This result was not pre-ordained. Counsel had to overcome the significant holes in the evidence regarding hours worked and to present a viable class theory of liability and damages, all while fronting millions of dollars in fees and costs and declining other work in the interim. In addition, the litigation generated benefits to the class that are not captured in the cash settlement the members will receive. Finally, the retainer agreements between counsel and the named plaintiffs promising to pay counsel 40% of any recovery and the lodestar cross-check show that a 33% fee is standard and reasonable for this type of contingency case.

Having found that a 33% recovery and a 1.399 lodestar multiplier are appropriate in the circumstances presented here, the Court must address defendant's suggestion that the $15,000,000 settlement is actually worth less than that to the class, warranting a fee award

ORDER GRANTING CLASS COUNSELS' MOTION FOR
ATTORNEY'S FEES, COSTS, AND CLASS
REPRESENTATIVE INCENTIVE AWARDS - 3

of something less than $5,000,000. As described by the parties, some portion of the settlement fund will be automatically distributed to class members under categories named "FLSA share" and "Non-FLSA Pre-Net Share." Another portion, called the "Non-FLSA Post-Net Share" will be disbursed only if the class members affirmatively verify that they worked unpaid hours after defendant altered its policies and practices to encourage accurate reporting. The amounts available in each of these three categories varies inversely with the amount of the attorney's fee award: the more of the settlement fund that goes to fees, the less there is to be distributed under the "FLSA share," Non-FLSA Pre-Net Share," and "Non-FLSA Post-Net Share" categories.

      The Ninth Circuit recently clarified that when evaluating the reasonableness of an attorney's fee award, the Court "must consider the actual or realistically anticipated benefit to the class – not the maximum or hypothetical amount – in assessing the value of a class action settlement." *Lowery v. Rhapsody Int'l, Inc.*, 75 F.4th 985, 992 (9th Cir. 2023). *See also Kim v. Allison*, 8 F.4th 1170, 1181 (9th Cir. 2021)). In *Lowery*, the parties negotiated a settlement under which Rhapsody promised to pay up to $20 million to the class on a claims-made basis. At the time, the parties were aware that an industry group had already reached a settlement with copyright owners regarding the same copyright claims at issue, "effectively decimating" the class Lowery was attempting to represent. *Id*. at 989. "In the end, Rhapsody paid only $52,841.05 to satisfy class members' claims." *Id*. at 990. The Ninth Circuit reversed a fee award of $1.7 million finding that it was unreasonable given the limited benefits obtained by the class.

In this case, there is no indication that there was any known or suspected obstacle to class members' participation in the settlement, and the amount of money paid out to the class exceeds that going to class counsel under any of the scenarios discussed by the parties. Class counsel has made extraordinary efforts to ensure that eligible class members were aware of and participated in the claims process, going so far as to email and/or text all of them and speaking to most of the members on the phone. Ultimately, 83.5% of the claim-required fund has been claimed, and the other two funds will be distributed automatically. If, as defendant posits and plaintiffs appear willing to accept, a $5,000,000 fee award results in a potential for claims-based payouts in the amount of $5,554,070, an 83.5% disbursement would leave $916.421.55 of the "Non-FLSA Post-Net Share" in the kitty. If the Court were to assume that this amount does not benefit the class, it might, in its discretion, calculate the attorney's fee award on a reduced common fund of $14,083,578.40. But these numbers are all based on a $5 million fee award. Changing that number at the end of the process either erodes the anticipated benefits to the class by reducing the total amount paid by defendant or creates a calculation loop where a reduction in the fee award from $5 million to $4,647,581 results in an increase in the potential "Non-FLSA Post-Net Share" (*see* Dkt. # 386 at 9-10). The dollar amount representing 83.5% of that newly-calculated share would then increase,[1] which would require an increase in the fee award to maintain the 33% rate, followed by further adjustments to the potential

---

[1] The amount available to be paid to class members increases on a dollar-for-dollar basis as the amount paid in attorney's fees decreases (and vice versa).

ORDER GRANTING CLASS COUNSELS' MOTION FOR
ATTORNEY'S FEES, COSTS, AND CLASS
REPRESENTATIVE INCENTIVE AWARDS - 5

claims-based share, the actual payments, and the fee award. The adjustments would eventually become vanishingly small, but the entire exercise is unnecessary and unhelpful.

The parties negotiated a common settlement fund out of which both the class members and their counsel will be paid. The reasonably anticipated benefit of the settlement includes payment for the legal services that were required to create the settlement fund, thereby releasing class members from any equitable (or contractual) duty to pay for those services. Where, unlike in *Lowery*, there are no extraordinary obstacles to class participation, there was no reason to suspect that the maximum settlement fund value was artificially inflated, the vast majority (over 93%) of the settlement fund will, in fact, be distributed, and the resulting fee award is reasonable under both the lodestar and percentage-recovery approaches, further adjustment to the fee award is not warranted.

The Court finds that an attorney's fee award of $5,000,000 is justified in this case.

**(2) Litigation Expenses**

Class counsel has incurred, and the Court hereby awards, $303,084.08 in reasonably litigation expenses.

**(3) Service Awards**

The class representatives have played an integral part in both the development of the class claims and providing proof thereof. In a tightly-knit and competitive industry, they were willing to call out their employer for creating a culture in which work went uncompensated, not only risking their ability to find employment, but having to fend off discovery aimed at their current employers. The Court finds that an award of $20,000 each will provide compensation to the class representatives for the years of service provided and

the reputational risk they undertook without undermining the adequacy of their representation.

For all of the foregoing reasons, plaintiffs' motion for an award of $5,000,000 in attorney's fees, $303,084.08 in litigation expenses, and $20,000 for each of the three class representatives is GRANTED.

Dated this 23rd day of February, 2024.

*[signature]*
Robert S. Lasnik
United States District Judge